Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiff DAVID J. LEE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE, an individual and, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC., Virginia corporations, DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: C-07-4599 - MHP<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO LOCAL RULE 7-11 |

Plaintiffs David J. Lee and Daniel R. Lloyd hereby provide notice, pursuant to Local Rule 3-12 of the United States District Court for the Northern District of California, of possibly related cases. The cases are:

1. <u>Lee v. Capital One Bank</u>, et al., Case No. C 07-4599 - MHP (filed 9/5/07);

2. <u>Lee v. Chase Manhattan Bank</u>, et al., Case No. C 07-4732 MJJ (filed 9/14/07).

These actions do not, at least technically, meet all of the requirements for related case set forth in Local Rule 3-12(1) in that, for instance, a variance of issues exists and there is no common party-defendant. However, some facially common shared issues and proofs doe exist concerning whether the card agreement and arbitration provision imposed by each Defendant on its respective card holders contain unconscionable, illegal, and unfair terms and conditions (including, albeit in varying terms and language, class action waivers, consolidation waivers, injunction waivers, and payment of costs of arbitration divisions).[1] If the respective terms of each agreement and/or arbitration provision are unconscionable, the common issue becomes

---

[1] Plaintiffs have filed a third action: <u>Lee v. American Express Travel Related Services, Inc.</u>, C 07-4765 EDL, filed 9/17/07. That case raises matters that were not raised in the <u>Capital One</u> or <u>Chase</u> lawsuits and is not related to the other two lawsuits under Local Rule 3-12. While American Express does raise some of the same issues concerning unconscionability and violation of the UCL and/or CLRA, numerous matters that pertain to American Express alone (and the proofs of which are unrelated to matters involved in the other lawsuits) exist that differentiate it from the other two actions: <u>i.e.</u>, while the challenges in <u>Capital One</u> and <u>Chase</u> involve only credit cards, the primary emphasis in <u>American Express</u> is on the agreements and provisions relating to charge cards (to which no credit element exists and which must be paid in full monthly) and to Gift and Dining cards which, according to American Express, are not, respectively, "a charge card, a credit card, or a debit card." Additionally, the terms of the American Express agreement are, in great part, different and distinct from those used by Capital One and Chase: <u>e.g.</u>, no issue exists concerning the term relating to payment for the arbitration while new issues arise concerning the arbitration provision's amenability to judicial review and unconscionability). Further, the facts relating to the misrepresentations made to Plaintiff Lee by American Express, for instance, are markedly different than those arising in the other actions since, among other things, they were made personally to him upon his personal inquiry as to the conscionability and legality of the arbitration provision prior to his purchase of his American Express Green "charge" card, Dining Card, and Gift Card, respectively.

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**  1
**Plaintiff's Administrative Motion To Consider Whether**
**Cases Should Be Related, Pursuant To Local Rule 7-11**

whether the respective defendant's actions violate the California Unfair Competition Law ("UCL")(Cal. Bus. & Prof. Code §§ 17200 et seq.) and the California Consumer Legal Remedies Act ("CLRA")(Cal. Civil Code §§ 1750 et seq.), respectively, and whether there was fraud in the inducement relative to the card agreement as a whole.

In other words, due to factual and issue similarities shared by the Capital One and Chase lawsuits, these two actions may meet the requirements of Local Rule 13-2(b)(2) in that consideration of those two matters by different judges might well involve "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted between different Judges."[2]  However, in so stating, Plaintiffs believe that the two actions are not so related as to warrant application of Local Rule 3-12 and transfer of the actions to one Judge for decision.

Dated: September 27, 2007                                  Respectfully submitted,



Matthew S. Hale
Attorney for Plaintiffs

---

[2]  This requirement is not met with regard to American Express. Including that action within the "related case" mix so that reassignment would be made from Magistrate Judge Laporte to another judge poses a real threat of actually adding an undue burdensomeness and confusion (particularly due to the differences between American Express charge/gift/dining cards and credit cards) to the transferee Judge in deciding American Express in addition to Chase and Capital One.

David J. Lee, et al. v. Capital One Bank, Inc. et al.,    2
Plaintiff's Administrative Motion To Consider Whether
Cases Should Be Related, Pursuant To Local Rule 7-11