Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiff DAVID J. LEE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE, an individual and, on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC., Virginia corporations, DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: C-07-4599 - MHP <br><br> PRACECIPE <br><br> ERRATA TO PARAGRAPH 42 OF PLAINTIFFS' COMPLAINT |

1

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**
**Pracecipe**

1  Plaintiffs hereby submit an Errata to their Complaint, filed on September 5, 2007.

3  Delete pages 18-20 and substitute pages 18-20(a) appended hereto.

Dated: October 20, 2007                                          Respectfully submitted,

*[signature]*

Matthew S. Hale
Attorney for Plaintiff

<u>David J. Lee, et al. v. Capital One Bank, Inc. et al.,</u>
**Pracecipe**

39. The harm to Plaintiff's interest, as well as of the interests of similarly situated persons, arising from the inability to enforce the arbitration provision in order to arbitrate the fraud and consumer statute claims (relating only to the agreement and not the arbitration provision) due to its/their unenforceability/unconscionability/illegality, is actual or imminent.

40. Plaintiff is advised and believes, and thereon alleges, that in view of the recent Ninth Circuit opinion in <u>Shroyer v. New Cingular Wireless Services, Inc.</u>, 2007 U.S.App.LEXIS 19560 (9th Cir. 2007), and in <u>Nagrampa v. Mailcoups, Inc.</u>, <u>supra</u>, that no argument can made or legal position presented that the Capital One arbitration agreement is conscionable and enforceable, and resultantly, that fraud claim is arbitrable due to the absence of a legal and enforceable arbitration provision in the Capital One customer agreement.

41. Plaintiff is advised and believes, and thereon alleges, that it has been, is and will continue to be the practice of Capital One to uniformly advise its card holders, directly or by implication, that the card holder agreements are conscionable and legal, and governed by the laws of the State of Virginia.

### C. <u>The Capital One Customer Agreements</u>

42. The 2007 version of the amended and standardized contractual agreement (which is presently used and been subjected to prior amendments during the years in which Plaintiff has held the card)) entered into between Plaintiff Lee (and similarly situated persons he seeks to represent) and Capital One relating is an Arbitration Agreement, in pertinent part, provides

> "IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY OTHER COLLECTIVE ORRPERESENTATIVE PROCEEDING. ECXCEPT AS SET FORTH BELOW, THE ARBITRATOR;S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, INCLUDING THE RIGHT TO CONDUCT DISOCERY OR TO APPEAL, MAY BE LIMITED OR

UNABIALABLE IN ARBITRATION.  THE FEES ASSOCIATED WITH ARBITRATION MAY BE HIGHER THAN THE FEES ASSOCIATED WITH COURT PROCEEDINGS.

'Claim" means any claim or controversy or dispute of any kind or nature between you and us.

A.   This definition includes, without limitation, any Claim that in any way arises from or relates to

● the Agreement and any of its terms (including any prior agreements between you and us or between you and any other entity from which we acquired your account)

● this Arbitration Provision (including whether any Claim is subject to arbitration) …

● any transactions or attempted transactions involving your account …

● any goods or services charged to your account …

● any other matters relating to your account or your relationship with us.

B.   This definition also includes, without limitation, any Claim

● regardless of how or when it is brought (for example, as an initial claim counterclaim, cross-claim, interpeading or third-party claim)

● based on any theory or relief or damages (including money damages and any form of specific performance or injunctive, declaratory or other equitable relief)

● based on any theory of law or equity (involving contract, tort, fraud, constitution, statute, regulation, ordinance or wrongful acts or omissions of any type, whether negligent, reckless or intentional)

● made by you or by anyone connected with you …

● for which we may be directly or indirectly liable under any theory, including respondeat superior or agency (even if we are not properly named at the time the Claim is made

● now in existence or that may arise in the future, regardless of when facts and circumstances that give rise to the Claim occurred or when the Claim accrued

19

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**
**Complaint**

● made as part of a class action, private attorney general action, or other representative or collective action which claim shall proceed on an individual basis as set forth more fully in this Arbitration Provision.

**Arbitration Administrators.**  One of the following arbitration administrators ("Administrator" or, collectively, "Administrators") will administer the arbitration: JAMS … American Arbitration Ass'n … National Arbitration Forum.

