JAMES F. McCABE (CA SBN 104686)
JMcCabe@mofo.com
JAMES R. McGUIRE (CA SBN 189275)
JMcGuire@mofo.com
MELISSA A. JONES (CA SBN 205576)
MJones@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415-268-7000
Facsimile: 415-268-7522

Attorneys for Defendants
CAPITAL ONE BANK and
CAPITAL ONE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID J. LEE, an individual and, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC., Virginia corporations, DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C07-4599 MHP<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. R. CIV. P. 26(F) DISCOVERY PLAN**<br><br>Hon. Judge Marilyn Hall Patel<br>Complaint filed: Sept. 5, 2007 |

The parties, individual and proposed class representative Plaintiff David J. Lee and the Defendants Capital One Bank and Capital One Services, Inc. hereby jointly submit this Case Management Conference Statement for the Case Management Conference to be conducted in this matter on December 10, 2007 at 4:00 p.m.

**I. JURISDICTION AND SERVICE:**

All parties have been served.

Plaintiff contends that the basis for the Court's subject matter jurisdiction is diversity of citizenship and federal question jurisdiction. Defendants contend that plaintiff lacks Article III standing to maintain this action and that the Court therefore lacks subject matter jurisdiction.

**II. STATEMENT OF FACTS:**

**A. Plaintiff's Statement**

1. Plaintiff David Lee obtained and received a Capital One No Hassle Miles Ultra – For Professionals Card from Defendants in March 2007.

2. At the time he made application for that credit card he was advised that he and Capital One were each entitled to mandatory arbitration of claims arising under and involving that credit card.

3. Plaintiff David Lee, following his receipt of his Capital One credit card paid Defendants the annual fee for that card: $39.00. At the time he paid the annual fee for his Capital One credit card Plaintiff David Lee paid for the right to demand mandatory arbitration of any claim he had against Capital One for any goods or services he received from the use of his credit card.

4. At the time Plaintiff David Lee physically received his Capital one credit card he also received a customer agreement from Capital One.

5. The customer agreement provided, in part, that

> "We [Capital One] may add to, remove, amend, or change any part or provision of this Agreement including the annual percentage rate(s) on any charges (including adding new provisions of the same or a different nature as the existing provisions in this Agreement) at any time. "

> "You waive the right to receive notice of any waiver or delay or presentment, demand, protest or dishonor and any right you may have to

require us to proceed against another party before proceeding against you. You also waive, to the extent permitted by applicable law, any statute of limitations defense for an additional period of time equal to the applicable limitations period."

"This Agreement is to be construed in accordance with and governed by the laws of the United States of American and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties. … If a court decides not to enforce a part of this Agreement, this Agreement will then read as if the unenforceable or invalid part were not there, but the remaining parts will remain in effect."

6. The customer agreement also contained an arbitration agreement that stated, in part:

"IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY OTHER COLLECTIVE ORRPERESENTATIVE PROCEEDING. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, INCLUDING THE RIGHT TO CONDUCT DISOCERY OR TO APPEAL, MAY BE LIMITED OR UNABIALABLE IN ARBITRATION. THE FEES ASSOCIATED WITH ARBITRATION MAY BE HIGHER THAN THE FEES ASSOCIATED WITH COURT PROCEEDINGS.

'Claim" means any claim or controversy or dispute of any kind or nature between you and us.

A. This definition includes, without limitation, any Claim that in any way arises from or relates to

- the Agreement and any of its terms (including any prior agreements between you and us or between you and any other entity from which we acquired your account)
- this Arbitration Provision (including whether any Claim is subject to arbitration) …

B. This definition also includes, without limitation, any Claim

- … based on any theory or relief or damages (including money damages and any form of specific performance or injunctive, declaratory or other equitable relief)
- based on any theory of law or equity (involving contract, tort, fraud, constitution, statute, regulation, ordinance or wrongful acts or omissions of any type, whether negligent, reckless or intentional)
- made by you or by anyone connected with you …

● for which we may be directly or indirectly liable under any theory, including respondeat superior or agency (even if we are not properly named at the time the Claim is made

● now in existence or that may arise in the future, regardless of when facts and circumstances that give rise to the Claim occurred or when the Claim accrued

● made as part of a class action, private attorney general action, or other representative or collective action which claim shall proceed on an individual basis as set forth more fully in this Arbitration Provision.

