1   JAMES F. McCABE (CA SBN 104686)
    JMcCabe@mofo.com
2   JAMES R. McGUIRE (CA SBN 189275)
    JMcGuire@mofo.com
3   MELISSA A. JONES (CA SBN 205576)
    MJones@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415-268-7000
6   Facsimile: 415-268-7522

7   Attorneys for Defendants
    CAPITAL ONE BANK and
8   CAPITAL ONE SERVICES, INC.

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  DAVID J. LEE, an individual, and on behalf     Case No.  C07-4599 MHP
    of others similarly situated,
14                                                 **CLASS ACTION**
                        Plaintiff,
15                                                 **DEFENDANTS' NOTICE OF MOTION
           v.                                      AND MOTION TO DISMISS FOR LACK
16                                                 OF SUBJECT MATTER JURISDICTION
                                                   OR, IN THE ALTERNATIVE, FOR
17  CAPITAL ONE BANK and CAPITAL                   JUDGMENT ON THE PLEADINGS;
    ONE SERVICES, INC., Virginia                   MEMORANDUM OF POINTS AND
18  corporations, DOES 1 through 100,              AUTHORITIES IN SUPPORT THEREOF**
    inclusive,
19                                                 Date:     January 14, 2008
                        Defendants.                Time:     2:00 p.m.
20                                                 Place:    Courtroom 15
                                                   Hon. Marilyn Hall Patel
21
                                                   Complaint filed: Sept. 5, 2007
22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

Page

3  TABLE OF AUTHORITIES..................................................................................ii

4  NOTICE OF MOTION AND MOTION TO DISMISS ..........................................vii

5  MEMORANDUM OF POINTS & AUTHORITIES ................................................ 1

6  INTRODUCTION.............................................................................................. 1

7  STATEMENT OF ISSUES TO BE DECIDED...................................................... 2

8  RELEVANT BACKGROUND............................................................................. 3

9  LEGAL STANDARD ........................................................................................ 4

10  I.      PLAINTIFF LACKS ARTICLE III STANDING........................................ 5

11  II.     COLLATERAL ESTOPPEL BARS PLAINTIFF'S COMPLAINT AGAINST
                DEFENDANTS ..................................................................................... 7

12
13  III.    PLAINTIFF'S UCL CLAIMS FAIL AS A MATTER OF LAW................. 8

14          A.      Proposition 64 Imposed A Standing Requirement on the UCL. ....... 9

15          B.      The "Lost Money and Property" Requirement is Consistent
                        with the Use of that Phrase in Other Sections of the UCL. ............. 9

16          C.      Plaintiff Cannot Meet the "Lost Money or Property"
17                      Requirement. ................................................................................ 11

18  IV.     PLAINTIFF'S CLRA CLAIMS ALSO FAIL AS A MATTER OF LAW.............. 12

19          A.      Plaintiff's CLRA Claims Fail Because the CLRA Does Not
                        Apply to Credit Card Agreements.................................................. 12

20          B.      Plaintiff Has Failed to Alleged Damages Sufficient to State a
                        Claim for a Violation of the CLRA............................................... 13

21
22  V.      PLAINTIFF'S FRAUD AND DECEIT CLAIM (COUNT IX) FAILS TO STATE
                A CLAIM. .......................................................................................... 14

23  VI.     WITHOUT THE OTHER CLAIMS, PLAINTIFF HAS NO BASIS FOR
24              DECLARATORY RELIEF...................................................................... 16

25  VII.    PLAINTIFF HAS NOT STATED A CLAIM AGAINST CAPITAL ONE
                SERVICES, INC. ................................................................................. 18

26  CONCLUSION ................................................................................................ 18

27

28

1

2

# <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

**CASES**

4

*389 Orange St. Partners v. Arnold,*
179 F.3d 656 (9th Cir. 1999) ................................................................. 14

*A.E. Maynes v. Angeles Mesa Land Co.,*
10 Cal. 2d 587 (1938) .......................................................................... 15

*Aetna Life Ins. Co. v. Haworth,*
300 U.S. 227 (1937) ............................................................................. 16

*Allison v. Sec. Benefit Life Ins. Co.,*
980 F.2d 1213 (8th Cir. 1992) .............................................................. 15

*Aydin Corp. v. Union of India,*
940 F.2d 527 (9th Cir. 1991) ............................................................... 16

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1988) ................................................................. 4

*Barbera v. WMC Mortgage Corp.,*
No. CGC-01-322066, slip op. (S.F. Super. Ct. June 1, 2005) ............... 12

*Berry v. Am. Express Publ'g, Inc.,*
54 Cal. Rptr. 3d 91 (Ct. App. 2007) ............................................. 1, 2, 12

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,*
402 U.S. 313 (1971) ............................................................................... 7

*Bowen v. First Family Fin. Servs.,*
233 F.3d 1331 (11th Cir. 2000) ......................................................... 5, 17

*Buckland v. Threshold Enters., Ltd.,*
66 Cal. Rptr. 3d 543 (Ct. App. 2007) ................................................... 11

*Cal. Auto. Assigned Risk Plan v. Garamendi,*
286 Cal. Rptr. 257 (Ct. App. 1991) ...................................................... 10

*Cal. Chamber of Commerce v. Simpson,*
601 F. Supp. 104 (C.D. Cal. 1985) ......................................................... 8

*Californians for Disability Rights v. Mervyn's LLC,*
39 Cal. 4th 223 (2006) ........................................................................... 9

*Carmen v. S.F. Unified Sch. Dist.*,
    982 F. Supp. 1396 (N.D. Cal. 1997).................................................................4, 5

*Chavez v. Blue Sky Natural Beverage Co.*,
    503 F. Supp. 2d 1370 (N.D. Cal. 2007)................................................................11

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ............................................................................................16

*Civ. Serv. Employees Ins. Co. v. Super. Ct.*,
    22 Cal. 3d 362 (1978)........................................................................................12

*Clinton v. Acequia, Inc.*,
    94 F.3d 568 (9th Cir. 1996) .................................................................................6

*Cooper v. Prime Image, Inc.*,
    No. 97-21050 SW, 1999 U.S. Dist. LEXIS 14898
    (N.D. Cal. May 14, 1999) ....................................................................................8

*Cortez v. Purolator Air Filtration Prods. Co.*,
    23 Cal. 4th 163 (2000)......................................................................................10

*Cutler v. Hayes*,
    818 F.2d 879 (D.C. Cir. 1987) .............................................................................8

*Daviton v. Columbia/HCA Healthcare Corp.*,
    241 F.3d 1131 (9th Cir. 2001) (en banc) ..............................................................5

*Day v. AT&T Corp.*,
    63 Cal. App. 4th 325 (1998) ..............................................................................10

*Falkowski v. Imation Corp.*,
    309 F.3d 1123 (9th Cir. 2002) ...........................................................................15

*Fremont Indem. Co. v. Cal. Nat'l Physician's Ins. Co.*,
    954 F. Supp. 1399 (C.D. Cal. 1997)....................................................................17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ............................................................................................5

*Headwaters, Inc. v. Bureau of Land Mgmt.*,
    893 F.2d 1012 (9th Cir. 1989) ...........................................................................16

