**EXHIBIT A**

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3           BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

 4

 5   ------------------------------)
                                   )
 6   David Lee, et al.,            )
                                   )
 7              Plaintiffs,        )
                                   )
 8       v.                        )   NO. C 07-4765 (CRB)
                                   )
 9   American Express Travel,      )
                                   )
10              Defendant.         )   San Francisco, California
                                   )   Friday, November 30, 2007
11   ------------------------------)        (9 pages)

12

13                     TRANSCRIPT OF PROCEEDINGS

14   APPEARANCES:

15   For Plaintiffs:       MATTHEW SCOTT HALE
                           Attorney at Law
16                         45 Rivermond Drive
                           Post Office Box 1951
17                         Newport News, Virginia 23601

18   For Defendants:       Stroock & Stroock & Lavan LLP
                           2029 Century Park East
19                         Suite 1800
                           Los Angeles, California 90067
20                    BY:  STEPHEN JULIAN NEWMAN

21

22

23

24

25
```

```
 1    Tuesday, November 30, 2007
 2                                              (10:14 a.m.)
 3         DEPUTY CLERK:  David Lee versus American Express.
 4    Appearances, Counsel?
 5         MR. HALE:  Matthew Hale for the plaintiffs.
 6         MR. NEWMAN:  Steven Newman for the defendants.
 7         THE COURT:  Good morning.  Well, anybody have anything
 8    to add to what's been filed?
 9         MR. NEWMAN:  If I may, I'm the moving party, I think
10    the standing issue is the critical one here.  The plaintiffs
11    here have ample other remedies if there is an issue with the
12    arbitration clause and these can be raised in the context of a
13    motion to compel arbitration of a particular dispute.  If there
14    is an arbitration, they can be raised in the context of the
15    arbitration itself.  If there is an award, they can be raised
16    in proceedings to vacate or correct or enforce the award.
17         So your Honor simply doesn't have a live dispute
18    before him.  The claim is just:  I'm a party to this contract
19    and someday I might have something I'm going to arbitrate, I
20    might have a problem with the arbitration clause.
21         THE COURT:  Well, that was my impression.  My
22    impression is I don't have standing -- I mean, I have standing,
23    but the plaintiffs don't.  So you have --
24         MR. HALE:  Yes, your Honor.  Our position is there's
25    nothing to arbitrate because arbitration is impossible at this
```

```
 1  point.
 2          THE COURT:  Why is it impossible?  You haven't made a
 3  claim for arbitration.  You haven't sought arbitration.  Let's
 4  say you seek arbitration.  Then the arbitrator has to make some
 5  decisions, right?  He could conceivably make some decisions in
 6  your favor.  Could -- if you're so sure you're so right, and
 7  there you are.  And he could throw out the class action
 8  requirement or limitation if he thought that that was
 9  appropriate from your arguments.  He could do the things that
10  you haven't even -- you're complaining about, but you haven't
11  complained about it in front of the arbitrator.
12          MR. HALE:  Your Honor, if I might.
13          THE COURT:  Sure.
14          MR. HALE:  Arbitration is impossible under the
15  circumstances here because, first of all, down in Orange County
16  in a superior court case Judge Carol Dunning in a response to
17  their motion to compel arbitration ruled that American
18  Express's arbitration clause, the same one we're disputing
19  here, is unenforceable because it's unconscionable.  They never
20  appealed that.
21          So there's now a collateral estoppel effect.  The
22  Court has held that that arbitration clause is not operative at
23  this point.
24          Secondly, one of the big issues here is, according to
25  the --
```

```
 1              THE COURT:  Well now, wait.  Let's say you're right on
 2   that, which I'm not suggesting that you're not.  Are you
 3   telling me that you couldn't say that to the arbitrator?
 4              MR. HALE:  Well, there's another point, if I could
 5   make it, your Honor.
 6              THE COURT:  I'm going one point at a time.
 7              MR. HALE:  All right.
 8              THE COURT:  You said -- I think you don't have
 9   standing.  You say, Oh, yes, you do.  And then you cite as a
10   reason that you don't go to arbitration is a decision from the
11   Orange County Superior Court holding the class action bar
12   unconscionable and that therefore American Express is
13   collaterally estopped from litigating -- I guess that's
14   right -- litigating that issue, to which I say:  If you are
15   right, why wouldn't you say that to an arbitrator?  And why
16   wouldn't the arbitrator then theoretically be bound by the laws
17   of collateral estoppel?
18              MR. HALE:  I suppose they would, your Honor, but
19   there's a more --
20              THE COURT:  Now, let's move to the second point.
21              MR. HALE:  The more compelling reason here, and why
22   this cannot be arbitrated, is because in the contracts involved
23   here, in the arbitration clause, it says that the arbitrator
24   must decide the validity of the arbitration agreement.
25   That's -- so he would have to decide that.  And --
```

