**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, | No. C 07-04765 CRB |
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES, et al., | |
| Defendants. | |

This class action challenges the legality of American Express card-member agreements. Now pending before the Court is defendants' motion to dismiss for, among other reasons, lack of standing. The motion presents the issue of whether a plaintiff has standing to challenge an unconscionable term in a contract which has not, and may never, come into play. After carefully considering the parties' papers, including plaintiffs' letter brief filed in violation of the Local Rules, and having had the benefit of oral argument, the Court finds that in the circumstances of this case, plaintiffs do not have standing as a matter of law.

## BACKGROUND

Named plaintiffs Daniel R. Lloyd and David J. Lee obtained American Express credit cards for personal use in 2003 and 2006 respectively. Lee also obtained American Express "gift," "charge" and "dining" cards. Use of American Express cards requires an annual fee

(sometimes waived for promotional purposes). According to the plaintiffs, the applicable fees for charge and credit cards range from $30 to $450. Complaint ¶¶ 24-26. Gift and dining cards require a onetime payment of $3.95. Id. ¶ 27.

The gravamen of the Complaint is that the card-member agreements contain unconscionable arbitration provisions in violation of California consumer protection laws. In particular, plaintiffs allege violations of the California Unfair Competition Law ("UCL"), and the California Consumer Legal Remedies Act ("CLRA"). Plaintiffs also allege that defendants intentionally misrepresented the unconscionability of several of the challenged provisions and thereby fraudulently induced plaintiffs to enter into the card agreements. Plaintiffs contend that their fraudulent inducement claim requires the recision of the contracts and the restitution of all fees paid. Complaint ¶ 5. With respect to their statutory causes of action, plaintiffs allege that they are entitled to restitution, punitive damages and attorney's fees. Id.

### The Challenged Provisions and Plaintiffs' Legal Theory

Plaintiffs' unconscionability arguments essentially attack five provisions in the card-member agreements. While there has been some minor changes in the operative language over time, these provisions have generally read as follows:

> "If arbitration is chosen by any party with respect to a claim, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class of claimants pertaining to any claim subject to arbitration. Except as set forth below, the arbitrator's decision will be final and binding."

> "If either party elects to resolve a Claim by arbitration, that Claim shall be arbitrated on an individual basis. *There shall be no right or authority for any Claims to be arbitrated on a class action basis.*"

> "We may change the terms or add new terms to this Agreement at any time, in accordance with applicable law. We may apply any changed or new terms to any then-existing balances on your Account as well as to future balances."

> "Our failure to exercise any of our rights . . . or our waiver of our rights . . . shall not constitute a waiver of such rights."

2

> "These terms and conditions . . . and all questions about their legality . . . are governed by the laws of the State of Utah [New York with respect to gift and dining cards]. . . and by applicable federal law."

Complaint at ¶¶ 62-65.

Among other theories of unconscionability, plaintiffs emphasize that the arbitration provision includes an unconscionable class action waiver. Id. ¶¶ 66-72. According to the plaintiffs, this violates CLRA § 1770(a)(19) which makes it unlawful to "[i]nsert[] an unconscionable provision into a contract." The arbitration provision is also allegedly an "unfair practice" that "offends an established public policy" in violation of the UCL. See Cal. Bus. & Prof. Code §§ 1670.5, 1668; Complaint ¶ 78.

Plaintiffs also allege that defendants have for some time been aware of the unconscionability of several of the challenged terms; and, in particular, the unconscionability of the unilateral modifications provision, the waiver provision, and the choice of law provision. Complaint ¶ 105. Despite this knowledge, defendants allegedly made representations that the terms were conscionable and enforceable. According to plaintiffs, these misstatements were made on the American Express website and in one-on-one interactions with customers. Complaint ¶ 104.

Defendants move to dismiss on various grounds. First, they argue that plaintiffs have not suffered an injury in fact and therefore do not have Article III standing to bring any of their claims. They also contend that the CLRA does not apply to credit cards as a matter of law and that the plaintiffs have failed to plead their fraud claim with the required particularity. Finally, in a separate motion to dismiss they argue that all of plaintiffs' claims are preempted by federal law. Because the Court concludes that plaintiffs lack Article III standing, this Memorandum and Order addresses only the standing issue.

### Article III Standing

Defendants argue that plaintiffs lack Article III standing to bring this action; specifically, they contend that plaintiffs have not demonstrated "injury in fact." "Injury in fact" is part of the irreducible minimum of the "case and controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An "injury in fact" must be

3

"concrete and particularized" as well as "actual or imminent." Id. A generalized, hypothetical or conjectural injury is insufficient to establish Article III standing. Id. A party invoking federal jurisdiction bears the burden of demonstrating an injury in fact. Id. at 561. To establish standing at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." Id.

