**EXHIBIT D**

CALIFORNIA LEGISLATURE—1970 REGULAR SESSION

## ASSEMBLY BILL    No. 292

Introduced by Assemblyman Hayes

January 21, 1970

REFERRED TO COMMITTEE ON JUDICIARY

An act to add Title 1.5 (commencing with Section 1750) to Part 4 of Division 3 of the Civil Code, relating to the Consumers Legal Remedies Act.

The people of the State of California do enact as follows:

SECTION 1. Title 1.5 (commencing with Section 1750) is added to Part 4 of Division 3 of the Civil Code, to read:

TITLE 1.5. CONSUMERS LEGAL REMEDIES ACT

CHAPTER 1. GENERAL PROVISIONS

1750. This title may be cited as the Consumers Legal Remedies Act.

1751. Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

1752. The provisions of this title are not exclusive, and the remedies provided for in this title shall be in addition to any other remedies provided for in any other law.

1753. If any provision of this title or the application thereof to any person or circumstance is held to be unconstitutional, the remainder of this title and the application of such provision to other persons or circumstances shall not be affected thereby.

LEGISLATIVE COUNSEL'S DIGEST
AB 292, as introduced, Hayes (Jud.). Consumers Legal Remedies Act.
Adds Title 1.5 (commencing with Sec. 1750), Pt. 4, Div. 3, Civ.C.
Enacts Consumers Legal Remedies Act which provision specifies legal remedies for consumers who suffer damage as a result of method, act, or practice declared to be unlawful by the act.
Vote—Majority; Appropriation—No; Fiscal Committee—No.

Approved _____, 1970

_____
Governor

_____
President of the Senate

_____
Speaker of the Assembly

CHAPTER 2. CONSTRUCTION AND DEFINITIONS

1760. This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

1761. As used in this title:

(a) "Goods" means tangible chattels bought for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for such goods, and including goods which, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of such real property, whether or not severable therefrom.

(b) "Services" means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods as defined in subdivision (a) of this section.

(c) "Person" means an individual, partnership, corporation, limited liability company, association, or other group, however organized.

(d) "Individual" does not include a partnership, corporation, association, or other group, however organized.

(e) "Consumer" means an individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes.

(f) "Transaction" means an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement.

CHAPTER 3. DECEPTIVE PRACTICES

1770. The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in the conduct of any trade or commerce are unlawful:

(a) Passing off goods or services as those of another.

(b) Causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

(c) Causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

(d) Using deceptive representations or designations of geographic origin in connection with goods or services.

(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not have.

(f) Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand.

(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(h) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(i) Advertising goods or services with intent not to sell them as advertised.

(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

(k) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

(l) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(m) Representing that a part, replacement, or repair service is needed when it is not.

(n) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

(o) Representing that the consumer will receive a rebate, discount, or other economic benefit, as an inducement for entering into a transaction, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

(p) Causing likelihood of confusion or misunderstanding with respect to the authority of a salesman, representative, or agent to negotiate the final terms of a transaction with a consumer.

(q) Bargaining in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

(r) Engaging in any act or practice which is unfair or deceptive to the consumer.

1771. In addition to any act or practice which is declared to be unlawful under Section 1770, an act or practice is unlawful if it is either of the following:

(a) Oppressive or otherwise unconscionable in any respect.

(b) Fails to comply with the Unruh Act (Chapter 1 (commencing with Section 1801) of Title 2 of Part 4 of Division 3 of this code), Rees-Levering Motor Vehicle Sales and Finance Act (Chapter 2b (commencing with Section 2981) of Title 14 of Division 3 of this code), Digital Trade Commission Act (82 Stat. 717, as amended), Consumer Credit Protection Act (82 Stat. 146), or any other consumer protection statute of this state or the federal government.

CHAPTER 4. REMEDIES

1780. (a) Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: