# EXHIBIT E

AMENDED IN SENATE AUGUST 7, 1970
AMENDED IN SENATE JULY 10, 1970
AMENDED IN ASSEMBLY MAY 27, 1970
AMENDED IN ASSEMBLY MAY 22, 1970
AMENDED IN ASSEMBLY APRIL 16, 1970

CALIFORNIA LEGISLATURE—1970 REGULAR SESSION

# ASSEMBLY BILL No. 292

Introduced by Assemblymen Hayes, Fenton, Foran, Karabian, Powers, Dent, Harvey Johnson, MacGillivray, Crandall, and Wood

January 21, 1970

REFERRED TO COMMITTEE ON JUDICIARY

LEGISLATIVE INTENT SERVICE

*An act to add Title 1.5 (commencing with Section 1750) to Part 4 of Division 3 of the Civil Code, relating to the Consumers Legal Remedies Act.*

*The people of the State of California do enact as follows:*

SECTION 1. Title 1.5 (commencing with Section 1750) is added to Part 4 of Division 3 of the Civil Code, to read:

## TITLE 1.5. CONSUMERS LEGAL REMEDIES ACT

### CHAPTER 1. GENERAL PROVISIONS

1750. This title may be cited as the Consumers Legal Remedies Act.

1751. Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

### LEGISLATIVE COUNSEL'S DIGEST

AB 292, as amended, Hayes (Jud.). Consumers Legal Remedies Act.

Adds Title 1.5 (commencing with Sec. 1750), Pt. 4, Div. 3, Civ.C.

Enacts Consumers Legal Remedies Act which provides specific legal remedies for consumers who suffer damage as a result of method, act, or practice declared to be unlawful by the act.

Vote—Majority; Appropriation—No; Fiscal Committee—No.



1752. The provisions of this title are not exclusive~~, and the remedies provided for in this title shall be in addition to~~. *The remedies provided for herein shall be in addition to any* other procedures or remedies provided for in any other law.

Nothing in this title shall limit any other statutory or any common law rights of the Attorney General or any other person to bring class actions. Class actions by consumers brought under the specific provisions of Chapter 3 (commencing with Section 1770) of this title shall be governed exclusively by the provisions of Chapter 4 (commencing with Section 1780).

1753. If any provision of this title or the application thereof to any person or circumstance is held to be unconstitutional, the remainder of the title and the application of such provision to other persons or circumstances shall not be affected thereby.

1754. The provisions ~~of the~~ *of this* title shall not apply to any transaction which provides for the construction, sale, or construction and sale of an entire residence or all or part of a structure designed for commercial or industrial occupancy, with or without a parcel of real property or an interest therein, or for the sale of a lot or parcel of real property, including any site preparation incidental to such sale.

1755. Nothing in this title shall apply to the owners or employees of any advertising medium, including, but not limited to, newspapers, magazines, broadcast stations, billboards and transit ads, by whom any advertisement in violation of this title is published or disseminated, unless it is established that such owners or employees had knowledge of the deceptive methods, acts or practices declared to be unlawful by Section 1770.

1756. The substantive and procedural provisions of this title shall only apply to actions filed on or after January 1, 1971.

## Chapter 2. Construction and Definitions

1760. This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

1761. As used in this title:

(a) "Goods" means tangible chattels bought for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for such goods, and including goods which, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of such real property, whether or not severable therefrom.

(b) "Services" means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods.

(c) "Person" means an individual, partnership, corporation, association, or other group, however organized.

(d) "Consumer" means an individual who seeks or acquires, by purchase or lease, any goods~~, services, money, or credit~~ *or services* for personal, family, or household purposes.

(e) "Transaction" means an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement.

## Chapter 3. Deceptive Practices

1770. The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(a) Passing off goods or services as those of another.

(b) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(c) Misrepresenting the affiliation, connection, or association with, or certification by, another.

(d) Using deceptive representations or designations of geographic origin in connection with goods or services.

(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not have.

(f) Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand.

(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(h) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(i) Advertising goods or services with intent not to sell them as advertised.

(j) Advertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity.

(k) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

(l) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(m) Representing that a part, replacement, or repair service is needed when it is not.

(n) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

(o) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the bene-

it is contingent on an event to occur subsequent to the consummation of the transaction.

(p) Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a transaction with a consumer.

## Chapter 4. Remedies and Procedures

1780. ~~Any~~ *(a) Any* consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action ~~against such person in the county in which the person resides, has his principal place of business, or in the county where the transaction or any substantial portion thereof occurred, to recover or obtain any of the following:~~ *against such person to recover or obtain any of the following:*

~~(a) Actual damages, but in no case shall an award of dam-~~

*(1) Actual damages, but in no case shall the total award of damages in a class action be less than three hundred dollars ($300).*

~~(b)~~ *(2)* An order enjoining such methods, acts, or practices.

~~(c)~~ *(3)* Punitive damages.

~~(d)~~ *(4)* Any other relief which the court deems proper.

*(b) Such action may be commenced in the county in which the person against whom it is brought resides, has his principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred.*

*If within any such county there is a municipal or justice court, having jurisdiction of the subject matter, established in the city and county or judicial district in which the person against whom the action is brought resides, has his principal place of business, or is doing business, or in which the transaction or any substantial portion thereof occurred, then such court is the proper court for the trial of such action. Otherwise, any municipal or justice court in such county having jurisdiction of the subject matter is the proper court for the trial thereof.*

*In any action subject to the provisions of this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county or judicial district described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss any such action without prejudice.*

1781. (a) Any consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated,

bring an action on behalf of himself and such other consumers to recover damages or obtain other relief as provided for in Section 1780.

