# EXHIBIT F

FILED
CLERK, U.S DISTRICT COURT

FEB 17 2006

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LOWMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MBNA AMERICA BANK, N.A., <br><br> Defendant. | Case No. CV 05-7501 ER <br><br> ORDER GRANTING IN PART AND DENYING IN PART MBNA'S MOTION TO DISMISS |

DOCKETED ON CM
FEB 17 2006
BY ___ 005

Defendant, MBNA Bank of America Bank, N.A. ("MBNA"), has filed a motion to dismiss Plaintiffs' second, third, fourth, fifth, and eighth causes of action of the First Amended Complaint. A hearing was held on the motion on Monday, February 6, 2005. In a Rule 12(b)(6) motion, the Court must decide whether the facts alleged in the complaint, if true, would entitle Plaintiffs to some form of relief; unless the answer is unequivocally "No," the motion must be denied. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing a Rule 12(b)(6) motion, the Court must accept as true the material allegations in the complaint and reasonable inferences from the alleged facts. Pareto v. FDIC, 139

18

F.3d 696, 699 (9th Cir. 1998).

In addition to monetary damages, Plaintiffs' second, third, and fourth causes of action seek declaratory relief, severance, and injunctive relief from provisions governing default interest rates and overlimit charges contained in the MBNA Cardmember Agreements alleging that the provisions are unconscionable, an illegal penalty, and in violation of federal law. Under § 85 of the National Bank Act, a determination of the legality of a national bank's provisions relating to the interest rates[1] it charges its borrowers is governed solely by its home state's banking laws.[2] Delaware law provides no relief for allegedly unconscionable interest rates that are specifically authorized by the Delaware Banking Act. See Del. Code Ann. tit. 5, § 944 (2005). Because Delaware law permits banks to collect whatever late payment and overlimit charges it desires within the law, the unconscionablity doctrine cannot be read to impose "reasonablity" limits in addition thereto. See Evans v. Chase Manhattan Bank USA, N.A., 2006 WL 213740. *3-4 (N.D. Cal. Jan. 27, 2006) (holding similar terms in Chase Manhattan Cardmember Agreements cannot be unconscionable as a matter of law stating "[w]here, as here, Delaware law not only speaks directly to the issue, but specifically authorizes the custom, the Court will not declare the terms unconscionable"); c.f. Buettner v. R.W. Martin & Sons, 47 F.3d 116, 119-20 (4th

---

[1] The term "interest" includes late payments and overlimit fees. Smiley v. Citibank (South Dakota) N.A., 517 U.S. 735, 740 (1996) ("The term 'interest' as used in 12 U.S.C. § 85 includes any payment compensating a creditor for an extension of credit, making available a line of credit, or any default or breach by a borrower of a condition upon which credit was extended. It includes, among other things, the following fees connected with credit extension of availability: numerical periodic fees, late fees, . . . [and] overlimit fees . . . .").

[2] Section 85 of the National Banking Acts provides that a national bank may charge its borrowers "interest at the rate allowed by the law of the State . . . where the bank is located." 12 U.S.C. § 85.

-2-

Cir. 1995) (reasoning "adoption of [plaintiff's] unconscionability arguments would create via unconscionability doctrine the very independent warranty to third party users that we have concluded . . . does not exist under Virginia law"). Plaintiffs' allegations that MBNA's terms are unconscionable is a challenge to the law itself, and Plaintiffs have not alleged that the law is unconstitutional or otherwise infirm.

Furthermore, "a variable interest provision in the event of a stated default," like the one at issue here, "is not a penalty," and therefore cannot be an "illegal penalty." See Ruskin v. Griffiths, 269 F.2d 827, 832 (2d Cir. 1959) (ruling that a default interest rate provision in a financial note is not a penalty but simply a reflection of the heightened risk of repayment that the creditor bears on the entry of default).

In addition to allegations of unconscionability and illegal penalty, the second and third causes of action allege that MBNA's failure to give notice of any change in interest rates is contrary to § 226.9 of the Truth In Lending Act ("TILA").[3] Although MBNA appears to have moved to dismiss the second and third causes of action in their entirety, it made no argument as to the alleged TILA violations.

Plaintiffs' fifth cause of action, alleging consumer fraud, fails to state a

---

[3] Paragraphs 30 of Plaintiffs' First Amended Complaint relating to Plaintiffs' second cause of action and paragraph 38 relating to Plaintiffs' third cause of action assert that "[t]he failure to give notice on or before the effective date of an increase in the annual percentage rate ("APR") is also a violation of federal law, and the contract provisions which purport to authorize such a rate increase and the procedures of MBNA are violative of federal law."

