**EXHIBIT G**

```
 1  ARNE D. WAGNER (BAR NO. 78464)
    JAMES F. MCCABE (BAR NO. 104686)
 2  AMY B. LOVELL (BAR NO. 200771)
    MORRISON & FOERSTER LLP
 3  425 Market Street
    San Francisco, California 94105-2482
 4  Telephone: (415) 268-7000
    Facsimile: (415) 268-7522
 5
    Attorneys for Defendants
 6  CAPITAL ONE BANK,
    CAPITAL ONE SERVICES, INC., and
 7  BANK OF AMERICA, N.A.
```

FILED ORIGINAL
San Francisco County Superior Court
AUG - 7 2003
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

RECD JUL 2 9 2003

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK, acting on behalf of its affiliate, THE PRIVACY RIGHTS CLEARINGHOUSE, and PAMELA JOHNSTON, et al., On Behalf of Themselves, the General Public and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>CAPITAL ONE SERVICES, INC., et al.,<br><br>Defendants. | Judicial Council Coordination Proceeding No. 4191<br><br>[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART BANK OF AMERICA, N.A.'S MOTION TO STRIKE ALLEGATIONS OF CONSOLIDATED COMPLAINT AND CAPITAL ONE SERVICES, INC. AND CAPITAL ONE BANK'S MOTION TO STRIKE FIFTH AMENDED COMPLAINT |
| UTILITY CONSUMERS' ACTION NETWORK, acting on behalf of its affiliate, THE PRIVACY RIGHTS CLEARINGHOUSE, DONOVAN COLLIER, JUAN DURON, TERRY WOLBERT, KI WON RHEE, DO YOUNG CHO, FRANK CHO, On Their Own Behalf, On Behalf of the General Public and On Behalf of a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., BANK OF AMERICA N.T. & S.A., and DOES 1-100,<br>Defendants. | Judicial Council Coordination Proceeding No. 4211 |

1

1   The following motions and request came on regularly for hearing on June 23, 2003, the
2   Honorable Richard A. Kramer presiding: (1) Defendant Bank of America, N.A.'s Motion to Strike
3   Allegations of Consolidated Complaint; (2) Defendants Capital One Services, Inc.'s and Capital One
4   Bank's Motion to Strike Fifth Amended Complaint; and (3) Defendants Capital One Services, Inc.'s
5   and Capital One Bank's Request for Judicial Notice in Support of Motion to Strike Fifth Amended
6   Complaint ("Request for Judicial Notice"), in which defendant Bank of America, N.A. joined.
7   Bonny Sweeney and Katherine Nahapetian of Milberg Weiss Bershad Hynes & Lerach LLP and
8   Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain appeared on behalf of plaintiffs.
9   Arne Wagner, James F. McCabe, and Amy Lovell of Morrison & Foerster LLP appeared on behalf of
10  Bank of America, N.A., Capital One Services, Inc. and Capital One Bank. The Court having read
11  and considered the papers filed in this matter and heard the arguments of counsel, and GOOD
12  CAUSE APPEARING, FINDS AND ORDERS AS FOLLOWS:
13      1.  Defendants' Request for Judicial Notice is GRANTED.
14      2.  Bank of America's and Capital One's Motions to Strike are GRANTED IN PART AND
15  DENIED IN PART.
16      (a)  The portions of the motions that request that Prayers B and D of the Fifth Amended
17  Complaint and of the Consolidated Complaint be stricken is DENIED. California Business &
18  Professions Code section 17203, as interpreted by the California Supreme Court in *Korea Supply Co.*
19  *v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) and other cases, authorizes this to Court order
20  defendants to restore to a plaintiff "funds in which he or she has an ownership interest." *Korea*
21  *Supply*, 29 Cal. 4th at 1149. On this motion to strike, the Court cannot determine whether plaintiffs
22  have an "ownership" or "vested" interest in the information identified in the complaints that
23  Defendants allegedly improperly disclosed to third parties, or whether in any event such interest is
24  capable of being restored to plaintiffs, because legal and factual issues remain to be resolved. Given
25  those issues, the claimed remedies are not irrelevant, false or improper matters in the complaint, and
26  should not be stricken. Accordingly, the motion to strike these prayers is DENIED without prejudice
27  to any subsequent motion by the defendants challenging the propriety of the relief sought by the
28  complaints.

2

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART
BANK OF AMERICA'S AND CAPITAL ONE'S MOTIONS TO STRIKE

sf-1523302

1  (b)  The portions of the Defendants' motions that request that the common law and
2 statutory misappropriation allegations be stricken is GRANTED IN PART AND DENIED IN PART.
3 Plaintiffs have agreed that their claims to relief will not be based upon Civil Code section 3344, and
4 the following language is therefore stricken from the complaints: the words "and statutory" in
5 paragraphs 32(b) and 32(e) of the Fifth Amended Complaint and in paragraphs 32(b) and 32(e) of
6 the Consolidated Class Action Complaint. The Court cannot determine as a matter of law on this
7 motion that the common law misappropriation allegations fail to state a claim, and on that ground, the
8 portions of the motions addressing the common law allegations are denied.

9  (c)  The portion of Capital One's motion moving to strike the California Consumers
10 Legal Remedies Act, Cal. Civ. Code §§ 17500 et seq. ("CLRA"), allegations is GRANTED. The
11 CLRA applies only to the sale of goods or services to consumers, Civ. Code § 1770, and not to credit
12 relationships. The credit relationships that the Fifth Amended Complaint alleges existed between
13 Capital One and plaintiffs thus fall outside of the CLRA's scope. Alternatively, the Fifth Amended
14 Complaint's allegations fail to state a claim for violation of Civil Code sections 1770(a)(5), (9), (14),
15 (16) or (19). The following language is stricken from the Fifth Amended Complaint: Paragraph
16 32(f) in its entirety, located at page 9, lines 3-5.

17  3.  Defendants shall have ten days from notice of entry of this order to answer the
18 respective complaints.

20  IT IS SO ORDERED.

22  Dated: 8|6, 2003

23  Richard A. Kramer
    Judge of the Superior Court