**EXHIBIT H**

1 | ARTURO J. GONZÁLEZ (BAR NO. 121490)
MICHAEL J. AGOGLIA (BAR NO. 154810)
2 | HEATHER A. MOSER (BAR NO. 212686)
MORRISON & FOERSTER LLP
3 | 425 Market Street
San Francisco, California 94105-2482
4 | Telephone: (415) 268-7000
Facsimile: (415) 268-7522
5 |
Attorneys for Defendant
6 | WMC MORTGAGE CORP.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN 1  2005

GORDON PARK-LI, CLERK
BY: _____
Deputy Clerk

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10                       UNLIMITED CIVIL JURISDICTION

11

12 | PATRICIA C. BARBERA,                    | Case No.   CGC-01-322066

13 |                Plaintiff,               | [PROPOSED] ORDER
                                            | GRANTING DEFENDANT WMC
14 |        v.                               | MORTGAGE CORP.'S MOTIONS
                                            | *IN LIMINE* NOS. 1, 2, AND 4,
15 | WMC MORTGAGE CORP., a California       | DENYING WMC MORTGAGE
    | Corporation; MILLENNIUM FORECLOSURE    | CORP,'S MOTION *IN LIMINE*
16 | SERVICES; DOES 1 through 20, inclusive, | NO. 3, AND DENYING
                                            | PLAINTIFF'S MOTION FOR
17 |                Defendants.              | LEAVE TO AMEND

18 |                                         | Date:     May 11, 2005
                                            | Time:     9:00 a.m.
19 |                                         | Dept.:    210
                                            | The Honorable Peter J. Busch
20
21 |                                         | Complaint filed:   June 11, 2001
                                            | Trial Date:        None set
22

23

24

25

26

27

28

                            [PROPOSED] ORDER

1      Defendant WMC Mortgage Corp.'s ("WMC") Motion *in Limine* No. 1: To Exclude

2  Evidence Or Argument Regarding Plaintiff's Private Attorney General Claim, WMC's Motion *in*

3  *Limine* No. 2: To Exclude Evidence or Argument Regarding the Consumer Legal Remedies Act

4  ("CLRA"), WMC's Motion *in Limine* No. 3: To Exclude Evidence and Argument regarding Res

5  Judicata and Estoppel Arising From Plaintiff's Bankruptcy Proceedings, and WMC's Motion *in*

6  *Limine* No. 4: To Exclude Evidence or Argument Regarding Rescission as well as Plaintiff

7  Patricia Barbera's Motion for Leave to Amend Complaint came before this Court for hearing on

8  May 11, 2005 at 9:00 a.m. John G. Warner appeared on behalf of plaintiff, and Michael J.

9  Agoglia and Heather A. Moser appeared on behalf of defendant. Having read and considered the

10  motions, the accompanying declarations, and other pleadings and papers on file herein; all parties

11  having had an opportunity to be heard; and good cause appearing therefore, the Court hereby

12  rules as follows:    *Ruling is reserved on the motion to*

13      (1)    WMC's Motion *in Limine* No. 1: ~~To~~ Exclude Evidence Or Argument Regarding

14  Plaintiff's Private Attorney General Claim ~~is hereby GRANTED with respect to the application of~~ *in light of the change in the status of*

15  ~~Proposition 64 to plaintiff's private attorney general claim. Two published appellate authorities,~~ *published law since the hearing and plaintiff's substitution of counsel,*

16  *Thornton v. Career Training Ctr., Inc.*, 128 Cal. App. 4th 116 (2005), and *Frey v. Trans Union*

17  *Corp.*, 127 Cal. App. 4th 986 (2005), bind this Court to apply Proposition 64, which precludes

18  plaintiff from pursuing a private attorney general claim. The propriety of allowing plaintiff to

19  ~~amend to add class allegations in light of the application of Proposition 64 is hereby reserved.~~

20      (2)    WMC's Motion *in Limine* No. 2: To Exclude Evidence or Argument Regarding

21  the Consumer Legal Remedies Act is hereby GRANTED. The Legislature specifically eliminated

22  the term "credit" from the definition of "consumer" in enacting the CLRA. *Compare* Assembly

23  Bill No. 292, 1970 Reg. Sess. (Jan. 21, 1970), *with* Assembly Bill No. 292, 1970 Reg. Sess.

24  (Jan. 21, 1970) (as amended Aug. 7, 1970). The Court finds that, applying settled principles of

25  statutory construction, the CLRA does not apply to credit transactions. Because the CLRA

26  claims at issue here all relate to the credit transaction between plaintiff and WMC, plaintiff's first

27  cause of action for alleged violations of the CLRA is hereby DISMISSED. Moreover, the Court

28  finds that even if the CLRA applied, plaintiff's claim for damages under the CLRA would have to

May 26 05 11:11a    John Warner

1  be, and is hereby, STRICKEN because plaintiff failed to comply with the statutory notice

2  procedures set forth in Civil Code section 1782.

