**EXHIBIT I**

FILED
LOS ANGELES SUPERIOR COURT
JUL 28 2006
JOHN A. CLARKE, CLERK
BY M. CERVANTES, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EDWARD SHIE, an individual, on behalf of all other similarly situated, <br><br> Plaintiff, <br> vs. <br><br> AMERICAN EXPRESS CENTURION BANK, a Utah corporation; and DOES 1 through 20, inclusive, <br><br> Defendant. | Case No. BC 345823 <br><br> **ORDER SUSTAINING DEMURRER TO ALL THREE CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Defendant American Express Centurion Bank's Demurrer to Plaintiff's First Amended Complaint came on regularly for hearing on June 12, 2006 at 9:30 AM and resumed on July 25, 2006 at 10:00 AM in Department 309 of the above entitled court, the Honorable Anthony J. Mohr, Judge Presiding. Stephen Newman, Stroock & Stroock & Lavan L.L.P., appeared on behalf of Plaintiff. William Turner, Jones, Bell, Abbott, Fleming & Fitzgerald, L.L.P., appeared on behalf of Defendant. The Court now rules that the Demurrer is sustained, with leave to amend.

## DISCUSSION

Plaintiff asserts that Defendant violates the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750-1784) (the "CLRA") by inserting into its contracts with California consumers provisions that purport to bar consumers from bringing class actions against Defendant. Plaintiffs state that the California Supreme Court has held class action waiver provisions similar to Defendant's unconscionable and unenforceable because such provisions harm consumers and create exemption from responsibility for fraud or willful injury. *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 156-63 (2005).

Plaintiff alleges three causes of action:

(1) Violations of the CLRA § 1770(a)(19), which prohibits insertion of an unconscionable provision in commercial contracts.

(2) Injunctive relief pursuant to Cal. Code of Civ. Proc. § 526 requesting prohibition of alleged wrongful acts.

(3) Declaratory relief seeking an award of attorney's fees and costs of the fees pursuant to Cal. Code of Civ. Proc. § 1021.5 and Cal. Civ. Code § 1780 (d).

Defendant's two main arguments are: (1) Plaintiff lacks standing to challenge the class action waiver provision in light of the fact that Plaintiffs have suffered no pecuniary damages; (2) The CLRA was not intended to regulate financial transactions such as credit cards.

The Court sustains the demurrer on the first ground.

I

## STANDING

The first question is whether Plaintiff has standing to challenge the class action waiver provision in light of the fact that no pecuniary damages exist at this time. To support its position, Defendant relies on *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754-56 (2003), in which the court wrote that "[r]elief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof." The court in *Wilens* held that under the

1  CLRA, a defendant must have caused the plaintiff to sustain actual injury that is capable of redress.
2  *Id.* Simply because a potentially unconscionable provision is present in a contract does not
3  automatically confer CLRA standing. There must be an action by the defendant to administer or
4  enforce the alleged offending provision in an unconscionable manner, with concrete, measurable
5  damage to the consumer. Additionally, damages may not be based upon sheer speculation or
6  surmise. *Ventura County Humane Soc'y v. Holloway*, 40 Cal. App. 3d 897, 906-07 (1974). Mr.
7  Shie has not pleaded that he has suffered any concrete, measurable damage because Defendant has
8  inserted a class action waiver into its contract.
9        Plaintiff asserts that the amendment damages him by infringing on his legal right to file a
10 class action against American Express in the future should any dispute arise between the parties.
11 Although seductive, the argument lacks merit because at this time, Mr. Shie has not lost any money
12 and has no pending claim. Plaintiff primarily relies on dictum in *Kagan v. Gibraltar Sav. & Loan*
13 *Assn.*, 35 Cal. 3d 582, 593 (1984), in which the California Supreme Court broadly interpreted the
14 damage requirement of the CLRA to include "the infringement of any legal right as defined by
15 section 1770." *Kagan* is distinguishable because more that the mere existence of a provision
16 existed. The plaintiffs' damages included the pecuniary loss resulting from the defendant's practice
17 of deducting management fees from plaintiffs' bank accounts. *Id.* at 595. In particular, the
18 California Supreme Court held that the defendant could not avoid a CLRA claim by remedying only
19 the class representative's claim without also remedying other class members' injuries. *Id.* Simply
20 remedying the class representative's injury did not stop the representative from suing since the
21 plaintiff had formerly suffered monetary damage. *Id.* This was held to be a legitimate infringement
22 of plaintiff's legal right and, hence, constituted damage under the CLRA.
23       Plaintiff's reliance on other cases to show standing do not apply here; no cited case found
24 the mere existence of a provision to constitute damage. All cited cases involve something more,
25 even if nominal, to justify damages under the CLRA. *See, e.g., Szetela v. Discover Bank*, 97 Cal.
26 App. 4th 1094, 1101 (2002) (certifying the class since plaintiff indeed suffered nominal damages in
27 the amount of $29); *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 154 (2005) (where plaintiff's
28

damage included concrete late fees and finance charges). None of these cases entail a bare attack on the mere existence of a provision.

Even if one analyses this case under a declaratory relief theory, the Court cannot find standing. Declaratory relief is bottomed on an actual, present controversy over a proper subject. *See Maguire v. Hibernia Savings & Loan Soc.*, 23 C.2d 719, 728 (1944) ("A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties . . .") An actual and present controversy is defined as a case that requires a definitive determination of the law on the facts alleged for the adjudication of an actual dispute, not merely a hypothetical, theoretical, or speculative legal issue. *Blacks Law Dictionary*, 8th ed. 2004; *see, e.g., Sherwyn v. Department of Social Services*, 173 C.A.3d 52 (plaintiffs seeking declaration regarding applicability of statutes and county policy did not present any controversy). In the case at bar, Plaintiff is asking the court to declare a provision unconscionable without any present and actual controversy.