**Procedures and Law Applicable in Arbitration.**  This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by and enforceable under the Federal Arbitration Act (the "FAA"). Questions about whether any Claim is subject to arbitration shall be resolved by interpreting this Arbitration Provision in the broadest way it may be enforced, consistent with the FAA and the terms of this Arbitration Provision.  The arbitrator will apply substantive law consistent with the FAA and applicable statutes of limitations, but the validity and enforcement of any class action waiver is a question for a court of competent jurisdiction, not an arbitrator, to decide. … The rules and procedures of the Administrator, which you may obtain from the Administrator, shall govern the arbitration unless they conflict with this Arbitration Provision, in which case this Arbitration Provision will apply. …

**Costs.**  The party initiating arbitration will pay the initial filing fee.  You may seek a waiver of the initial filing fee or any of the Administrator's other fees (collectively, "Administrator's Fees") under any applicable  rule of the Administrator.  If you seek, but do not qualify for a waiver, we will consider any written request by you for us to pay or reimburse you for all or part of the Administrator's Fees.  We will also pay or reimburse you for all or part of the Administrator's Fees if the arbitrator determines there is good reason for us to do so.  We ill pay any fees and costs we are required to pay by law.  Otherwise, and except as provided in this Agreement, you and we will bear all of our respective fees and costs (including the Administrator's Fees and the fees and costs relating to attorneys, experts and witnesses), regardless of who prevails.  Allocation of fees and costs relating to appeals will be handled in the same manner.

**No Consolidation or Joinder of Parties.**  The arbitration of any Claim must proceed in an individual basis, even if the Claim has been asserted in a court as a class action, private attorney general action or other representative or collective action.  Unless all parties consent, neither you nor we may join, consolidate or otherwise bring Claims related to two or more accounts, individuals or accountholders in the same arbitration.  Also, unless all parties consent, neither you nor we may pursue a class action, private attorney general action or other representative or collective action in arbitration, nor may you or we pursue such actions in Court if any party has elected arbitration.  You will not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim as to which arbitration has been elected. ….

20

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**
**Complaint**

> **Miscellaneous, Waiver, Severability, Survival.** If you or we do not elect arbitration or otherwise enforce this Arbitration Provision in connection with any particular Claim, you or we will not waive any rights to require arbitration in connection with that or any other Claim. This Arbitration Provision shall survive: (i) suspension, termination, revocation, closure or change of this Agreement, your account and you relationship with us; (ii) the bankruptcy or insolvency of any party; and (iii) any transfer of your account, or any amounts owed ton your account to any person or entity. If any apportion of this Arbitration Provision is deemed invalid or unenforceable, the remaining portions of this Arbitration Provision shall nevertheless remain valid and in force. In the event of a conflict or inconsistency between this Arbitration Provision and the other provisions of this Agreement or any prior agreement, this Arbitration Provision shall govern."

Exhibit 9.

43.    The relevant provisions of the cardmember agreement (excepting the arbitration provision) include:

> "We may add to, remove, amend, or change any part or provision of this Agreement including the annual percentage rate(s) on any charges (including adding new provisions of the same or a different nature as the existing provisions in this Agreement) at any time. "

> "You waive the right to receive notice of any waiver or delay or presentment, demand, protest or dishonor and any right you may have to require us to proceed against another party before proceeding against you. You also waive, to the extent permitted by applicable law, any statute of limitations defense for an additional period of time equal to the applicable limitations period."

> "This Agreement is to be construed in accordance with and governed by the laws of the United States of American and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights

///

///

///

20

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**
**Complaint**

>**Miscellaneous, Waiver, Severability, Survival.**  If you or we do not elect arbitration or otherwise enforce this Arbitration Provision in connection with any particular Claim, you or we will not waive any rights to require arbitration in connection with that or any other Claim.  This Arbitration Provision shall survive: (i) suspension, termination, revocation, closure or change of this Agreement, your account and you relationship with us; (ii) the bankruptcy or insolvency of any party; and (iii) any transfer of your account, or any amounts owed ton your account to any person or entity.  If any apportion of this Arbitration Provision is deemed invalid or unenforceable, the remaining portions of this Arbitration Provision shall nevertheless remain valid and in force.  In the event of a conflict or inconsistency between this Arbitration Provision and the other provisions of this Agreement or any prior agreement, this Arbitration Provision shall govern."

Exhibit 9.

43.     The relevant provisions of the cardmember agreement (excepting the arbitration provision) include:

>"We may add to, remove, amend, or change any part or provision of this Agreement including the annual percentage rate(s) on any charges (including adding new provisions of the same or a different nature as the existing provisions in this Agreement) at any time. "

>"You waive the right to receive notice of any waiver or delay or presentment, demand, protest or dishonor and any right you may have to require us to proceed against another party before proceeding against you.  You also waive, to the extent permitted by applicable law, any statute of limitations defense for an additional period of time equal to the applicable limitations period."

>"This Agreement is to be construed in accordance with and governed by the laws of the United States of American and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights

///

///

///

20(a)

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**
**Complaint**