**Arbitration Administrators.** One of the following arbitration administrators ("Administrator" or, collectively, "Administrators") will administer the arbitration: JAMS … American Arbitration Ass'n … National Arbitration Forum.

**Procedures and Law Applicable in Arbitration.** This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by and enforceable under the Federal Arbitration Act (the "FAA"). Questions about whether any Claim is subject to arbitration shall be resolved by interpreting this Arbitration Provision in the broadest way it may be enforced, consistent with the FAA and the terms of this Arbitration Provision. The arbitrator will apply substantive law consistent with the FAA and applicable statutes of limitations, but the validity and enforcement of any class action waiver is a question for a court of competent jurisdiction, not an arbitrator, to decide. … The rules and procedures of the Administrator, which you may obtain from the Administrator, shall govern the arbitration unless they conflict with this Arbitration Provision, in which case this Arbitration Provision will apply. …

**No Consolidation or Joinder of Parties.** The arbitration of any Claim must proceed in an individual basis, even if the Claim has been asserted in a court as a class action, private attorney general action or other representative or collective action. Unless all parties consent, neither you nor we may join, consolidate or otherwise bring Claims related to two or more accounts, individuals or accountholders in the same arbitration. Also, unless all parties consent, neither you nor we may pursue a class action, private attorney general action or other representative or collective action in arbitration, nor may you or we pursue such actions in Court if any party has elected arbitration. You will not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim as to which arbitration has been elected. ….

**Miscellaneous, Waiver, Severability, Survival.** If you or we do not elect arbitration or otherwise enforce this Arbitration Provision in connection with any particular Claim, you or we will not waive any rights to require arbitration in connection with that or any other Claim. This Arbitration Provision shall survive: (i) suspension, termination, revocation, closure or change of this Agreement, your account and you relationship with us; (ii) the bankruptcy or insolvency of any party; and (iii) any transfer of your account, or any amounts owed ton your account to any person or entity. If any portion of this Arbitration Provision is deemed invalid or unenforceable, the remaining portions of this Arbitration

Provision shall nevertheless remain valid and in force. In the event of a conflict or inconsistency between this Arbitration Provision and the other provisions of this Agreement or any prior agreement, this Arbitration Provision shall govern."

**B. Defendants' Statement:**

Plaintiff holds a credit card issued by Capital One Bank. The agreement governing the parties' agreement contains a provision permitting either party to elect to resolve disputes through individual arbitration. Plaintiff does not have, and does not appear ever to have had, any kind of dispute with Capital One Bank, but makes a "facial" challenge to the mere presence of the arbitration provision.

Capital One Services, Inc. does not issue credit cards or set the policies at issue in the complaint. The agreements at issue are with Capital One Bank, not Capital One Services, Inc. Capital One Services, Inc. is thus not a proper party to this suit.

**III. LEGAL ISSUES:**

**A. Plaintiff's Statement:**

1. Whether the arbitration agreement is unconscionable, unenforceable, and illegal pursuant to California law as well as precedents of the Ninth Circuit Court of Appeal.

2. Whether the arbitration agreement is unconscionable pursuant to Cal. Civil Code § 1670.5.

3. Whether the arbitration agreement's term concerning payment for an arbitration violates Cal. Code of Civil Procedure § 1281.4.

4. Whether the arbitration agreement, due to its unconscionability and violation of Civ. Code § 1670.5 violates California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

5. Whether the arbitration agreement, due to its violation of Code of Civ. Proc. § 1281.4 violates the UCL.

6. Whether the arbitration agreement is unfair and thereby violates the UCL.

7. Whether the arbitration provision violates California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 et seq, and particularly § 1770(a)(19) which makes it an

unlawful act to insert an unconscionable term in a contract.

8. Whether the arbitration provision, due to its violation of Civ. Code § 1770(a)(19), violates the UCL.

9. Whether the customer agreement is unconscionable, unenforceable, and illegal pursuant to California law as well as precedents of the Ninth Circuit Court of Appeal.

10. Whether the customer agreement is unconscionable pursuant to Cal. Civil Code § 1670.5.

11. Whether the customer agreement, due to its unconscionability and violation of Civ. Code § 1670.5 violates California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

12. Whether the customer agreement is unfair and thereby violates the UCL.

13. Whether the customer agreement violates California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 et seq, and particularly § 1770(a)(19) which makes it an unlawful act to insert an unconscionable term in a contract.