*Hillblom v. United States*,
    896 F.2d 426 (9th Cir. 1990) .............................................................................16

*Ill. ex rel. Barra v. Archer Daniels Midland Co.*,
    704 F.2d 935 (7th Cir. 1983) .............................................................................16

*In re Century
21-RE/MAX* ................................................................................................ 5

*In re Late Fee & Over-Limit Fee Litig.,*
No. C 07-0634 SBA, 2007 U.S. Dist. LEXIS 86408
(N.D. Cal. Nov. 16, 2007) ....................................................................... 12

*Iron Arrow Honor Soc'y v. Heckler,*
464 U.S. 67 (1983) ................................................................................. 16

*Keenan v. D.H. Blair & Co.,*
838 F. Supp. 82 (S.D.N.Y. 1993) ........................................................... 14

*Kokkonen v. Guardian Life Ins. Co.,*
511 U.S. 375 (1994) ................................................................................. 4

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) .......................................................................... 10

*Kourtis v. Cameron,*
419 F.3d 989 (9th Cir. 2005) ..................................................................... 7

*Lee v. Am. Express Travel Related Servs.,*
No. C 07-04765 CRB, slip. op (N.D. Cal. Dec. 6, 2007) ........................... 7

*Lesperance v. N. Am. Aviation, Inc.,*
31 Cal. Rptr. 873 (Ct. App. 1963) ......................................................... 15

*Lowman v. MBNA Am. Bank, N.A.,*
No. CV 05-7501 ER, slip op. (C.D. Cal. Feb. 17, 2006) ......................... 12

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) ................................................................................. 5

*McManus v. Am. Express Tax & Bus. Servs., Inc.,*
67 F. Supp. 2d 1083 (D. Ariz. 1999) ...................................................... 15

*Md. Cas. Co. v. Pac. Coal & Oil Co.,*
312 U.S. 270 (1941) ............................................................................... 16

*Moran v. Peralta Comm. Coll. Dist.,*
825 F. Supp. 891 (N.D. Cal. 1993) ........................................................... 4

*Parklane Hosiery Co. v. Shore,*
439 U.S. 322 (1979) ................................................................................. 7

*People v. Weidert,*
39 Cal. 3d 836 (1985) ............................................................................. 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) ........................................................................................... 4

*Posern v. Prudential Sec., Inc.*,
  No. C-03-0507 SC, 2004 WL 771399 (N.D. Cal. Feb. 18, 2004) ............................................ 6

*RE/MAX Int'l, Inc. v. Equity Max Realty, Inc.*,
  No. 06CV1345 WQH(ABJ), 2007 U.S. Dist. LEXIS 24713
  (S.D. Cal. Apr. 3, 2007) ................................................................................................ 7

*Real Estate Advert. Claims Litig. v. RE/MAX S. County*,
  882 F. Supp. 915 (C.D. Cal. 1994) ................................................................................. 5

*Ruckelshaus v. Monsanto Co.*,
  467 U.S. 986 (1984) .................................................................................................... 5

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) .................................................................................... 13

*Shie v. Am. Ex. Centurion Bank*,
  No. BC 345823, slip op. (L.A. Super. Ct. July 28, 2006) ................................................. 13

*United States v. Hays*,
  515 U.S. 737 (1995) ..................................................................................................... 6

*Utility Consumers' Action Network v. Capital One Servs., Inc.*,
  JCC No. 4191 (S.F. Super. Ct. Aug. 7, 2003) ................................................................. 12

*Van Slyke v. Capital One Bank*,
  No. C-07-00671 WHA, 503 F. Supp. 2d 1353 (N.D. Cal. 2007) ......................................... 12

*Ventura County Humane Soc'y v. Holloway*,
  115 Cal. Rptr. 464 (Ct. App. 1974) ............................................................................. 13

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................... 14

*W. Radio Servs. Co. v. Espy*,
  No. 94-6323-HO, 1996 U.S. Dist. LEXIS 22901 (D. Or. Feb. 2, 1996) ............................... 8

*Walker v. USAA Cas. Ins. Co.*,
  474 F. Supp. 2d 1168 (E.D. Cal. Feb. 12, 2007) ...................................................... 10, 11

*Walton v. Mead*,
  No. C 03-4921 CRB, 2004 WL 2415037 (N.D. Cal. Oct. 28, 2004) ................................... 14

*Warth v. Seldin*,
  422 U.S. 490 (1975) ................................................................................................ 5, 6

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) .................................................................................. 4

*Wilens v. TD Waterhouse Group, Inc.*,
15 Cal. Rptr. 3d 271 (Ct. App. 2003) ....................................................................... 13

*Wolfe v. Strankman*,
392 F.3d 358 (9th Cir. 2004) ................................................................................... 4

<h2 style="text-align:center">STATUTES</h2>

28 U.S.C.
§ 2201(a) ................................................................................................................... 16

Fed. R. Civ. P.
9 .................................................................................................................................. 3
9(b) ....................................................................................................................... 14, 15
12(b)(1) ....................................................................................................................
12(b)(6) .................................................................................................................. 4, 11
12(c) ........................................................................................................................ 4, 5

Cal. Bus. & Prof. Code
§ 17200 ....................................................................................................................... 8
§ 17200 *et seq.* ......................................................................................................... 1
§ 17203 ....................................................................................................................... 9
§ 17204 .................................................................................................................... 8, 9

Cal. Civ. Code
§ 1750 *et seq.* .......................................................................................................... 1
§ 1770 ....................................................................................................................... 11

Assemb. B. No. 292, 1970 Reg. Sess. (Cal. Jan. 21, 1970) ......................................... 12

Assemb. B. No. 292, 1970 Reg. Sess. (Cal. Jan. 21, 1970) (as amended Aug. 7, 1970) ............. 12

Prop. 64
§ 2 ............................................................................................................................... 9

<h2 style="text-align:center">OTHER AUTHORITIES</h2>

William L. Stern, *Bus. & Prof. C. § 17200 Practice* § 10:23 (The Rutter Guide 2007) ............... 12

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3     PLEASE TAKE NOTICE that, on January 14, 2008, at 2:00 p.m., or as soon thereafter as

4   counsel may be heard by the above-entitled Court, in Courtroom 15, located at 450 Golden Gate

5   Avenue, San Francisco, California 94102, the defendants CAPITAL ONE BANK and CAPITAL

6   ONE SERVICES, INC. (collectively, "defendants") will and hereby do move the Court pursuant to

7   Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure for an order dismissing all claims

8   alleged in the complaint without leave to amend, on the following alternative grounds: (1) as to all

9   Causes of Action, plaintiff fails to allege any concrete, measurable harm that he has suffered as a

10  result of the credit cards and arbitration agreements alleged, and thus plaintiff lacks standing to

11  bring this action; further, the complaint is barred by the doctrine of collateral estoppel; (2) as to the

12  Unfair Competition Law Causes of Action (Counts I, II, III, IV, VI, IX, X), plaintiff's claims fail

13  because he has not alleged "lost money or property" sufficient to state a UCL claim; (3) as to the

14  California Consumers Legal Remedies Act ("CLRA") Causes of Action (Counts V, VIII),

15  plaintiff's claims fail because the CLRA applies only to unfair practices in the sale and lease of

16  goods and services, *not* the extension of credit; (4) as to plaintiff's Fraud and Deceit Cause of

17  Action (Count VII), plaintiff's claim fails because it is not pleaded with particularity; (5) as to

18  plaintiff's Declaratory Relief Cause of Action (Count XI), plaintiff's claim fails as a matter of law

19  because plaintiff has not alleged an actual case or controversy; and (6) as to all Causes of Action

20  against Defendant Capital One Services, Inc., plaintiff's claims fail because the agreements at issue

21  involve Capital One Bank, not Capital One Services, Inc.