```
 1              THE COURT:  What if he decided in your favor?
 2              MR. HALE:  As a matter of law, under Buckeye Check
 3   Cashing and Nagrampa, he cannot.  He has no authority to
 4   evaluate -- has no jurisdiction to render an opinion as to the
 5   validity of the arbitration agreement itself.  So by the
 6   Supreme Court's own holding in Buckeye Check Cashing and in the
 7   Ninth Circuit en banc decision in Nagrampa, that cannot occur,
 8   so there cannot be any arbitration whatsoever because of the
 9   central issue here.
10              As a consequence, it's a futile act.  The law does not
11   require a plaintiff to jump through a series of hoops the last
12   of which is obstructed by a brick wall.  There can be no
13   arbitration here because the Supreme Court of the United
14   States --
15              THE COURT:  Wait, wait.  I don't understand.  First of
16   all, you say -- the dispute that you have with American Express
17   is the arbitration clause.
18              MR. HALE:  No, we would like to arbitrate our claim
19   for fraud.
20              THE COURT:  But fraud was the fraud in inducing you to
21   enter into an agreement with American Express because, you
22   claim, there's an arbitration clause.  You said, Look, you know
23   why I got their credit card?  Because they have an arbitration
24   clause.
25              By the way, I've never heard of that in my life.  I've
```

1  always greeted new things, and I rather enjoy that arrangement.
2          Because I hadn't thought that people go to credit card
3  companies or buy anything because it has an arbitration clause
4  in it, but I guess you did, or your clients do. So -- we'll
5  see if they do or not, and that will be the subject of some
6  litigation.
7          But I still don't quite understand why you can't go to
8  the arbitrator and say to the arbitrator, Here, this clause is
9  unconscionable, that should be stricken, and the arbitrator
10 says, Fine, that's out.
11         Now, what's your next complaint? And your next
12 complaint is what? If he strikes the class action, so he says,
13 Yeah, you want a class action, go right ahead? I think that is
14 unconscionable. It's out. So then what's next? You've gotten
15 exactly what you've wanted, haven't you? Fabulous, you've
16 gotten a deal with American Express and you're going to be able
17 to bring class actions against them and that's why you got
18 their credit card.
19         MR. HALE: Part of this lawsuit is as a class action.
20 We seek to not have the remedy just based -- directed toward
21 the plaintiffs but to a class of people.
22         THE COURT: And you're going to get it. He's going to
23 give it to you. The arbitrator may very well give it to you.
24 That will be wonderful. You'll probably get a lot of people.
25 American Express has all sorts of business now because they

```
 1   have a non class action bar.
 2           MR. HALE:  There's another problem with that, your
 3   Honor, in the fact that the contract with American Express
 4   prohibits a consolidation.  So there cannot be a class action
 5   within the context of arbitration.
 6           THE COURT:  The class action provision of the
 7   arbitration agreement prevents consolidation, right?  Is that
 8   your point?
 9           MR. HALE:  There's a ban on class actions outside
10   arbitration.
11           THE COURT:  That's going to be stricken.
12           MR. HALE:  All right.  But in the contract itself
13   there's also a ban on consolidation, so there is a ban on --
14           THE COURT:  What's the ban on consolidation?
15           MR. HALE:  It's in the contract.
16           THE COURT:  He'll throw that out, too.  May very well
17   throw that out.  Then what?  Then you've gotten exactly what
18   you wanted.  The only thing you don't have is any injury.  But
19   let's not quibble about that.
20           MR. HALE:  Your Honor, we would argue that under the
21   Ninth Circuit's holding in Lozano not getting what he paid
22   if --
23           THE COURT:  He may very well get what he paid for.
24   That's my point.  You may very well get what he paid for,
25   assuming that he actually paid for it.  You may get it.  You
```

```
 1  don't have standing.  You don't have any injury.
 2          MR. HALE:  Well, your Honor, I respectfully disagree
 3  based on the holding of --
 4          THE COURT:  I'll write an opinion, and it's located on
 5  7th and Mission.  You may take it right over there.
 6          MR. NEWMAN:  Thank you, your Honor.
 7          MR. HALE:  Thank you, your Honor.
 8          One piece of housekeeping.  There's a case
 9  management --
10          THE COURT:  It's vacated.  I'm throwing out the
11  lawsuit.
12          MR. NEWMAN:  Thank you, your Honor.
13          MR. HALE:  Thank you.
14          (Adjourned)
15                              oOo
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

I, Connie Kuhl, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C 07-4765 (CRB), David Lee, et al. v. American Express Travel, were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Connie Kuhl, RMR, CRR

Wednesday, December 5, 2007