Defendants assert that plaintiffs have not demonstrated injury in fact because they have not shown that the challenged arbitration provisions have been implicated in any actual dispute or have otherwise caused plaintiffs harm; plaintiffs have made, in effect, a facial challenge to the legality of the card agreements. Such a challenge is not tied to any actual dispute between the parties and thus does not rest on any concrete injury that is cognizable under the Lujan standard. Put another way, defendants argue that even if the terms of the agreement are unconscionable and illegal, they are just "out there" and have not had any recognizable impact on plaintiffs.

Plaintiffs respond with the following "theory" of injury in fact:

1. When plaintiffs paid for their charge/credit cards and/or gift cards, they paid, at least in part, for the right to mandatory arbitration of all disputes with defendants.

2. The mandatory arbitration provision in the contracts, however, is unconscionable and unenforceable because, among other things, it is a contract of adhesion with a class action waiver.

3. Plaintiffs have a fraud in the inducement claim that they would like to arbitrate; namely, that defendants misrepresented that the card member agreements contain conscionable terms.

4. But, in order to arbitrate their fraud claim, they would have to invoke the unconscionable and thus unenforceable arbitration provision.

5. Seeking to enforce an unconscionable provision is illegal, against public policy and otherwise a waste of time and money.

4

6.     Thus, the unconscionable arbitration provision has denied plaintiffs the value of the right to arbitrate their fraud claim--something that they paid for in signing a contract with a mandatory arbitration provision.

7.     Because plaintiffs did not get what they paid for, they have been injured in fact. Plaintiffs' injury theory is thus premised on their assertion that they want to arbitrate their fraud claim but cannot. This theory fails for several reasons.

First, plaintiffs' theory rests on hypothetical assumptions about what may or may not transpire. To accept plaintiffs' position, the Court must first assume that plaintiffs will actually seek to arbitrate their fraud claim. The Court must also assume that the arbitrator will find that certain provisions of the contract, such as the class action waiver, are unconscionable. Next, the Court must assume that as a result of that finding, or perhaps other findings, defendants will insist that the arbitration clause is unenforceable and therefore that the fraud claim must be litigated in court, thereby depriving plaintiffs of their right to arbitrate. Or, if defendants do not insist on courtroom litigation, that the arbitrator will sua sponte refuse to arbitrate the case any further even if both parties agree to arbitrate. In other words, since plaintiffs profess to want to arbitrate their claims, their injury rests on the assumption that defendants will thwart arbitration or the arbitrator will refuse to arbitrate even if the parties want arbitration. These assumptions, especially the last assumption, are questionable, and, in any event, certainly premature. As such, it is impossible to conclude that plaintiffs have described an injury that is "imminent" within the meaning of Lujan.

Second, as support for their injury theory, plaintiffs rely on Lozano v. AT&T Wireless Services, Inc., 504 F.3d 718 (9th Cir. 2007). See Plaintiffs' Opposition at 4 ("Little need be said to refute Defendants' legal theory and argument since a recent decision of the Ninth Circuit–rendered several weeks after the filing of this Complaint–is dispositive of and conclusively establishes that Plaintiffs do have the requisite "injury in fact" and thus have standing to maintain all of their causes of action: Lozano v. AT& T Wireless Services, Inc., 2007 U.S. App.LEXIS 22430 (9th Cir. September 20, 2007)."). Lozano, however, does not help plaintiffs and, indeed, demonstrates that plaintiffs lack standing.

5

1    In Lozano, the plaintiff brought a class action in federal court under the CLRA and
2  UCL challenging AT&T's practice of billing its cell phone customers for calls during a
3  billing period other than the billing period in which the calls were made. In other words, if a
4  customer had 400 free minutes a month, AT&T sometimes charged a call made during that
5  month to the next month; such practice made it difficult for customers to keep track of their
6  minutes and, in the plaintiff's case, caused him to exceed his minutes in some months and
7  incur additional charges. This practice is known as "out-of-cycle billing." Id. at 722.

8    AT&T responded to the complaint by moving to compel arbitration. Plaintiff opposed
9  the motion. The district court refused to compel arbitration on the ground that the arbitration
10 agreement contained an unconscionable class action waiver. Id. at 723; see also Ingle v.
11 Circuit City Stores, Inc., 328 F.3d 1165, 1176 n.15 (9th Cir. 2003) (holding that a unilateral
12 bar on class-wide arbitration is substantively unconscionable).