(b) The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

(1) It is impracticable to bring all members of the class before the court.

(2) The questions of law and fact common to the class are substantially similar and predominate over the questions affecting the individual members.

(3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

(4) The representative plaintiffs will fairly and adequately protect the interests of the class.

(c) If notice of the time and place of the hearing is served upon the other parties at least 10 days prior thereto, the court shall hold a hearing, upon motion of any party to the action which is supported by affidavit of any person or persons having knowledge of the facts, to determine if any of the following apply to the action:

(1) A class action pursuant to subdivision (b) is proper.

(2) Published notice pursuant to subdivision (d) is necessary to adjudicate the claims of the class.

(3) The action is without merit or there is no defense to the action.

A motion based upon Section 437c of the Code of Civil Procedure shall not be granted in any action commenced as a class action pursuant to subdivision (a).

(d) If the action is permitted as a class action, the court may direct either party to notify each member of the class of the action. The party required to serve notice may, with the consent of the court, if personal notification is unreasonably expensive or it appears that all members of the class cannot be notified personally, give notice as prescribed herein by publication in accordance with Section 6064 of the Government Code in a newspaper of general circulation in the county in which the transaction occurred.

(e) The notice required by subdivision (d) shall state *include* the following:

(1) The court will exclude the member notified from the class if he so requests by a specified date.

(2) The judgment, whether favorable or not, will include all members who do not request exclusion.

(3) Any member who does not request exclusion, may, if he desires, enter an appearance through counsel.

(f) A class action shall not be dismissed, settled, or compromised without the approval of the court, and notice of the proposed dismissal, settlement, or compromise shall be given in such manner as the court directs to each member who was given notice pursuant to subdivision (d) and did not request exclusion.

(g) The judgment in a class action shall describe those to whom the notice was directed and who have not requested exclusion and those the court finds to be members of the class. The best possible notice of the judgment shall be given in such manner as the court directs to each member who was personally served with notice pursuant to subdivision (d) and did not request exclusion.

1782. (a) Thirty days or more prior to the commencement of an action for damages pursuant to the provisions of this title, the consumer shall do the following:

(1) Notify the person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

(2) Demand that such person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770.

Such notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred, such person's principal place of business within California, or, if neither will effect actual notice, the office of the Secretary of State of California.

(b) Except as provided in subdivision (c), no action for damages may be maintained under the provisions of Section 1780 if an appropriate correction, repair, replacement or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of such notice.

(c) No action for damages may be maintained under the provisions of Section 1781 upon a showing by a person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 that all of the following exist:

(1) All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made.

(2) All consumers so identified have been notified that upon their request such person shall make the appropriate correction, repair, replacement or other remedy of the goods and services.

(3) The correction, repair, replacement or other remedy requested by such consumers has been, or, in a reasonable time, shall be, given.

~~(4) Such person has ceased, or if immediate cessation is impossible or unreasonably expensive under the circumstances, will, within a reasonable time, cease, to engage in such methods, acts or practices.~~

*(4) Such person has ceased from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, such person will, within a reasonable time, cease to engage, in such methods, act, or practices.*

(d) An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with the provisions of subdivision (a). Not less than

30 days after the commencement of an action for injunctive relief, and after compliance with the provisions of subdivision (a), the consumer may amend his complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages.

(e) Attempts to comply with the provisions of this section by a person receiving a demand shall be construed to be an offer to compromise and shall be inadmissible as evidence pursuant to Section 1152 of the Evidence Code; furthermore, such attempts to comply with a demand shall not be considered an admission of engaging in an act or practice declared unlawful by Section 1770. Evidence of compliance or attempts to comply with the provisions of this section may be introduced by a defendant for the purpose of establishing good faith or to show compliance with the provisions of this section.

~~1783. A party who prevails in an action under this title may be awarded reasonable attorney fees, to be specified in the judgment. A legal aid society or legal services program which represents a consumer who prevails in an action under this title may be awarded a reasonable sum in lieu of attorney fees.~~

~~1784~~

*1783.* (a) Any action brought under the specific provisions of Section 1770 shall be commenced not more than ~~one year~~ *three years* from the date of the commission of such method, act, or practice ~~or one year from the date the plaintiff knew or reasonably should have known of the commission of such method, act, or practice, whichever occurs later~~ *practice*.

(b) No person shall be a member of a class for which an action is commenced under Section 1781 unless such person shall have been involved in a transaction declared to be unlawful by Section 1770 within two years prior to the commencement of the action.

~~1785. In any action based on a method, act, or practice declared to be unlawful by Section 1770, and not requiring intent as an element thereof, the court shall consider in mitigation of damages that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.~~

*1784. No award of damages may be given in any action based on a method, act, or practice declared to be unlawful by Section 1770 if the person alleged to have employed or committed such method, act, or practice (a) proves by a preponderance of the evidence that such violation was not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error and (b) makes an appropriate correction, repair or replacement or other remedy of the goods and services according to the provisions of subdivisions (b) and (c) of Section 1782.*