Plaintiffs' fourth cause of action contains no reference to the failure to give notice or federal law.

- 3 -

claim upon which relief can be granted.[4] Plaintiffs admit that the MBNA Cardmember Agreements plainly disclose to borrowers the alleged actions which MBNA is authorized to take upon default, the very omission of such information which Plaintiffs allege is fraudulent. Thus, the Court **GRANTS** MBNA's motion to dismiss Plaintiffs' fifth cause of action.

Lastly, Plaintiffs' eighth cause of action alleging violations of the California Legal Remedies Act ("CLRA") §§ 1770(a)(5) and (a)(19)[5] is precluded because the term "consumer" as defined in the CLRA does not include individuals who obtained credit.

As originally drafted, CLRA included individuals who obtained credit in its definition of "consumer." The Legislature later deleted persons who obtained credit from the definition of "consumer" before passage of the statute. "The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision." Rich v. State Bd. of Optometry, 235 Cal.App.2d 591, 607 (Cal. Dist. Ct. App. 1965); see also Wilson v. City of Laguna Beach, 6 Cal.App.4th 543, 555 (Cal. Ct. App. 1992). California courts have expressly held that credit relationships fall outside the scope of CLRA. See Civil Serv. Employees Ins. Co. v. Super. Ct. of San Fransico, 22 Cal.3d 362, 376 (Cal. 1978) (holding "the CLRA does not apply to credit transactions," after reviewing

---

[4] The Delaware Consumer Fraud Act states, the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person had in fact been misled, deceived or damaged thereby, is an unlawful practice." Del. Code. Ann. tit. 6, § 2513(a) (2005).

[5] Cal. Civ. Code § 1770 prohibits the "sale or lease of goods or services to any consumer."

- 4 -

the legislative history); <u>Utility Consumers' Action Network v. Capital One Services, Inc.</u>, JCC No. 4191 (San Francisco Super. Ct. Aug. 7, 2003).

Plaintiffs' reliance on an interpretation of California Civil Code § 1671 is inapposite. Plaintiffs argue that § 1770 <u>et seq.</u> should be read to include individuals who obtained credit within the definition of the term "consumer" because a case interpreting California Civil Code § 1671, concerning the validity of liquidated damages provisions in contracts, held that a credit card agreement includes convenience services in addition to the extension of credit. Plaintiffs rely on <u>Hitz v. First Interstate Bank</u>, 38 Cal.App.4th 274 (Cal. Ct. App. 1995), in which the court held, "[w]e need not decide whether an extension of credit is a consumer contract within in the meaning of Civil Code § 1671, subdivision (c)(1), because a credit card agreement is much more than that, encompassing convenience services in addition to extension of credit." <u>Id.</u> at 286-87. Plaintiffs' reliance on <u>Hitz</u> is misguided. First, the court in <u>Hitz</u> was interpreting § 1671 not the CLRA. Second, the holding in <u>Hitz</u> concerned the definition of a consumer contract and whether the convenience features of a credit card fall within that definition, not the definition of "consumer" as is the issue here. And third, there was no indication in the legislative history of § 1671 that particular language was ever affirmatively considered and later deleted from the statute as is the case here. Instead, Defendant in <u>Hitz</u> was attempting to make an analogy between the legislative history of the CLRA and § 1671, as Plaintiffs are apparently trying to do here, which analogy the court in <u>Hitz</u> did not consider. <u>Id.</u> Thus, the eighth cause of action fails to state a claim upon which relief can be granted.

Therefore, the Court **GRANTS** MBNA's motion to dismiss Plaintiffs' fourth, fifth, and eighth causes of action and **DENIES** the motion with respect to the second and third causes of action inasmuch as they rely on alleged violations of federal law. The Court grants Plaintiffs leave to amend the fourth cause of action to allege a violation of federal law if they so desire. Leave to amend the

-5-

fifth and eighth causes of action is denied because the Court does not believe that Plaintiffs can overcome the deficiencies in these claims nor could Plaintiffs express in the hearing in what way they would do so.

Because the Court grants MBNA's motion as to the state law claims on other grounds, it does not need to reach the question of whether federal law preempts the state law claims.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel in this matter.

Dated: FEB 17 2006

_____
EDWARD RAFEEDIE
Senior United States District Judge