3     (3)   WMC's Motion *in Limine* No. 3: To Exclude Evidence and Argument regarding

4  Res Judicata and Estoppel Arising From Plaintiff's Bankruptcy Proceedings is hereby DENIED.

5  WMC has withdrawn its argument under res judicata because it was not alleged as an affirmative

6  defense. Although the Court does not find that plaintiff is blameless for her failure to list her

7  claims against WMC in her asset schedules, the elements of judicial estoppel are not met in this

8  instance because plaintiff did not obtain a "substantial benefit" from the omission.

*— at least in part*

9     (4)   WMC's Motion *in Limine* No. 4: To Exclude Evidence or Argument Regarding

10  Rescission is hereby GRANTED. Rescission is not an available remedy under Unfair

11  Competition Law, California Business and Professions Code section 17200 *et seq.*

12     (5)   Plaintiff's Motion for Leave to Amend is hereby DENIED. Allowing plaintiff to

13  amend her claims as proposed would cause considerable prejudice to WMC, and that prejudice

14  clearly outweighs the considerations favoring amendment.

15     The parties are hereby ordered to appear at a case management conference on June 1,

16  2005, at 9:00 a.m. in order to discuss whether plaintiff intends to pursue this case in light of the

17  Court's rulings. A joint case management conference statement is due on May 26, 2005.

18

19     IT IS SO ORDERED

20

21  Dated: **6/1** , 2005

22  The Honorable Peter J. Busch
    JUDGE OF THE SUPERIOR COURT

23  COUNTY OF SAN FRANCISCO

24  Approved as Conforming to the Court's Order:

25

26  John G. Warner, Esq.

27  Counsel for Plaintiff
    Patricia Barbera

28

2
[PROPOSED] ORDER

sf-1928706

1  be, and is hereby, STRICKEN because plaintiff failed to comply with the statutory notice

2  procedures set forth in Civil Code section 1782.

3       (3)    WMC's Motion *in Limine* No. 3: To Exclude Evidence and Argument regarding

4  Res Judicata and Estoppel Arising From Plaintiff's Bankruptcy Proceedings is hereby DENIED.

5  WMC has withdrawn its argument under res judicata because it was not alleged as an affirmative

6  defense.  Although the Court does not find that plaintiff is blameless for her failure to list her

7  claims against WMC in her asset schedules, the elements of judicial estoppel are not met in this

8  instance because plaintiff did not obtain a "substantial benefit" from the omission.

9       (4)    WMC's Motion *in Limine* No. 4: To Exclude Evidence or Argument Regarding

10  Rescission is hereby GRANTED.  Rescission is not an available remedy under Unfair

11  Competition Law, California Business and Professions Code section 17200 *et seq.*

12       (5)    Plaintiff's Motion for Leave to Amend is hereby DENIED.  Allowing plaintiff to

13  amend her claims as proposed would cause considerable prejudice to WMC, and that prejudice

14  clearly outweighs the considerations favoring amendment.

15       The parties are hereby ordered to appear at a case management conference on June 1,

16  2005, at 9:00 a.m. in order to discuss whether plaintiff intends to pursue this case in light of the

17  Court's rulings.  A joint case management conference statement is due on May 26, 2005.

18

19  **IT IS SO ORDERED**

20

21      Dated: _____, 2005          _____

22                                      The Honorable Peter J. Busch
JUDGE OF THE SUPERIOR COURT
COUNTY OF SAN FRANCISCO

23

24  Approved as Conforming to the Court's Order:

25

26  _____

27  John G. Warner, Esq.
Counsel for Plaintiff

28  Patricia Barbera

[PROPOSED] ORDER
sf-1928706

1

## PROOF OF SERVICE BY MAIL

2

### (CCP 1013a, 2015.5)

3

I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market
4   Street, San Francisco, California, 94105; I am not a party to the within cause; I am over the age of
eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and
5   processing of correspondence for mailing with the United States Postal Service and know that in the
ordinary course of Morrison & Foerster's business practice the document described below will be
6   deposited with the United States Postal Service on the same date that it is placed at Morrison &
Foerster with postage thereon fully prepaid for collection and mailing.

7

I further declare that on the date hereof I served a copy of:

8

9       **NOTICE OF ENTRY OF ORDER GRANTING DEFENDANT WMC MORTGAGE
CORP.'S MOTIONS *IN LIMINE* NOS. 1, 2, AND 4, DENYING WMC MORTGAGE CORP.'S
10   MOTION *IN LIMINE* NO. 3, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND**

11

12   on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for
collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California,
13   94105, in accordance with Morrison & Foerster's ordinary business practices:

14

| Patricia C. Barbera | Rita K. Johnson |
15 |24 Caribe Isle | 21 Tamal Vista Blvd., Suite 168 |
| Novato CA 94949 | Corte Madera CA 94925 |
16

17

I declare under penalty of perjury under the laws of the State of California that the above is
18   true and correct.

19       Executed at San Francisco, California, this 1st day of June, 2005.

20

21

22       Carol J. Peplinski
_____          _____
23           (typed)                              (signature)

24

25

26

27

28