A plaintiff may seek declaratory relief in the absence of a showing of present controversy, where the likelihood of future controversy clearly appears in the complaint. *See Klinker v. Klinker*, 132 C.A.2d 687, 693 ("Future rights may be determined when a declaration of the present and actual controversy is dependant on an adjudication of such future rights."); *see also* 62 HARV. L. REV. 797. However, Plaintiff presents no facts to show a strong likelihood that the arbitration agreement's class action waiver provision will be invoked by either party.

## II.
### The CLRA And Credit Card Agreement

The second question pertains to whether the CLRA was intended to apply to credit card agreements. Defendant relies on the plain text of the statute as well as its legislative history to show the Legislature's intent to exclude financial transactions from the CLRA. Defendant primarily argues that if the Legislature intended the CLRA to apply to credit cards, the statute would include "extension of credits" to specifically indicate this desire.

- 4 -

Credit card services are services covered by the CLRA. Cal. Civ. Code § 1770(a) includes transactions intended to result or which result in the sale or lease of goods or services to any consumer. Cal. Civ. Code § 1761 (e) of the CLRA provides that "[t]ransaction means an agreement between a consumer and any other person." Credit card services are "transactions" since they are agreements between Plaintiff, a consumer, and another person, and are intended to result in the sale or lease of goods or services to Plaintiff.

Additionally, credit card services encompass consumer convenience services within the ambit of the CLRA definition of services. The rationale applied in *Hitz v. Interstate Bank*, 38 Cal. App. 4th 274 (1995), applies to the case at hand. *Hitz* held that credit agreements fell within the reach of Cal. Civil Code § 1671(d), which allowed for invalidation of liquidated damage clauses in consumer contracts for services. *Id.* at 287. In *Hitz*, the defendant similarly challenged the application of § 1671 to credit card services arguing that a credit card agreement is a contract for the extension of credit rather than services, and legislative history indicates an extension of credit is not a consumer contract within the meaning of § 1671. *Id.* at 286. The defendant argued that the exclusion of certain terms, such as credit, was indicative of the intention of the Legislative to exclude such contracts from the scope of the statute. *Id.* However, the court dismissed the exclusion of the term credit as denotative of the Legislature's intent to exclude credit from the scope of the statute. *Id.* The court declined to rule specifically "whether an extension of credit was a consumer contract within the meaning of Civil Code section 1671, subdivision (c)(1), because a credit card agreement is much more than that, encompassing convenience services in addition to extension of credit." *Id.* The court delved into an analysis of the dual nature of credit cards and concluded that a credit card was "a contract between a consumer and the bank for the provision of a service that allows the consumer to use the credit card as a common convenience, a form of payment that can be used in any number of transactions as the medium of exchange without the requirement of cash currency." *Id.* at 288. Applying this rationale, a credit card agreement would qualify as a protected transaction under CLRA, section 1761(e), which states that a transaction is an agreement between a consumer and any other person including the making of and performance of that contract.

## CONCLUSION AND ORDER

Although the CLRA does apply to credit card services, Plaintiff does not have standing to challenge the CLRA since Plaintiff has not suffered any concrete damage. Defendant's demurrer to Plaintiff's First Amended Complaint is SUSTAINED with 30 days' leave to amend.

Dated JUL 2 8 2006

Anthony J. Mohr
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/28/06  
DEPT. 309

HONORABLE Anthony J. Mohr  JUDGE  
M. CERVANTES  DEPUTY CLERK  
M. RODRIGUEZ, Courtroom Assistant

HONORABLE  JUDGE PRO TEM  
ELECTRONIC RECORDING MONITOR

NONE  Deputy Sheriff  
NONE  Reporter

BC345823  Plaintiff  
Counsel  
EDWARD SHIE

VS  Defendant  
Counsel  
AMERICAN EXPRESS CENTURION BANK  
NO APPEARANCES  
r/t BC345285 [lead case]

NATURE OF PROCEEDINGS:

RULING ON MATTER TAKEN UNDER SUBMISSION ON JULY 25, 2006

In this matter heretofore taken under submission on July 25, 2006, the court now issues its ruling as reflected in "Order Sustaining Demurrer to All Three Causes of Action of the First Amended Complaint With Leave to Amend" signed and filed this date.

A copy of the above-mentioned order is sent to all counsel.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 07/28/06 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: July 31, 2006

John A. Clarke, Executive Officer/Clerk

Page 1 of 2  DEPT. 309

MINUTES ENTERED  
07/28/06  
COUNTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/28/06      DEPT. 309

HONORABLE Anthony J. Mohr    JUDGE    M. CERVANTES    DEPUTY CLERK
M. RODRIGUEZ, Courtroom Assistant
HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

NONE    Deputy Sheriff    NONE    Reporter

BC345823    Plaintiff Counsel

EDWARD SHIE

         VS    Defendant Counsel
AMERICAN EXPRESS CENTURION BANK      NO APPEARANCES

r/t BC345285 [lead case]

NATURE OF PROCEEDINGS:


By: _____
      M. Cervantes, Deputy Clerk


STROOCK & STROOCK & LAVAN LLP
Attn: Stephen Newman, Esq.
2029 Century Park East, Suite 1800
Los Angeles, CA  90067-3086


JONES, BELL, ABBOT, FLEMING
   & FITZGERALD LLP
Attn: William M. Turner, Esq.
601 South Figueroa Street, 27th Floor
Los Angeles, CA  90017-5759

Page   2 of   2   DEPT. 309

MINUTES ENTERED
07/28/06
COUNTY CLERK