14. Whether the customer agreement, due to its violation of Civ. Code § 1770(a)(19), violates the UCL.

15. Whether Defendants committed fraud against Defendant by making misrepresentations to Plaintiff and similarly situated persons that the terms contained in the Capital One card customer agreement and the customer agreement itself were conscionable, legal, and enforceable, and that the controlling law pertaining to those cards was Delaware law, which representations were relied upon by Plaintiff and, as a result, he paid the annual fee for the card.

**B. Defendants' Statement:**

1. Whether plaintiff has Article III standing to maintain this action.

2. Whether plaintiff has stated a claim under the CLRA.

3. Whether plaintiff has stated a claim under the UCL.

4. Whether plaintiff has satisfied the pleading requirements under Rule 9 to state a claim for common law fraud and deceit.

5. Whether plaintiff can assert a declaratory relief action given his failure to allege an actual case or controversy.

6. Whether plaintiff can state a claim against Capital One Services, Inc. where the agreements at issue relate to Capital One Bank.

**IV. MOTIONS:**

Plaintiff intends to file Motions regarding: class certification, summary judgment or partial summary judgment, motions to compel discovery (responses to pending discovery), and motion for leave to file additional interrogatories. Plaintiffs will oppose all motions listed below by Defendants. Subject to the Court's permission, Plaintiff will file a motion for class certification and partial summary judgment concurrent with the Defendants' filing of their motion to dismiss since all such matters involve only questions of law.

Defendants intend to file a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Fed. R. Civ. Proc. Rule 12(b)(1) and 12(c). Defendants anticipate filing this motion the court day of the case management conference (December 10, 2007). If defendants' motion to dismiss is unsuccessful, defendants anticipate that they will file discovery motions and a motion for summary judgment. Defendants oppose Plaintiff's proposal to file a motion for class certification concurrent with defendants' motion to dismiss because it would be premature to raise class certification issues before, among other things, defendants have had any opportunity to engage in discovery concerning the ability of the named plaintiff to serve as the class representative.

**V. AMENDMENT OF PLEADINGS:**

The parties do not anticipate any amendments of pleadings at this time.

**VI. EVIDENCE PRESERVATION:**

Plaintiff will preserve all documents, in paper or electronic form, related to the subject matter of this case (all such documents are currently exhibits to the Complaint, in any event).

Defendants have directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter of this case. Defendants will also preserve any e-mails containing key words associated with issues in this case.

**VII. DISCLOSURES:**

**A. Plaintiff's Statement:**

All disclosures are made in the Complaint, including the identity of all documents and factual matters.

**B. Defendants' Statement:**

Pursuant to Federal Rules of Civil Procedure 26(a)(1), defendants objected during the parties' conference to making initial disclosures at this time. Defendants believe that initial disclosures are premature and inefficient until such time as plaintiff's complaint survives a motion to dismiss.

**VIII. DISCOVERY:**

Plaintiff's Discovery: Plaintiffs served the following discovery on November 16, 2007: First Set of Interrogatories to Defendant Capital One Services, Inc.; First Set of Interrogatories to Defendant Capital One Bank; First Set of Requests for Admission to Defendant Capital One Services, Inc.; First Set of Requests for Admission to Defendant Capital One Bank; First Request for Production of Documents to Defendant Capital One Services, Inc.; and First Request for Production of Documents to Defendant Capital One Bank. Plaintiffs do not agree to any limitations or modifications of the discovery rules set forth in the Federal Rules of Civil Procedure and will oppose any effort by Defendant concerning bifurcation or delays in discovery.

Defendants' Discovery: Defendants have not yet taken any discovery. Defendants anticipate taking discovery concerning the ability of the named plaintiff to serve as the class representative, the alleged injuries suffered by the named plaintiff, and named plaintiff's communications with defendants. Defendants do not agree to any limitations or modifications of the discovery rules set forth in the Federal Rules of Civil Procedure. Defendants propose that discovery be phased as described in defendants' proposed case schedule, below. Further, defendants request that discovery be stayed pending resolution of defendants' motion to dismiss for lack of subject matter jurisdiction.

**IX. CLASS ACTIONS:**

Plaintiff and Defendants propose that a hearing on class certification be held on or before

May 29, 2008.

**X. RELATED CASES:**

Plaintiff David Lee has filed similar actions in this Court: *Lee v. Chase Manhattan Bank USA, N.A.*, Case No. C-07 4732 MJJ (filed September 14, 2007) and *Lee v. American Express Travel Related Services, Inc.*, Case No. C-07 4765 EDL (filed September 17, 2007). However, these cases were deemed "not related" by the Court.

**XI. RELIEF:**

**A. Plaintiff's Statement:**

The UCL causes of action do not seek damages since none are statutorily authorized. The only damages sought under the CLRA and fraud causes of action are punitive damages which, at present, are not now calculable or otherwise ascertainable.

**B. Defendants' Statement:**

Plaintiff is not entitled to damages relating to its CLRA or UCL claims. If liability is found on the deceit claim, damages should be limited to those actually suffered by persons who can demonstrate that they relied upon alleged representations of defendants. To prevail on the deceit claim, plaintiff must prove reliance and actual harm.

**XII. SETTLEMENT AND ADR:**

The parties believe that settlement/ADR discussions are premature at this stage of the litigation. They will conduct an ADR teleconference as required by the Local Rules.

**XIII. CONSENT TO MAGISTRATE:**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**XIV. OTHER REFERENCES:**

None.

**XV. NARROWING OF ISSUES:**

The parties anticipate that resolution of anticipated motions may narrow the issues for determination.

**XVI. EXPEDITED SCHEDULE:**

The parties do not believe that an expedited schedule is necessary.

**XVII. SCHEDULING:**

**A. Plaintiff's Proposal:**

Plaintiff believes that discovery should go forward in the presence of any pending motion and that bifurcation is not needed in that the issues involved in this action are almost exclusively questions of law (now that Defendants have finally admitted that Plaintiff holds a Capital One credit card and that at least one of the Defendants issued it to him, and that the quoted sections above are contained in the credit card's customer agreement issued with the card). Plaintiff proposes the following discovery and motions deadlines:

| | |
|---|---|
| Close of Fact Discovery | March 1, 2008 |
| Last Day For Hearing on Dispositive Motions | May 1, 2008 |
| Expert Reports | June 2, 2008 |
| Rebuttal Expert Reports | July 2, 2008 |
| Close of Expert Discovery | August 2, 2008 |
| Final Pre-Trial Conference | August 15, 2008 |
| Trial | September 3, 2008 |

**B. Defendants' Proposal:**

Discovery should be stayed until the Court resolves Defendants' motion to dismiss for lack of subject matter jurisdiction. Alternatively, discovery should be bifurcated into (1) discovery regarding class certification and individual merits, and (2) discovery regarding the merits of the claim made by a class, if certified.

Defendants propose the following discovery and motions deadlines:

| | |
|---|---|
| Close of Fact Discovery | November 26, 2008 |
| Last Day For Hearing on Dispositive Motions | January 8, 2009 |
| Expert Reports | January 9, 2009 |
| Rebuttal Expert Reports | February 13, 2009 |
| Close of Expert Discovery | March 27, 2009 |
| Final Pre-Trial Conference | April 27, 2009 |
| Trial | May 18, 2009 |

**XVIII. TRIAL:**

**A. Plaintiff's Statement:**

Plaintiff anticipates that he can be ready for trial by September 2008. The estimated time for trial is 2-4 days with or without class.

**B. Defendants' Statement:**

The defendants anticipate that the action can be ready for trial by May 2009.

Estimated length of trial if a class is certified: 5-10 days.

Estimated length of trial if no class is certified: 2 days.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**A. Plaintiff's Disclosure:**

None exist.

**B. Defendants' Disclosure:**

Defendants previously filed a Certification of Interested Entities or Persons, which stated: "the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Capital One Financial Corporation, which is the parent corporation to both Defendants Capital One Bank and Capital One Services, Inc."

Dated: December 3, 2007

/s/ Matthew S. Hale
Matthew S. Hale

Attorney for Plaintiff DAVID J. LEE

Dated: December 3, 2007

MORRISON & FOERSTER LLP

By: /s/ Melissa A. Jones
Melissa A. Jones

Attorneys for Defendants
CAPITAL ONE BANK and
CAPITAL ONE SERVICES, INC.