22

23

24

25

26

27

28

1    This motion is based on this Notice of Motion and Motion, the accompanying

2  Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and the

3  exhibits thereto, the pleadings and papers on file herein, and such other matters as may be presented

4  to the Court at or in connection with the hearing of this matter.

5  Dated: December 10, 2007                    MORRISON & FOERSTER LLP

6

7

8                                              By: _____/s/ James R. McGuire_____
                                                        James R. McGuire

9                                              Attorneys for Defendants
                                               CAPITAL ONE BANK and
10                                             CAPITAL ONE SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

Plaintiff's David Lee's complaint is an utter contrivance that should never have been filed and should—as Judge Breyer recently concluded in a materially identical suit brought by the same counsel and same plaintiff—be promptly dismissed for lack of standing. Plaintiff and defendants simply have no "dispute" that warrants invoking this Court's jurisdiction.

Plaintiff appears to have obtained a Capital One Bank credit card solely for the purpose of enabling his lawyer to file this suit. He obtained his card in March 2007. Immediately after obtaining the card, he sent a letter to Capital One Bank—obviously ghost-written by an attorney— demanding that it remove from its Cardmember Agreement the arbitration provision of which he complains here. When Capital One Bank refused to accede to his demands, he filed this suit (along with two others), represented by a lawyer who has been litigating the identical theory in California State Court for the past several years. *See Berry v. Am. Express Publ'g, Inc.*, 54 Cal. Rptr. 3d 91, 92 (Ct. App. 2007).

Against this background, Mr. Lee's complaint unsurprisingly contains no indication that he and Capital One Bank have a "dispute" of any kind. Plaintiff does not allege that the arbitration provision was hidden or concealed by defendants or that he was tricked into applying for a credit card from Capital One Bank. Nor could he: as plaintiff admits in his complaint, the terms and conditions of the account were plainly disclosed in advance of his application. Moreover, as a matter of federal law, plaintiff could have cancelled the card upon learning of the provision without any obligation. Instead, plaintiff kept the credit card, used it, and shortly thereafter filed this action to challenge the arbitration provision—even though neither party has ever sought to enforce the arbitration provision and plaintiff has suffered no injury as a result of the arbitration provision. In sum, plaintiff simply seeks to mount an abstract challenge to the mere presence of an uninvoked term, in a uniform nationwide contract, that he purports to find objectionable under California law.

Plaintiff asserts claims under California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 *et seq.*), under California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*), for common law fraud and deceit, and for declaratory relief. By this motion,

1   defendants move for dismissal of the claims for lack of subject matter jurisdiction or, in the

2   alternative, for judgment on the pleadings as to all of the claims set forth in plaintiff's complaint.

3       The entire complaint must be dismissed for lack of subject matter jurisdiction because

4   plaintiff lacks standing under Article III of the U.S. Constitution.  In an identical lawsuit that

5   plaintiff recently filed against American Express, Judge Breyer granted American Express's motion

6   to dismiss on precisely this ground.  Plaintiff is collaterally estopped from re-litigating that issue

7   here.  Even if the Court does not afford Judge Breyer's order collateral estoppel effect, and

8   adjudicates the matter anew, plaintiff in fact lacks standing.  Plaintiff does not allege that

9   Defendants have ever attempted to enforce the arbitration provision against him, nor has he alleged

10  any facts showing that there is a substantial likelihood that it will be enforced against him in the

11  future.  Plaintiff's alleged injury is purely hypothetical and abstract.  Furthermore, plaintiff does not

12  allege any concrete harm traceable to the arbitration clause or the agreements in general.  Because

13  Plaintiff lacks standing, the complaint must be dismissed in its entirety.

14      All of plaintiff's claims fail for other independent reasons as well.

15      Plaintiff's UCL claims fail because plaintiff has not alleged "lost money or property" (the

16  requisite injury in fact) sufficient to state a UCL claim under California law.

17      Plaintiff's CLRA claims fail as a matter of law because the CLRA applies only to unfair

18  practices in the sale and lease of goods and services—the CLRA does *not* apply to the extension of

19  credit.  *Berry*, 54 Cal. Rptr. 3d at 92.  Plaintiff's deceit and fraud claim fails because it is not

20  adequately pleaded.  Plaintiff's claim for declaratory relief fails as a matter of law because he has

21  not alleged an actual case or controversy.  And finally, all of plaintiff's claims against Defendant

22  Capital One Services, Inc. fail because the agreements at issue involve Capital One Bank, not

23  Capital One Services, Inc.

24      If and when the parties have a genuine dispute, plaintiff can seek relief.  Until then, the

25  Court and parties should not expend any additional resources on this matter.

26              **STATEMENT OF ISSUES TO BE DECIDED**

27      1.      Whether plaintiff has Article III standing to maintain this action.

28

DEFTS.' MOT. TO DISMISS OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS          2
CASE NO. C07-4599 MHP
sf-2408793

2.    Whether collateral estoppel prevents plaintiff from litigating the issues in this action against defendants where a virtually identical lawsuit filed by plaintiff was dismissed for lack of standing?

3.    Whether plaintiff has stated a claim under the UCL.

4.    Whether plaintiff has stated a claim under the CLRA.

5.    Whether plaintiff has satisfied the rigorous pleading requirements under Rule 9 to state a claim for common law fraud and deceit.

6.    Whether plaintiff can assert a declaratory relief action given his failure to allege an actual case or controversy.

7.    Whether plaintiff can state a claim against Capital One Services, Inc. where all of the agreements at issue relate to Capital One Bank.

**RELEVANT BACKGROUND**

Plaintiff sought a credit card from Capital One Bank in March 2007.  (Compl. ¶ 20.) Shortly thereafter, on March 23, 2007, plaintiff sent a "CLRA" letter to Capital One Bank, asserting that the arbitration provision in the credit card agreement was unconscionable and illegal and demanding its removal.  (Compl. ¶ 63, *see also* Compl., Ex. 10.)  By letter dated June 13, Capital One Services, Inc., a service provider to Capital One Bank responding on behalf of Capital One Bank, refused to accede to plaintiff's demand.

Despite the apparent lack of any kind of dispute to arbitrated, plaintiff filed this suit on September 5, 2007, alleging unfair practices in credit card lending.  The complaint alleges that the defendants market credit cards to consumers that contain an arbitration provision which is "unconscionable and illegal" under California law.  (Compl. ¶ 1.)  The complaint also alleges that the arbitration provision and the entire credit card agreement cause the card holder to suffer damage "by receiving something worth monetarily less than that which he/she contracted for and paid." (*Id.*)  Based on those allegations, plaintiff asserts violations of California's UCL (Counts I, II, III, IV, VI, IX, X), California's CLRA (Counts V, VIII), common law fraud and deceit (Count VII), and declaratory judgment (Count XI).

1    Capital One Bank and Capital One Services, Inc. are Virginia corporations with its

2  principal place of business in Virginia.  (Compl. ¶ 8.)  Mr. Lee is a California resident.

3  (Compl. ¶ 6.)  Mr. Lee purports to represent a class of similarly situated consumers residing in

4  California.  (Compl. ¶ 7.)

5    On September 14, 2007 and September 17, 2007 plaintiff filed materially identical

6  lawsuits against Chase Manhattan Bank and American Express Travel Related Services.  (*Lee v.*

7  *Chase Manhattan Bank USA, N.A.*, Case No. C 07 4732 MJJ (filed September 14, 2007) and *Lee v.*

8  *American Express Travel Related Services*, *Inc*., Case No. C-07 4765 EDL (filed September 17,

9  2007)).  The motion to dismiss in the *Chase* matter is currently pending and will be heard on

10  January 8, 2008 by Judge Jenkins.  On December 6, 2007, Judge Breyer issued an Order granting

11  the defendants' motion to dismiss without leave to amend in the *American Express* matter for lack

12  of standing.

13                          **LEGAL STANDARD**

14    A motion to dismiss based on standing addresses subject matter jurisdiction under

15  Article III and is properly raised as a motion to dismiss under Federal Rule of Civil Procedure

16  12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The burden of proof on a

17  Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *See Kokkonen v. Guardian*

18  *Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "Rule 12(b)(1) jurisdictional attacks can be facial or

19  factual."  *White*, 227 F.3d at 1242.  Where the challenge to jurisdiction is facial, the Court applies

20  to the Rule 12(b)(1) motion a standard similar to that of a Rule 12(b)(6) motion.  *Wolfe v.*

21  *Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

22    Likewise, the standard for a Rule 12(c) motion for judgment on the pleadings is "virtually

23  identical" to the standard for a Rule 12(b)(6) motion to dismiss.  *See Carmen v. S.F. Unified Sch.*

24  *Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (citing *Moran v. Peralta Comm. Coll. Dist.*,

25  825 F. Supp. 891, 893 (N.D. Cal. 1993)).  Therefore, this Court may dismiss plaintiff's claims

26  "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

27  cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

28  Further, although a plaintiff's factual allegations are "generally taken as true" on a motion to

1   dismiss, "the court need not accept conclusory allegations of law or unwarranted inferences."

2   *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007).

3          In considering a motion for judgment of the pleadings under Rule 12(c), the Court may

4   consider not only the allegations in the pleadings but also documents whose contents are alleged in

5   the complaint or which are incorporated into the pleadings.  *See In re Century 21-RE/MAX Real*

6   *Estate Advert. Claims Litig. v. RE/MAX S. County*, 882 F. Supp. 915, 921 (C.D. Cal. 1994).  The

7   Court must accept all material allegations of the complaint as true and view them in the light most

8   favorable to the plaintiff.  *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133

9   (9th Cir. 2001) (en banc).  However, the Court need not accept as true conclusory allegations or

10  legal characterizations.  *See Carmen*, 982 F. Supp. at 1401.

11                                          **ARGUMENT**

12  **I.      PLAINTIFF LACKS ARTICLE III STANDING.**

13         Standing is a matter of subject matter jurisdiction.  It is "an essential and unchanging part

14  of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S.

15  555, 560 (1992).  Standing is a "threshold question in every federal case, determining the power of

16  the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Here, plaintiff is

17  without standing to pursue any of the claims set forth in his complaint.

18         "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered

19  an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural

20  or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it

21  is likely, as opposed to merely speculative, that the injury will be redressed by a favorable

22  decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81

23  (2000) (quoting *Lujan*, 504 U.S. at 560-61).  Plaintiff does not, and cannot, meet Article III's

24  standing requirements.

25         Plaintiff lacks standing to pursue this action because plaintiff has not suffered any injury in

26  fact.  Defendants have made no attempt to invoke the arbitration agreement with respect to

27  plaintiff's claims, which is fatal to standing.  *Bowen v. First Family Fin. Servs.*, 233 F.3d 1331,

28  1334 (11th Cir. 2000) ("[P]laintiffs lack standing …because there has been no attempt to enforce

1   the agreement against them, and they have not established that there is a substantial likelihood that

2   it will be enforced against them in the future."); *see also Ruckelshaus v. Monsanto Co.*, 467 U.S.

3   986, 1019-20 (1984) (lack of standing where plaintiff "did not allege or establish that it had been

4   injured by actual arbitration under the statute"); *Posern v. Prudential Sec., Inc.*, No. C-03-0507 SC,

5   2004 WL 771399, at *8 (N.D. Cal. Feb. 18, 2004) (motion to dismiss for lack of standing granted

6   where there was no pending arbitration proceeding and thus no "actual controversy").  For that

7   reason alone, the complaint fails to state a claim because facts establishing standing must be

8   alleged.  *United States v. Hays*, 515 U.S. 737, 743 (1995) (citations omitted) (burden is on the party

9   who seeks the exercise of jurisdiction in his favor "clearly to allege facts demonstrating that he is a

10  proper party to invoke judicial resolution of the dispute").

11          Here, plaintiff merely alleged that "*if* the arbitration provision contained in the agreement

12  relating to [plaintiff's] credit cards is unconscionable, illegal and unenforceable, plaintiff received

13  something lower in value than that for which he paid and, as a result, he has lost money as a result

14  of the unconscionability, illegality, and unenforceability of the Capital One-imposed arbitration

15  provision."  (Compl. ¶ 29 (emphasis added).)  Plaintiff's conclusory allegations are insufficient to

16  allege standing.  *Warth*, 422 U.S. at 503 (in denying standing, rejecting plaintiffs' allegations as

17  "conclusory" and "conjecture").  Plaintiff does not allege that he ever attempted to arbitrate his

18  claims or that defendants ever forced him to arbitrate any dispute.  Plaintiff has, at most, a

19  hypothetical cause of action.  *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) ("[A] case

20  is not ripe [for review] where the existence of the dispute itself hangs on future contingencies that

21  may or may not occur.").

22          Plaintiff seeks to show injury by arguing that "if the arbitration provision contained in the

23  agreement relating to their credit cards is unconscionable, illegal and unenforceable, plaintiff

24  received something lower in value than that for which he paid and, as a result, he has lost money as

25  a result of the unconscionability, illegality, and unenforceability of the Capital One-imposed

26  arbitration provision."  (Compl. ¶ 29.)  On the contrary, plaintiff received exactly what was

27  promised to him: a credit card with an agreement containing an arbitration provision with various

28  features.

1    Further, in a virtually identical action brought by plaintiff against American Express,

2  Judge Breyer ruled on November 30, 2007, that plaintiff lacked standing because he had no injury.

3  (Request for Judicial Notice ("RJN"), Ex. A [transcript of *American Express* hearing].  Judge

4  Breyer ruled: "You don't have standing.  You don't have any injury … I'm throwing out the

5  lawsuit."  (*Id.* at 7-8.)   Indeed, in the court's order dismissing plaintiff's claim in the American

6  Express case, the court held:

7         At bottom, plaintiffs' argument is that they were damaged by the
         mere existence of the allegedly unconscionable terms in their card
8        agreements.  But those terms have not been implicated in any actual
         dispute between the parties.  The challenged terms have not, for
9        instance, been invoked against plaintiffs and have not prohibited
         plaintiffs from asserting their rights.  No court, state or federal, has
10       held that a plaintiff has standing in such circumstances and
         plaintiffs have not convinced this Court that it should be the first.
11       Accordingly, defendants' motion to dismiss for lack of standing is
         GRANTED.
12

13  *Lee v. Am. Express Travel Related Servs.*, No. C 07-04765 CRB, Memorandum and Order at 8-9

14  (N.D. Cal. Dec. 6, 2007) (RJN, Ex. B).

15    Likewise, here, plaintiff has failed to allege injury in fact, and thus, all of his claims should

16  be dismissed for lack of Article III standing.

17

18  **II.    COLLATERAL ESTOPPEL BARS PLAINTIFF'S COMPLAINT AGAINST
          DEFENDANTS**

19    Defensive collateral estoppel applies "when a defendant seeks to prevent a plaintiff from

20  asserting a claim the plaintiff has previously litigated and lost against another defendant."

21  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979); *see also Blonder-Tongue Labs.,*

22  *Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) (findings made in one proceeding in which a

23  party has had a full and fair opportunity to litigate may be used against that party in subsequent

24  litigation).  "A federal court decision can be used for defensive collateral estoppel when (1) an

25  identical issue was necessarily decided as part of the prior proceeding, (2) the prior proceeding

26  concluded with a final judgment on the merits, and (3) the party to be collaterally estopped is the

27  same as or in privity with the party in the prior proceeding."  *RE/MAX Int'l, Inc. v. Equity Max*

28

1    *Realty, Inc.*, No. 06CV1345 WQH(ABJ), 2007 U.S. Dist. LEXIS 24713, at *6 (S.D. Cal. Apr. 3,

2    2007) (citing *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005)).

3            All three prongs of that test are satisfied here.  Plaintiff (David J. Lee) filed a virtually

4    identical action against American Express Travel Related Services, Case No. C07-04765 in this

5    Court on September 17, 2007.  That complaint contained the same causes of action that are at

6    issue here: UCL, CLRA, fraud and deceit, and declaratory relief.  (RJN, Ex. C (*Lee v. Am.*

7    *Ex. Travel Related Servs.* Complaint).)  As in the present case, the complaint alleged that the

8    requirement of individual arbitration in plaintiff's contract was unconscionable, but plaintiff

9    could not show that he had suffered injury-in-fact because the "challenged terms have not . . .

10   been invoked against plaintiffs and they have not prohibited plaintiffs from asserting their rights."

11   (RJN, Ex. B (*Lee v. Am. Ex. Travel Related Servs.* Order), at 8.)   As discussed above, the court in

12   *American Express* dismissed plaintiff's action without leave to amend based on his lack of

13   standing.  (*Id.* at 8-9.)

14           Collateral estoppel bars plaintiff from re-litigating the identical legal issues against

15   defendants here.  *See Cooper v. Prime Image, Inc.*, No. 97-21050 SW, 1999 U.S. Dist. LEXIS

16   14898, at *9 (N.D. Cal. May 14, 1999) (holding that "[t]he doctrine of collateral estoppel requires

17   that the question of standing not be relitigated here" where plaintiff had been found to lack

18   standing in another suit asserting the same claims against a different defendant).  "Principles of

19   collateral estoppel apply to standing determinations," just as to any other legal determination.

20   *W. Radio Servs. Co. v. Espy*, No. 94-6323-HO, 1996 U.S. Dist. LEXIS 22901, at *4 (D. Or.

21   Feb. 2, 1996) (citing *Cutler v. Hayes*, 818 F.2d 879, 889 (D.C. Cir. 1987)); *see also Cal.*

22   *Chamber of Commerce v. Simpson*, 601 F. Supp. 104, 107 (C.D. Cal. 1985) (same).  Accordingly,

23   plaintiff's claim should be dismissed without leave to amend.

24           **III.    PLAINTIFF'S UCL CLAIMS FAIL AS A MATTER OF LAW.**

25           The UCL proscribes "unfair competition," which means an "unlawful, unfair, or fraudulent

26   business act."  Cal. Bus. & Prof. Code § 17200.  Proposition 64, passed by the California voters in

27   November 2004, amended the UCL to require that a proper plaintiff must have "suffered *injury in*

28   *fact and lost money or property* as a result of" the defendant's alleged unfair competition.  Cal.

1    Bus. & Prof. Code § 17204 (emphasis added).  Accordingly, plaintiff has standing to assert his

2    UCL claim only if he can establish that he suffered "injury in fact" and "lost money or property" as

3    a result of defendants' alleged unfair competition.  Because plaintiff has not "lost money or

4    property" as that term has been interpreted under the UCL, he lacks standing to pursue any claim

5    under the statute.

6              **A.      Proposition 64 Imposed A Standing Requirement on the UCL.**

7         Before November 2004, the UCL permitted "any person"—injured or not—to maintain a

8    claim under the UCL.  In the November 2004 election, however, California voters passed

9    Proposition 64, imposing a "standing" requirement on UCL claims.  As stated in the proposition's

10   preamble, "the voters found and declared that the UCL's broad grant of standing has encouraged

11   '[f]rivolous unfair competition lawsuits [that] clog our courts[,] cost taxpayers' and 'threaten[] the

12   survival of small businesses.'"  *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th

13   223, 228 (2006) (quoting Prop. 64, § 1, subd. (c) ["Findings and Declarations of Purpose"]).

14        Specifically, Proposition 64 added the following language to section 17203 of the UCL:

15   "Any person may pursue representative claims or relief on behalf of others only if the claimant

16   meets the standing requirements of Section 17204 . . . ."  Prop. 64, § 2.  To bring a claim under the

17   UCL, a plaintiff now must show that he has "suffered injury in fact and has lost money or property

18   as a result of [defendants'] unfair competition."  Cal. Bus. & Prof. Code § 17204.  Accordingly,

19   under the UCL a plaintiff must demonstrate (1) that he has suffered injury in fact, ***and*** (2) that he

20   has lost money or property as a result of the alleged unfair competition in order to bring his claim

21   under the UCL.  *Id*.

22

23             **B.      The "Lost Money or Property" Requirement is Consistent with the
                         Use of That Phrase in Other Sections of the UCL.**

24        Before Proposition 64, the concept of what constitutes "lost money or property" under the

25   UCL was extensively litigated in the context of considering what restitutionary awards could be

26   made under the UCL.  The relief available under the UCL is limited to injunctions and restitution.

27   "Restitution" is defined as the restoration "to any person . . . [of] any money or property . . . which

28

1    may have been acquired by means of such unfair competition."  Cal. Bus. & Prof. Code § 17203.[1]

2    According to California courts, the restoration of this "money or property" only entitles a UCL

3    plaintiff to the *return* from the defendant of money or other property that the plaintiff had

4    previously possessed or in which the plaintiff had had a vested interest.  *See Korea Supply Co. v.*

5    *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (the "object of restitution is to restore the

6    status quo by returning to the plaintiff funds in which he or she has an ownership interest"; a "mere

7    expectancy" in funds is not property under the UCL); *Cortez v. Purolator Air Filtration Prods. Co.*,

8    23 Cal. 4th 163, 177 (2000) (UCL restitutionary awards are thus for "money that once had been in

9    the possession of the person to whom it [is] to be restored."); *Day v. AT&T Corp.*, 63 Cal.

10   App. 4th 325, 340 (1998) ("[T]he notion of restoring something to a victim of unfair competition

11   includes two separate components.  The offending party must have obtained something to which it

12   was not entitled *and* the victim must have given up something which he or she was entitled to

13   keep.") (emphasis in original).  *See also Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172

14   (E.D. Cal. Feb. 12, 2007).  For example, an employee who is paid less than the statutorily mandated

15   wage has a vested property interest in the difference between what she was paid and the wage to

16   which she was legally entitled, and can recover that difference under the UCL.  *See Cortez*, 23 Cal.

17   4th at 177-78.

18          The electorate is presumed to have been aware of this judicial construction of the UCL

19   when it enacted Proposition 64.  *See Walker*, 474 F. Supp. 2d at 1172; *Cal. Auto. Assigned Risk*

20   *Plan v. Garamendi*, 286 Cal. Rptr. 257, 262 (Ct. App. 1991) (citation omitted) ("[T]he electorate is

21   presumed . . . to be aware of existing laws and judicial constructions in effect at the time legislation

22   is enacted [by initiative]") (quoting *People v. Weidert*, 39 Cal. 3d 836, 844 (1985)).  Moreover, in

23   legislating against this backdrop, the electorate is also presumed to have intended that "loss of

24   money or property" would be interpreted identically to its interpretation in these prior judicial

25   decisions.  *See*, *e.g.*, *Walker*, 474 F. Supp. 2d at 1172; *Weidert*, 39 Cal. 3d at 845-46 (citations and

26   internal quotation marks omitted) ("Where the language of a statute uses terms that have been

27   _____

28   [1] Damages are unavailable under the UCL.  Cal. Bus. & Prof. Code § 17203.

1  judicially construed, the presumption is almost irresistible that the terms have been used in the

2  precise and technical sense which had been placed on them by the courts.  This principle applies to

3  legislation adopted through the initiative process.").

4         Thus, as the Eastern District of California has already held, the question of whether a

5  plaintiff has "lost money or property" under the UCL—and thus of whether a plaintiff meets the

6  standing requirements imposed by Proposition 64—is identical to the pre-Proposition 64 question

7  of whether the plaintiff is entitled to restitution.  *Walker*, 474 F. Supp. 2d at 1172.  In other words,

8  if a claim of lost money or property could not satisfy the UCL's test of "restitution"—for example,

9  if it is really a disguised claim seeking damages—then the plaintiff lacks "standing" under

10  Proposition 64.

11           **C.    Plaintiff Cannot Meet the "Lost Money or Property" Requirement.**

12         Plaintiff has not alleged and cannot allege that he has "lost money or property."  His claim

13  that he "suffered damage by receiving something worth monetarily less than that" for which he

14  paid is speculative at best, but more importantly, does not allege "lost money or property."

15  *Buckland v. Threshold Enters., Ltd.*, 66 Cal. Rptr. 3d 543, 555 (Ct. App. 2007) (plaintiffs asserting

16  UCL claim must show a "distinct and palpable injury" that is concrete and is not "conjectural" or

17  "hypothetical").  Plaintiff's alleged injury is purely hypothetical because the arbitration provision

18  has never been invoked.  The complaint reveals that plaintiff does not allege any actual harm as a

19  direct result of the credit card agreement or the arbitration provision.  Indeed, plaintiff has no

20  pending claim involving a dispute with defendants regarding plaintiff's credit card.  Because no

21  actual pecuniary damages are alleged to exist at this time, plaintiff lacks standing and the Court

22  should dismiss all of plaintiff's UCL claims (Counts I, II, III, IV, VI, IX, and X).  *See Walker*,

23  474 F. Supp. 2d at 1171-74.  *See also Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d

24  1370, 1374 (N.D. Cal. 2007) (granting Rule 12(b)(6) motion and dismissing UCL claim where

25  plaintiff could not allege injury-in-fact required for standing).

26

27

28

1     **IV.    PLAINTIFF'S CLRA CLAIMS ALSO FAIL AS A MATTER OF LAW.**

2
              **A.    Plaintiff's CLRA Claims Fail Because the CLRA Does Not Apply to
3                     Credit Card Agreements.**

4           Plaintiff's CLRA claims must fail because the CLRA applies only to the sale of "goods or

5     services" to California "consumers."  Cal. Civ. Code § 1770.  As originally drafted, the CLRA's

6     definition of "consumer" included not only individuals who purchased goods and services, but also

7     individuals who obtained "credit."  Assemb. B. No. 292, 1970 Reg. Sess. (Cal. Jan. 21, 1970)

8     (RJN, Ex. D); Assemb. B. No. 292, 1970 Reg. Sess. (Cal. Jan. 21, 1970) (as amended Aug. 7,

9     1970) (RJN, Ex. E).  Before passage of the CLRA, however, the Legislature deliberately deleted

10    persons who obtained "credit" from the definition of "consumers" covered by the CLRA.  *Id.*; *see*

11    *also* William L. Stern, *Bus. & Prof. C. § 17200 Practice* § 10:23 (The Rutter Guide 2007).  That

12    deletion indicates the Legislature's intent that the CLRA not apply to the provision of credit to

13    consumers.  *Cf. Civ. Serv. Employees Ins. Co. v. Super. Ct.*, 22 Cal. 3d 362, 375-76 (1978).

14          Based on this legislative history, the California Court of Appeal has expressly held that

15    "extension of credit, such as issuing a credit card . . . does not fall within the scope of the [CLRA]."

16    *Berry*, 54 Cal. Rptr. 3d at 92.  In *Berry*, the plaintiff brought a CLRA claim alleging that his credit

17    card company placed improper charges on his credit card.  The California Court of Appeal affirmed

18    dismissal of the claim, holding that the issuance of a credit card does not involve the "sale or lease

19    of any specific goods or services."  *Id.*  "[C]redit cards are not included within the plain language of

20    CLRA."  *Id.* at 97.

21          Other federal and state courts in California have reached the same result, holding that the

22    CLRA does not apply to credit transactions.  *See, e.g.*, *Lowman v. MBNA Am. Bank, N.A.*,

23    No. CV 05-7501 ER, slip op. (C.D. Cal. Feb. 17, 2006) (RJN, Ex. F); *Utility Consumers' Action*

24    *Network v. Capital One Servs., Inc.*, JCC No. 4191, slip op. (S.F. Super. Ct. Aug. 7, 2003) (RJN,

25    Ex. G); *Barbera v. WMC Mortgage Corp.*, No. CGC-01-322066, slip op. (S.F. Super. Ct. June 1,

26    2005) (RJN, Ex. H).  In fact, this Court recently reached the same conclusion in *Van Slyke v.*

27    *Capital One Bank*, No. C-07-00671 WHA, 503 F. Supp. 2d 1353, 1358-59 (N.D. Cal. 2007).  And

28    as recently as November 16, 2007, this court dismissed a party's CLRA claims on the ground that

1   credit card accounts are "not goods or services" subject to the CLRA.  *See In re Late Fee & Over-*

2   *Limit Fee Litig.*, No. C 07-0634 SBA, 2007 U.S. Dist. LEXIS 86408 (N.D. Cal. Nov. 16, 2007).

3   This court also noted that "[e]very federal court addressing the issue has followed [*Berry*.]"  *Id.*, at

4   *35.  The CLRA claims should be dismissed in their entirety on this basis alone without leave to

5   amend.[2]

6

7   **B.      Plaintiff Has Failed to Alleged Damages Sufficient to State a Claim for a Violation of the CLRA.**

8              As stated in *Wilens v. TD Waterhouse Group, Inc.*, 15 Cal. Rptr. 3d 271, 276-77 (Ct. App.

9   2003), "[r]elief under the CLRA is specifically limited to those who suffer damage, making

10  causation a necessary element of proof."  The court in *Wilens* held that under the CLRA, a

11  defendant must have caused the plaintiff to sustain actual injury that is capable of redress.  *Id.*

12  Simply that a potentially unconscionable provision is present in a contract does not automatically

13  confer CLRA standing.  *See id.*; *see also Shie v. Am. Ex. Centurion Bank*, No. BC 345823, slip op.

14  at 3 (L.A. Super. Ct. July 28, 2006) (RJN, Ex. I.)  Indeed, there must be an action by the defendant

15  to administer or enforce the alleged offending provision in an unconscionable manner, with

16  concrete, measurable damage to the consumer.  *Shie,* slip op. at 3.  Further, damages may not be

17  based upon sheer speculation or surmise.  *Ventura County Humane Soc'y v. Holloway*, 115 Cal.

18  Rptr. 464, 470 (Ct. App. 1974).

19             Plaintiff has not pleaded any concrete, measurable damage merely because the contract

20  contained an arbitration clause.  Plaintiff asserts that "as a result of the unconscionability and

21  illegality of the arbitration provision and entire agreement . . . the fee-paying card holder suffered

22  damage by receiving something worth monetarily less than that for which he/she contracted and

23  paid (as well as by the loss of use of the fee following its payment)."  (Compl. ¶ 1.)  Plaintiff's

24  purported damages are, at best, speculative and theoretical.  Plaintiff does not allege that either

25  _____

26  [2]  Leave to amend should be denied where "allegation[s] of other facts consistent with the
    challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well*

27  *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  As shown herein, none of Plaintiff's claims is
    susceptible of cure by amendment.  Defendants' motion should therefore be granted without leave

28  to amend.

1    defendant ever enforced the arbitration provision and does not allege any measurable concrete

2    damage to plaintiff (or any other potential class member).  Consequently, the Court should dismiss

3    plaintiff's CLRA claims (Counts V and VIII) for failure to state a claim.

4

5    **V.    PLAINTIFF'S FRAUD AND DECEIT CLAIM (COUNT VII) FAILS TO STATE A CLAIM.**

6        Under Rule 9(b), "all averments of fraud . . . shall be stated with particularity."  "It is

7    established law" that "Rule 9(b)'s particularity requirement applies to state-law causes of action"

8    where the action is being litigated in federal court.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

9    1103 (9th Cir. 2003).  To avoid dismissal, plaintiff was required to state the "time, place, and

10   specific content of the false representations as well as the identities of the parties to the

11   misrepresentation."  *Walton v. Mead*, No. C 03-4921 CRB, 2004 WL 2415037, at *7 (N.D. Cal.

12   Oct. 28, 2004) (citation and internal quotation marks omitted).

13       Plaintiff's fraud and deceit claim fails on its face.  Plaintiff makes the general assertion

14   that defendants made misrepresentations "that the terms contained in its card member agreement to

15   its credit cards and the customer agreement was conscionable, legal, and enforceable."  (Compl.

16   ¶ 70.)  Plaintiff then goes on to quote portions of the credit card agreements, but the quoted

17   language does not relate to any alleged "misrepresentations."  Instead, it merely contains language

18   indicating that (1) Capital One may amend the credit card agreement at any time,  (2) the card

19   holder waives the right to receive notice any waiver or delay or presentment, demand, protest or

20   dishonor and any right you may have to require us to proceed against another party before

21   proceeding against you, and (3) the agreement is construed under and governed by the laws of

22   Virginia.  (*Id.*)  Under no conceivable interpretation could the language plaintiff quotes in

23   paragraph 70 of his complaint support his vague allegations about purported "misrepresentations."

24   Accordingly, his complaint fails to plead fraud with the requisite specificity.

25       In addition, plaintiff's claim fails because he did not plead each element of fraud with

26   particularity, including the elements of reliance and damages, which are required to state a valid

27   claim.  *See*, *e.g.*, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 663 & n.2 (9th Cir. 1999)

28   (requiring plaintiff to plead each element of fraudulent concealment with particularity); *Keenan v.*

1    *D.H. Blair & Co.*, 838 F. Supp. 82, 87 (S.D.N.Y. 1993) (pleading reliance with particularity

2    "assures that there is a causal link between the misrepresentation or omission and the plaintiff's

3    injury").

4    "A mere conclusory allegation of reliance is not sufficient to defeat a motion to dismiss:

5    the plaintiff must plead specific facts explaining how he relied on the representation and why that

6    reliance was reasonable." *McManus v. Am. Express Tax & Bus. Servs., Inc.*, 67 F. Supp. 2d 1083,

7    1089 (D. Ariz. 1999). Here, plaintiff has failed to allege reliance with particularity. Plaintiff

8    makes the conclusory and insufficient allegation that "[i]n reliance on these representations,

9    plaintiff and similarly situated persons were induced to and did enter into the customer agreement

10   with Capital One." (Compl. ¶ 72.) The complaint is devoid of any allegations concerning when

11   and how plaintiff relied on the purportedly false statements. Assuming *arguendo* that plaintiff

12   could point to any false statements in the credit card agreement, plaintiff nonetheless fails to

13   identify whether he read the statements, when he did so, and what action he took in reliance on the

14   statements. Nor do plaintiff's allegations establish why the purported reliance was reasonable.

15   This failure is grounds for dismissal. *See*, *e.g.*, *McManus*, 67 F. Supp. 2d at 1089 (dismissing fraud

16   count premised on conclusory allegation that plaintiff "actually and justifiably placed confidence in

17   and relied upon the fidelity and integrity of Defendants"); *see also Allison v. Sec. Benefit Life Ins.

18   Co.*, 980 F.2d 1213, 1215-16 (8th Cir. 1992) (affirming dismissal of fraud claim under Rule 9(b)

19   where plaintiff failed to allege each element of fraud with particularity, including "how [plaintiffs]

20   relied to their detriment on . . . alleged misrepresentation").

21   Further, plaintiff's fraud claim also fails because, as his complaint demonstrates, he has

22   not alleged damages as a result of the purported misrepresentation. *See*, *e.g., A.E. Maynes v.

23   Angeles Mesa Land Co.*, 10 Cal. 2d 587, 589-90 (1938) (dismissing fraud claim where "damage[s]

24   resulting from" fraud not properly pleaded); *Lesperance v. N. Am. Aviation, Inc.*, 31 Cal. Rptr. 873,

25   878 (Ct. App. 1963) (to establish fraud, plaintiff's "damage must not only be directly alleged but its

26   causal connection with his reliance on defendant's representations must be shown").

27   Because the complaint fails to allege fraud and deceit with the required specificity to meet

28   the requirements of Rule 9(b), the Court should dismiss plaintiff's Fraud and Deceit claim

1  (Count VII).  *Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002) (conclusory allegations

2  are insufficient to meet the pleading requirements of Rule 9(b)).

### VI.    WITHOUT THE OTHER CLAIMS, PLAINTIFF HAS NO BASIS FOR DECLARATORY RELIEF.

5        As shown above, plaintiff's CLRA, UCL, and fraud claims fail as a matter of law.  Absent

6  these claims, plaintiff does not have a basis to seek declaratory relief against defendants.

7        The Declaratory Judgment Act (the "Act") governs plaintiff's claim for declaratory relief.

8  *Ill. ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939-40 (7th Cir. 1983).  The Act

9  provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United

10  States . . . *may* declare the rights and other legal relations of any interested party seeking such

11  declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis

12  added).  The Act authorizes declaratory relief only in "a case of actual controversy."  *Id.*; *see also*

13  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937).

14        The Act imposes an exacting pleading burden on parties seeking declaratory relief.  The

15  plaintiff must plead facts sufficient to establish an "actual controversy" in order to obtain

16  declaratory relief.  *See Aydin Corp. v. Union of India*, 940 F.2d 527, 527-28 (9th Cir. 1991).  There

17  must be a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance

18  of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see*

19  *also City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (similar); *Hillblom v. United States*,

20  896 F.2d 426, 430 (9th Cir. 1990) (similar).  At a minimum, the "possible injury" to the party

21  seeking declaratory relief must be "certainly impending" rather than "speculative and remote."

22  *Aydin Corp.*, 940 F.2d at 528 (citation and internal quotation marks omitted).  That future positions

23  taken by the parties might bring certain issues into controversy is too remote a possibility to keep a

24  case alive.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 71 (1983); *Headwaters, Inc. v.*

25  *Bureau of Land Mgmt.*, 893 F.2d 1012, 1015-16 (9th Cir. 1989).

26        Here, plaintiff cannot point to any threat of potential litigation against him from

27  defendants.  Nor can plaintiff point to an imminent injury to be suffered by him due to the

28  arbitration clause.  Indeed, plaintiff effectively concedes that the injury he fears regarding the

1   arbitration provision is not imminent.  Plaintiff's declaratory relief claim is predicated on

2   speculation as to what *might* happen if plaintiff and Capital One Bank get into a dispute and then

3   Capital One Bank seeks to enforce the arbitration provision in the cardmember agreement.  (*See*

4   Compl. ¶ 5 (challenging "the mere inclusion of those unconscionable and illegal terms. . . .").)  It is

5   not possible on these allegations to conclude, as the Court must do to consider declaratory relief,

6   that "the adverse positions have crystallized and the conflict of interest is real and immediate."

7   *Fremont Indem. Co. v. Cal. Nat'l Physician's Ins. Co.*, 954 F. Supp. 1399, 1401 (C.D. Cal. 1997)

8   (quoting *Societe de Conditionnement Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir.

9   1981)).

10          Further, *Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331 (11th Cir. 2000) is

11  analogous: the plaintiffs in that case filed a putative class action lawsuit against First Family

12  Financial Services, Inc. ("First Family") contending that First Family's arbitration agreement was

13  unenforceable for a number of reasons.  The plaintiffs' complaint sought actual and statutory

14  damages as well as declaratory and injunctive relief.  The Eleventh Circuit held that the named

15  plaintiffs could not litigate the enforceability of the arbitration provision because the plaintiffs had

16  failed to plead that First Family had invoked, or threatened to invoke, the arbitration agreement to

17  compel the plaintiffs to submit any claim to arbitration.  *Id.* at 1339.  "In this case, the plaintiffs

18  will not be injured by the arbitration agreement unless and until it is enforced, and there are no

19  indications of a substantial likelihood the agreement will be enforced against the plaintiffs."  *Id.*

20  at 1340.

21          The court also commented that in "light of the increasing use of [arbitration] agreements in

22  a wide variety of consumer transactions . . . , requiring a plaintiff seeking relief from an arbitration

23  agreement to demonstrate a real threat that the agreement will be invoked against him helps

24  maintain a manageable caseload for the courts and prevents courts from becoming merely legal

25  counselors and their adjudications merely advice.  If and when First Family seeks to compel

26  arbitration . . . the plaintiffs can challenge the agreement as unenforceable at that time."  *Id.*

27  at 1341.

28

1     Plaintiff's declaratory relief claim here suffers from the same fundamental and fatal flaw

2  as the plaintiffs' claim in *Bowen*:  there are no allegations in the complaint that Capital One Bank

3  sought or is seeking to enforce the arbitration provisions against plaintiff.  There simply is no basis

4  upon which plaintiff can claim the actual or threatened injury required to seek declaratory relief.  If

5  and when Capital One Bank seeks to enforce the arbitration provision, plaintiff may then challenge

6  it.

### VII.    PLAINTIFF HAS NOT STATED A CLAIM AGAINST CAPITAL ONE SERVICES, INC.

9     Plaintiff uses "Capital One" throughout the complaint without defining the term.

10 Purportedly, however, "Capital One" as used in the complaint refers to both defendants.  Plaintiff

11 claims that Capital One Bank is the parent corporation of Capital One Services, Inc. but does not

12 explain the basis for suit against both entities.  (Compl. ¶ 8.)  And plaintiff attached exhibits to the

13 complaint consisting of credit card agreements with Capital One Bank, not Capital One Services,

14 Inc.  (*See generally* Compl., Exs. 1-7 (terms and conditions note that agreement concerns "Capital

15 One Bank").

16     Plaintiff's claims go to the terms of the credit card agreement with "Capital One Bank."

17 The agreement does not involve Capital One Services, Inc.  None of plaintiff's claims therefore,

18 lies against Capital One Services, Inc., and each claim should be dismissed as to Capital One

19 Services, Inc.

### CONCLUSION

21     For all of the foregoing reasons, defendants respectfully request that this Court dismiss

22 plaintiff's complaint in its entirety, without leave to amend.

23 Dated:   December 10, 2007          MORRISON & FOERSTER LLP

25                    By:   _____ /s/ James R. McGuire _____
                                 James R. McGuire

26                    Attorneys for Defendants CAPITAL ONE
                      BANK and CAPITAL ONE SERVICES, INC.