13    Plaintiff subsequently moved for class certification. Among other theories, the district
14 court certified a California class action "based on [AT&T's] inclusion of an unconscionable
15 term in its agreement, i.e., the class action waiver." Id. at 730. The Ninth Circuit reversed
16 the certification of this claim. The court noted that the district court "certified this class
17 pursuant to a theory that was neither pled, nor properly considered by the district court when
18 granting class certification." The complaint challenged out-of-cycle billing, not the inclusion
19 of the class action waiver; as a result, the district court never analyzed whether a challenge to
20 the class action waiver satisfied the prerequisites for class certification. Id. Moreover,
21 because the district court "stuck in" the class action waiver class, the district court certified a
22 theory with no definable class. The class definition adopted by the court was based solely on
23 out-of-cycle billing, the original theory of the complaint:

> The [class action waiver] class the district court certified under subsection (a)(19) [of the CLRA] is wholly unrelated to this definition. Any class certified under *subsection (a)(19)* [of the CLRA] necessitates a class definition that includes individuals who sought to bring class actions in California, but were precluded from doing so because of the class action waiver in AWS's arbitration agreement, *and suffered some resulting damage.*" See Wilens v. TD Waterhouse Group, Inc., 120 Cal. App. 4th 746, 15 Cal.Rptr. 3d 271, 276-77 (Cal. Ct. App. 2003) (holding a court may not presume damages based on the mere insertion of an unconscionable clause in a contract).

6

Id. at 730-31 (emphasis added).

Plaintiffs contend that this latter statement means that they have standing to challenge the unconscionable class action waiver. See Opp. at 5 ("That disposes of Defendants' CLRA standing argument. Just as the CLRA class members 'who sought to bring class actions, but were precluded from doing so because of the class action waiver, and suffered some resulting damage' had standing so do Plaintiffs here"). The Court does not understand how plaintiffs read such a holding into Lozano. The quoted statement has nothing to do with standing; it is in the context of defining a hypothetical class, and, in any event, it states that the "class action waiver" class must have been precluded from bringing a class action "and suffered some resulting damage." Id. at 731 (emphasis added). The Ninth Circuit did not hold that the class action waiver class *had in fact* suffered some damage; instead, the Ninth Circuit was instructing the district court that the class members *must have suffered* some damage to be part of the class. This damage must be something more than simply being precluded from bringing a class action because the court stated that the class must have been so precluded *and* have suffered some damage. This conclusion is further reinforced by the Ninth Circuit's citation to Wilens and the parenthetical explanation that "a court may not presume damages based on the mere insertion of an unconscionable clause in a contract." Id.

Here, plaintiffs have not and cannot allege any damage because they do not have a dispute with defendants that they tried unsuccessfully to litigate as a class action. Their dispute is merely the presence of the class action waiver which could render the arbitration provision unenforceable, even though they may never bring a class action or any action whatsoever, and even if defendants may not oppose arbitration, even if certain terms are unconscionable and thus unenforceable. They ask this Court to presume damages from the mere insertion of the allegedly unconscionable clauses in a contract. Lozano holds that such presumption is wrong.

In their post-hearing submission, plaintiffs contend that the Lozano court "found standing in the absence of an arbitration so that the plaintiff could maintain challenges under

7

1  the UCL and CLRA relative to the arbitration provision." Plaintiffs' characterization of
2  Lozano is wrong. As even a cursory reading of the opinion demonstrates, the court held that
3  the plaintiffs had standing to challenge the out-of-cycle billing because the named plaintiff
4  suffered actual injury from the practice in the form of additional charges and being unable to
5  utilize all the monthly minutes for which the plaintiff had contracted. Id. at 731-34. Neither
6  the district court nor the Ninth Circuit ever addressed plaintiff's standing to make a challenge
7  to the arbitration provision because, as the Ninth Circuit explained, the plaintiff did not make
8  such a claim; rather, the district court apparently certified such a claim even though none was
9  made.
10      Third, even if the Court accepted that plaintiffs have demonstrated that they are barred
11 from arbitrating their proposed fraud claim, that bar cannot constitute an injury in fact unless
12 the fraud claim *itself* is based on some cognizable injury. Plaintiffs' fraud claim, however, is
13 --at its core--simply a claim that defendants fraudulently misrepresented that the agreements
14 do not contain unconscionable terms. See Complaint ¶¶ 103-07. Plaintiffs have not been
15 injured by this representation. Since none of those provisions has been implicated in any
16 dispute, the harm is simply that plaintiffs entered into agreements with unconscionable terms
17 that may or may not have any impact in the future. Consequently, for plaintiffs' theory of
18 injury to fly, the Court must conclude that the inclusion of unconscionable terms in plaintiffs'
19 contract, standing alone, caused injury in fact. The Ninth Circuit in Lozano says that it does
20 not.

## CONCLUSION

22      At bottom, plaintiffs' argument is that they were damaged by the mere existence of the
23 allegedly unconscionable terms in their card agreements. But those terms have not been
24 implicated in any actual dispute between the parties. The challenged terms have not, for
25 instance, been invoked against plaintiffs and they have not prohibited plaintiffs from
26 asserting their rights. No court, state or federal, has held that a plaintiff has standing in such
27 //
28 //

circumstances and plaintiffs have not convinced this Court that it should be the first. Accordingly, defendants' motion to dismiss for lack of standing is GRANTED.

**IT IS SO ORDERED.**

Dated: December 6, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE