1  **Matthew S. Hale, Esq.**
2  **HALE & ASSOCIATES**
   **Calif. State Bar No. 136690**
3  **45 Rivermont Drive**
   **Newport News, VA 23601**

4  **Mailing Address:**
   **P.O. Box 1951**
5  **Newport News, VA 23601**

6  **Telephone No. (757) 596-1143**
   **E-Mail: matthale@verizon.net**
7
   **Attorney for Plaintiff, DAVID J. LEE**
8

9                **UNITED STATES DISTRICT COURT**
10
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12  **DAVID J. LEE, individually and on behalf**     )     **Case No.: C-07-4599 - MHP**
    **of others similarly situated,**                )
13                                                    )
                                                      )
14                   **Plaintiffs,**                  )     **MEMORANDUM OF POINTS AND**
                                                      )     **AUTHORITIES IN SUPPORT OF**
15          **vs.**                                   )     **PLAINTIFF'S OPPOSITION TO**
                                                      )     **DEFENDANTS' MOTION TO DISMISS**
16                                                    )     **AND FOR JUDGMENT ON THE**
                                                      )     **PLEADINGS**
17  **CAPITAL ONE BANK and CAPITAL**                  )
    **ONE SERVICES, INC., Virginia**                 )
18  **corporations, DOES 1 through 100,**            )     **DATE:  March 3, 2008**
    **inclusive,**                                    )     **TIME:  2:00 p.m.**
19                                                    )     **CTRM: 15**
                                                      )              **18th Floor**
20                                                    )              **450 Golden Gate Ave.**
                   **Defendants.**                    )              **San Francisco, Ca. 94102**
21                                                    )
                                                      )
22                                                    )
                                                      )
23                                                    )
                                                      )
24                                                    )
25
26
27
28

                                    1

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ............................................................................... 1

II.  ARGUMENT .................................................................................. 10

A.  Plaintiff's Action Is Not, As A Matter Of Law, Collaterally
Estopped By American Express ............................................. 10

B.  **American Express** Was Wrongly Decided And Is Inapposite:
Plaintiff Has Suffered A Redressible Injury Caused By
Capital One's Practices ......................................................... 11

1.  Not Receiving The Full Value Of The Cardmember
Agreement And Thereby Not Receiving That For Which
One Paid – In This Instance, An Enforceable Right To
Mandatory Arbitration -- Is An Injury In Fact ........................ 13

2.  Arbitration Is Not A Prerequisite For Plaintiff's Standing .......... 16

3.  The Violation Of Plaintiff's California Statutory Right To
Not Have Unconscionable Terms Inserted In His Contract
Provides An Independent Injury And Source Of Standing ........... 21

C.  The CLRA, Even If It Does Not Cover "Credit," Nonetheless
Covers Capital One's Credit Cards ......................................... 23

D.  Plaintiff Has Standing Under The CLRA In That He Has Been
"Damaged" By Capital One's Violation Of His Statutory Right
To Not Have Unconscionable Terms Inserted In His Contracts ........ 27

E.  Capital One Services, Inc. Is A Proper Party-Defendant
And Should Not Be Dismissed From The Action ......................... 28

F.  Plaintiff's UCL Claims Do Not Fail As A Matter Of Law ............ 29

G.  The Complaint Meets The Specificity Requirements Of
Fed.R. Civ.P. 9(b) ............................................................. 30

III.  CONCLUSION ............................................................................ 31

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

## TABLE OF AUTHORITIES

**Page[s]**

**Cases**

Abelson v. National Fire Ins. Co., 28 Cal.App.4th 776, 35 Cal.Rptr.2d 13 (1994)...................... 11

American Financial Services Assn v. City of Oakland, 34 Cal.4th 1239, 23 Cal.Rptr.3d 453, 104 P.3d 813 (2005).......................................................................................................... 25

Applicance Distributors, Inc. v. Mercury Electric Corp., 202 F.2d 651 (10th Cir. 1953)............. 13

Baker v. Liberty Mut. Ins. Co., 143 F.3d 1260 (9th Cir. 1998) ...................................... 3

Benson v. Kwikset Corp., 152 Cal.App.4th 1254, 62 Cal.Rptr.3d 284 (2007) ............................ 14

Berry v. American Express Publishing Co., 147 Cal.App.4th 224, 54 Cal.Rptr.3d 91 (2007) 24, 27

Bertero v. Superior Court, 216 Cal. App. 2d 213, 230 Cal. Rptr. 719 (1963)............................. 20

Bigge Crane & Rigging Co. v. Docutel Corp. 371 F.Supp. 240 (E.D.N.Y. 1973) ........................ 7

Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 44 S.Ct. 471, 68 L.Ed. 934 (1924)........... 6

Broughton v. Cigna Healthplans, 21 Cal.4th 1066, 90 Cal.Rptr.2d 334, 988 P.2d 334 (1999)....... 1

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S. Ct. 1204, 1209, 163 L. Ed. 2d 1038 (2006)................................................................................................... passim

Buckland v. Threshold Enterprises, Inc., 155 Cal.App.4th 798, 66 Cal.RPtr.3d 543 (2007)........ 30

C.W. Anderson Hosiety Co. v. Dixie Knitting Mills, 204 F.2d 503 (4th Cir. 1953).................... 13

Cal. Chamber of Commerce v. Simpson, 601 F.Supp. 107 (C.D.Cal. 1985) ............................. 11

California Grocer's Assn v. Bank of America, 22 Cal.App.4th 205, 27 Cal.RPtr.2d 396 (1994). 23

Cantrell v. City of Long Beach, 241 F.3d 674 (9th Cir. 2001)................................................ 13, 22

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1996) .................................................................................... 9

Chamberlain v. Ford Motor Co., 369 F.Supp.2d 1138 (N.D.Cal. 2005) .................................... 14

ii

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

<u>Cole v. Doe</u>, 387 F.Supp.2d 1084 (N.D. Cal. 2005) ...................................................... 23

<u>Colgan v. Leatherman Tool Group, Inc.</u>, 135 Cal.App.4[th] 663, 38 Cal.Rptr.3d 38 (2006) .... 14, 28

<u>Comb v. PayPal, Inc.</u>, 218 F.Supp.2d 1165 (N.D.Cal. 2002) ......................................... 1

<u>Cooper v. Prime Image, Inc.</u>, 1999 U.S.Dist.LEXIS 14898 (N.D.Cal. May 14, 1988) ............... 11

<u>Cutler v. Hayes</u>, 818 F.2d 879 (D.C. Cir. 1987) ........................................................ 11

<u>Daghlian v. DeVry Univ., Inc.</u>, 461 F.Supp. 1121 (N.D.Cal. 2006) ........................................ 14

<u>Davis v. O'Melveny & Meyers</u>, 485 F.3d 1066 (9th Cir. 2007) ......................................... 1

<u>Diamond v. Chakrabarty</u>, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 1416 (1980) ...................... 9

<u>Discover Bank v. Superior Court</u>, 36 Cal.4[th] 148, 40 Cal.Rtpr.3d 76 (2005) ...................... 1, 8, 15

<u>Dunn v. Noe</u>, 2007 U.S.Dist.LEXIS 86521 (N.D.Cal. November 7, 2007) ................................. 11

<u>EBay, Inc. v. Bidder's Edge</u>, 100 F.Supp.2d 1058 (N.D. Cal. 2000) .............................. 9

<u>Falk v. General Motors Corp.</u>, 496 F.Supp.2d 1088 (N.D.Cal. 2007) ................................ 14

<u>First National Bank v. Pomono Tile Mfg. Co.</u>, 82 Cal.App.2d 592, 186 P.2d 693 (1947) ............ 3

<u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)
........................................................................................................ 17

<u>FMC v. Boesky</u>, 852 F.2d 981 (7th Cir. 1988) ......................................................... 22

<u>Franklin & Franklin v. 7-Eleven owners for Fair Franchising</u>, 85 Cal.App.4[th] 1168, 102 Cal.Rptr.
2d 770 (2000) ....................................................................................... 11

<u>Freeman v. Mattress Gallery</u>, 2007 Cal.App.Unpub.App. 9102 (November 8, 2007) .......... 23, 28

<u>Gantt v. Sentry Insurance</u>, 1 Cal.4[th] 1083, 4 Cal.Rptr.2d 874, 824 P.2d 680 (1992) .................... 3

<u>Gentry v. Superior Court</u>, 42 Cal.4[th] 443, 64 Cal.Rptr.3d 773, 165 P.3d 556 (2007) ............... 1, 8

<u>George Day Construction Co. v. Carpenters Local 354</u>, 722 F.2d 1471 (9th Cir. 1984) ............ 20

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

Glenbrook Capital limited Partnership v. Mali Kuo, 2007 U.S.Dist.LEXIS 68353 (N.D. Cal. September 16, 2007) ................................................................................................. 30

H.S.Crocker Co. v. McFaddin, 148 Cal.App.2d 639, 307 P.2d 429 (1957) ................................. 15

Hernandez v. Hilltop Financial Mortgage, Inc., 2007 U.S.Dist.LEXIS 80867 (N.D.Cal. October 27, 2007) ......................................................................................................... 24, 26

Hitz v. First Interstate Bank, 38 Cal.App.4th 274 (1995).................................................. 24, 25, 26

Hood v. Bekins Van & Storage Co., 178 Cal. 150, 172 P. 594 (1918) ........................................ 15

Hunter v. GMC, 2007 Cap.App.Unpub. 9252 (November 19, 2007) ......................................... 14

In re Ameriquest Mortgage Co., 2007 U.S.Dist.LEXIS 29641 (N.D.Ill. April 23, 2007)........... 27

In re Berman, 48 Cal.3d 517, 256 Cal.Rptr. 802, 769 P.2d 984 (1990) ..................................... 26

Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003 ......................................... 1, 8, 16

Jefferson v. Chase Home Finance LLC, 2007 U.S.Dist.LEXIS 36298  (N.D.Cal. May 3, 2007)24, 26

Kagan v. Gibraltar Savings & Loan Ass'n, 35 Cal.3d 582, 200 Cal.Rptr. 38, 676 P.2d 1060 (1984)...................................................................................................... 13, 22, 23

Kahn v. Lischner, 128 Cal.App.2d 480, 275 P.2d 539 (1954)..................................................... 15

Kay v. City of Rancho Palos Verdes, 504 F.3d 803 (9th Cir. 2007) ......................................... 11

Kreamer v. Earl, 91 Cal. 112, 27 P. 735 (1891) ........................................................................ 3

Kuhl v. Mott, 120 Cal. 668, 53 P. 304 (1898) ........................................................................ 20

Lee v. American Express Travel Related Services Company, Inc., Case No. CV-07-4765 (CRB)(N.D. Cal. December 6, 2007) ................................................................. passim

Long Beach Unified School Dist. v. California, 225 Cal.App.3d 155 (1990)........................... 11

Lozano v. AT&T Wireless Services, 2003 U.S.Dist.LEXIS 21794 (C.D.Cal. August 18, 2003) 16

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

Lozano v. AT&T Wireless Services, 216 F.Supp.2d 1071 (C.D.Cal. 2002).................................. 16

Lozano v. AT&T Wireless Services, 504 F.3d 718 (9th Cir. 2007)........................... 12, 13, 14, 16

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ............. 6

Marek v. Napa Community Redevelopment Agency, 46 Cal.3d 1070, 251 Cal.Rptr. 778, 761
  P.2d 701(1988)................................................................................................................. 26

Metropolitan Water Dist. v. Superior Court, 22 Cal.4th 491, 9 Cal.Rptr.3d 857, 84 P.3d 966
  (2004)................................................................................................................................ 8

Miles, Inc. v. Scripps Clinic & Research Found., 810 F.Supp. 1051 (S.D.Cal. 1993).................. 9

Morta v. Korea Ins. Co., 840 F.2d 1452 (9th Cir., 1989) ............................................................ 9

Nagrampa v. Mailcoups, Inc.,469 F.3d 1257 (9th Cir. 2006)(en banc)................................. passim

National Fire Ins. Co v. Stites Prof. Law Corp., 235 Cal.App.3d 1718, 1 Cal.Rptr.2d 570 (1991)
  ....................................................................................................................................... 11

Newpark Shipbuilding-Pelican island v. Reg Pan Producer, 21 F.Supp.2d 756 (S.D.Tex. 2003) . 7

Ortiz Sandoval v. Gomez, 81 F.3d 891 (9th 1996) ..................................................................... 23

Oscar v. University Students Coop Ass'n, 965 F.2d 783 (9th Cir. 1992) ....................................... 6

Oyster Software, Inc. v. Focus Processing, Inc., 2001 U.S.Dist.LEXIS 22520 (N.D.Cal.
  December 6, 2001)............................................................................................................. 9

Pareto v. F.D.I.C., 139 F.3d 696 (9th Cir. 1998) ................................................................. 29, 30

Parker v. Community First Bank, 123 F.3d 1243 (9th Cir. 1997) ................................................. 6

PowerAgent v. Electronic Data Systems, 358 F.3d 1187 (9th Cir. 2004) ................................... 20

Reveles v. Toyota By The Bay, 57 Cal.App.4th 1139, 67 Cal.Rptr.2d 543 (1997) ...................... 14

Richards v. Owens-Illinois, 14 Cal.4th 985, 60 Cal.Rptr.2d 103, 928 P.2d 1181 (1997) ............. 9

Scherk v. Alberto-Culver Company, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed. 270 (1974)........... 15

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

<u>Semteck Intern. Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32

(2001) ........................................................................................................................... 11

<u>Shroyer v. New Cingular Wireless Services, Inc.</u>, 498 F.3d 976 (9th Cir. 2007) .................. 1, 8, 15

<u>Snow v. Ford Motor Co.</u>, 561 F.2d 787 (9th Cir. 1977) .............................................................. 14

<u>St. Agnes Medical Center v. PacifiCare of California,</u> 31 Cal.4th 1187, 8 Cal. Rptr. 3d 517, 82

P.3d 727 (2003) ........................................................................................................... 21

<u>Starbuck v. City & County of San Francisco,</u> 556 F.2d 450 (9th Cir. 1977) ................................ 2

<u>Szetela v. Discover Bank</u>, 97 Cal.App.4[th] 1094, 118 Cal.Rptr.2d 862 (2002) ............................ 15

<u>Thrifty Tel, Inc. v. Brzenck</u>, 46 Cal.App.4[th] 1559, 54 Cal.Rptr.2d 468 (1996) ........................... 9

<u>Ting v. AT&T</u>, 319 F.3d 1126 (9th Cir. 2003) ................................................................. 1, 8, 16

<u>Triple G Landfills, Inc. v. Board of Commissioners</u>, 977 F.2d 287 (7th Cir. 1992) ................... 21

<u>United States v. Arona</u>, 860 F.Supp. 1091 (D.Md. 1994) .......................................................... 9

<u>Universal Pictures Co. v. Harold Lloyd Corp.</u>, 162 F.2d 354 (9th Cir. 1947) ........................... 15

<u>Vallens v. Tillman</u>, 103 Cal. 187, 37 P. 213 (1894) ................................................................. 13

<u>Van Slyke v. Capital One Bank</u>, 503 F.Supp.2d 353 (N.D.Cal. 2007) ................................. 26, 27

<u>Vestar Dev. II, LLC v. Gen. Dynamics Corp.</u>, 249 F3d 958 (9th Cir. 2001 ............................... 23

<u>Wilens v. T.D.Waterhouse</u>, 120 Cal.App.4th 746 (2003) ........................................................ 27

<u>Willingham v. Hooven, Owens, Rentschler & Co.</u>, 74 Ga. 233 (1894) ....................................... 14

**<u>Statutes</u>**

12 U.S.C. § 1 <u>et seq.</u> ("FAA") ............................................................................................ 15

9 U.S.C. § 10 ................................................................................................................... 21

California Bus. & Prof. Code § 17203 ................................................................................ 2

California Bus. & Prof. Code §§ 17200 <u>et seq.</u> ("UCL") ................................................. passim

**<u>David Lee vs. Capital One Bank, et al.</u>**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

California Civil Code § 1670.5 .................................................................................... passim

California Civil Code § 1760 .................................................................................................. 25

California Civil Code § 1770(a)(19) ....................................................................... 2, 12, 22, 28

California Civil Code § 1770(a)(23) ...................................................................................... 26

California Civil Code § 1782 .................................................................................................... 7

California Civil Code §§ 1750 <u>et seq.</u> ("CLRA") ................................................................ passim

California Financial Code § 2970(b)(1)(A) ........................................................................... 26

## **Other Authorities**

Article III, United States Constitution ....................................................................... 2, 16, 18, 19

## **Rules**

Fed.R.Civ.P. 9(b) ................................................................................................................. 31

Fed.R.Ev. 701 ...................................................................................................................... 15

## **Treatises**

1 Witkin, <u>Summary of California Law</u>, "Contract" § 420 p. 461 (10th ed ) ................................... 3

6 Williston on Contracts (4th ed. 1995) § 12.5 ........................................................................ 3

<u>**David Lee vs. Capital One Bank, et al**</u>.
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

## I.    INTRODUCTION

The crux of Plaintiff's Complaint is a head-on challenge to the unconscionability of Capital One's[1] arbitration provision arising from, inter alia, its class action ban, its consolidation of claims ban, and its injunction ban.[2]  The result of that unconscionability is multiple violations of California's Consumer Legal Remedies Act ("CLRA")[3] and/or Unfair Competition Law ("UCL").[4]  Capital One seeks to prevent this Court from reaching the merits of Plaintiff's claims by seeking dismissal of the Complaint (and/or judgment on the pleadings), in whole or in part, based on a myriad of grounds, none of which have merit.

The primary thrust of Capital One's motions is that Plaintiff does not have any cognizable "injury in fact" and, hence, has no standing under Article III, United States Constitution ("Art. III"), the UCL, or the CLRA.  Indeed, based upon an equitable estoppel

---

[1]    Unless otherwise referred to, Defendants Capital One Bank and Capital One Services, Inc. are collectively referred to as "Capital One."

[2]    The Arbitration Provision's class action ban is unconscionable/unenforceable/illegal pursuant to, inter alia, Gentry v. Superior Court, 42 Cal.4th 443, 64 Cal.Rptr.3d 773, 165 P.3d 556 (2007)("Gentry"); Discover Bank v. Superior Court, 36 Cal.4th 148, 40 Cal.Rptr.3d 76 (2005)("Discover Bank"); Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir. 2007) (adopting Discover Bank)("Shroyer"); Ting v. AT&T, 319 F.3d 1126, 1150 (9th Cir. 2003); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1176 (9th Cir. 2003)(Ingle).  So too is its no consolidation of claims ban unconscionable  pursuant to, inter alia, Ingle; Gentry; Comb v. PayPal, Inc., 218 F.Supp.2d 1165, 1175 (N.D.Cal. 2002).  That same conclusion obtains relative to the injunction ban term of the Arbitration Provision pursuant to Broughton v. Cigna Healthplans, 21 Cal.4th 1066, 90 Cal.Rptr.2d 334, 988 P.2d 334 (1999).   Accord Davis v. O'Melveny & Meyers, 485 F.3d 1066, 1080 (9th Cir. 2007); Nagrampa v. Mailcoups, Inc.,469 F.3d 1257, 1289-1293 (9th Cir. 2006)(en banc)("Nagrampa").  See Complaint, ¶ 49(as to all unconscionable terms).

[3]    California Civil Code §§ 1750 et seq., particularly § 1770(a)(19) that makes "[i]nserting an unconscionable term in the contract" an unlawful act.

[4]    California Bus. & Prof. Code §§ 17200 et seq., particularly § 17203 which allows a cause of action for, among other things, violation of California Civil Code § 1670.5 (proscribing unconscionable contracts and contractual terms).

1

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

theory, Capital One seeks to have this court not conduct its own determination of that issue but, rather, requests that it just "rubber stamp" the recent decision in <u>Lee v. American Express Travel Related Services Company, Inc.</u>, Case No. CV-07-4765 (CRB)(N.D. Cal. December 6, 2007) ("<u>American Express</u>"), which found that the plaintiffs there (including Plaintiff Lee) had no standing based on the erroneous and uninformed determination (identical to that forwarded by Capital One here) that not receiving the full value of his contract (an enforceable contractual right to mandatory arbitration) due to the card issuer having made its Arbitration Provision unconscionable is not a palpable injury, and, in any event, because Plaintiff had not arbitrated or sought to arbitrate his dispute. Since Capital One's argument in this regard is wrong as a matter of law, this Court is free to reach its own determination of the standing issue as well as the other grounds of Capital One's motions, an exercise that will lead to their denial.[5]

In order to rebut Capital One's allegation that Plaintiff's injury is "contrived" and to allay this Court's stated perception or suspicion that his injury may be "trumped up," a clear statement of Plaintiff's injury is the logical starting point since it provides not only the gateway to establishing Plaintiff's standing but, just as importantly, also frames what is at stake in this litigation. Simply stated, the core of Plaintiff's injury is: (1) that Plaintiff, in obtaining and paying for his Capital One credit card, necessarily also obtained a vested contractual right to mandatory arbitration of claims (as defined in the Arbitration Provision) but, (2) because Capital One made its adhesive arbitration provision patently unconscionable (and resultantly both illegal and unenforceable), (3) Plaintiff did not receive an enforceable contractual right to mandatory

---

[5]    It bears noting that <u>American Express</u> has no <u>stare</u> <u>decisis</u> value and this Court is not bound by its ruling, rationale, or conclusions. <u>See</u>, <u>e.g.</u>, <u>Starbuck v. City & County of San Francisco</u>, 556  F.2d 450, 457 n. 13 (9th Cir. 1977).

<u>David Lee vs. Capital One Bank, et al.</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

arbitration,[6] (4) is thus unable as a matter of law and fact to arbitrate what would otherwise be arbitrable claims (including the fraud claim and claims that certain non-arbitration provision terms of the customer agreement are unconscionable and violate the UCL and CLRA), and as a result, (5) Plaintiff has "lost" some or all of the value/consideration paid by him for his vested contractual right to mandatory arbitration. Complaint, ¶¶ 34-39, 69-82.  It is important to note in this final regard that Plaintiff did "pay" for that contractual right:  in addition to the specifically alleged fact that the right to mandatory arbitration has a pecuniary value, [Complaint, ¶¶ 28-29], basic contract law principles establish that his annual fee was paid, at least in part, as monetary consideration for the contractual right to mandatory arbitration.  See, e.g., First National Bank v. Pomono Tile Mfg. Co., 82 Cal.App.2d 592, 603-04, 186 P.2d 693 (1947) ("[o]ne consideration may support the several promises of one end of the bargain").  That the cardmember agreement was adhesive does not change this result:  the monetary consideration was paid for all promises.

With all due respect, any perception that Plaintiff's injury is "contrived" or "manufactured" frankly assumes -- and overlooks -- far too much and is erroneous.  Plaintiff's alleged injury is of the same type and variety that any person suffers who, having paid his

---

[6]     In this context, Capital One's argument that Plaintiff has no injury or claim because he received exactly what was promised him and for which he paid – a credit card with an arbitration provision containing unconscionable terms – lacks merit.  If the situation was otherwise then the concept of unconscionability and California's consumer protection laws would have no meaning or application in any context.  This is due to the unexceptionable, principle that a party cannot, as a matter of law, agree to and be bound by unconscionable contract terms since they are illegal. See, e.g., Baker v. Liberty Mut. Ins. Co., 143 F.3d 1260, 1264 (9th Cir. 1998)("parties may not generally bargain for or agree to an illegal term"); Gantt v. Sentry Insurance, 1 Cal.4th 1083, 1093, 4 Cal.Rptr.2d 874, 824 P.2d 680 (1992) ("We have … long declined to enforce contracts inimical to law or the public interest");  Kreamer v. Earl, 91 Cal. 112, 117, 27 P. 735 (1891); 1 Witkin, Summary of California Law, "Contract" § 420 p. 461 (10th ed )(a contract is "illegal if it is in conflict either with express statutes or public policy").  Nor can the illegality of a contract or one of its provisions be waived.  See 6 Williston on Contracts (4th ed. 1995) § 12.5.

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

money, receives non-conforming or inferior quality goods or who, because of some deceptive practice or defect, receives less than that for which they paid. Rhetorically, would any court accuse a plaintiff of having a "manufactured" injury when he had paid for a certain class or type of goods but received non-conforming goods? Or, for that matter, that such a plaintiff did not have standing to sue the supplier providing the non-conforming goods?

While the lack of merit of the defendants' motions is discussed below, several preliminary matters should be noted in order to place this action in its proper context. First, Capital One has intransigently retained the terms of its Arbitration Provision and card member agreements in the face of (and in spite of) an unbroken line of California and Ninth Circuit precedents uniformly holding terms identical to them to be unconscionable. See, Complaint, ¶ 49. Second, this lawsuit, rather than being "manufactured," is informed by the public's and courts' growing awareness of the unconscionability and unenforceability of similar terms various businesses include in their adhesive agreements (including, notably, credit card issuers, telephone service providers, and other public-service entities). Third, Plaintiff is admittedly asking this Court to recognize a specific injury that, while judicially recognized in other settings, has not yet been acknowledged where a vested contractual right to mandatory arbitration is the source of the injury. For reasons sounding in well-settled principles of contract law as well as the duties of the Judiciary when faced with an injury arising under evolving law, the Court should recognize Plaintiff's injury and afford him standing based thereon.

Addressing first the contractual foundation of his standing, Plaintiff chose to exercise the contractual rights given him by Capital One's Arbitration Provisions to make a "claim":

> "You and we agree that **either you or we may, at either party's sole election, require that any Claim (as defined below) be resolved by binding arbitration**.

4

David Lee vs. Capital One Bank, et al.
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

"**For purposes of this arbitration provision** ("Arbitration Provision"), **the following definition shall apply** …. **[¶]** "'Claim' means any claim, controversy or dispute of any kind or nature between you and us**.

**This definition includes, without any limitation, any Claim that in any way arises from or relates to**:

- **t**he Agreement and any of its terms…
- **this Arbitration Provision (including whether any Claim is subject to arbitration)** …
- any other matters relating to your account or your relationship with us.

**This definition also includes, without limitation, any Claim …**

- **based on any theory of relief or damages (including … any form of … injunctive, declaratory or other equitable relief)**
- **based on any theory of law or equity (including** contract, tort, **fraud**, constitution, **statute**, regulation, ordinance or wrongful acts or omissions of any type, whether negligent, reckless or intentional) …

Capital One Complaint, ¶ 42 (Ex. No. 9, at p. 79)(emphasis supplied).[7]

Pursuant to this Provisions, a card holder's "claim" can arise from a "tangible" such as those specifically mentioned by this Court at the December 10, 2007 Scheduling Conference as being its idea of what could serve as a lawsuit's predicate: _e.g._, a charge made on the card for some good or service or fee that was not actually purchased or wrongly assessed.  However, just as surely, the explicit terms of Capital One's Arbitration Provision also authorize a claim involving "intangibles" that directly arise from and relate to "the Agreement and any of its terms

---

[7]    It is neither without significance nor at all coincidental that the "Claims" which animate this lawsuit are listed as the first and second items in Capital One's hierarchy of what claims may be made against it:  _i.e._, "**the Agreement and any of its terms…**" and "**this Arbitration Provision (including whether any Claim is subject to arbitration….**"  Indeed, these two matters are the likely primary causes of an Arbitration Provision being included in the customer agreement at all.  After all, what is better suited to class treatment than the issue of whether the common agreement and common arbitration provision applicable to all card holders contain unconscionable and unenforceable terms, respectively, and thus violates the CLRA and UCL?

<u>David Lee vs. Capital One Bank, et al.</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

… [and the] Arbitration Provision (including whether any Claim is subject to arbitration)": <u>e.g.</u>, Plaintiff's claims. Indeed, as a matter of law, Plaintiff's "contract" claims are "intangible" rather than "tangible."[8] <u>See</u>, <u>e.g.</u>, <u>Brooks-Scanlon Corp. v. United States</u>, 265 U.S. 106, 123, 44 S.Ct. 471, 68 L.Ed. 934 (1924)("The value of property may be greater or lesser than its cost, and this is true of contract rights and other intangibles"); <u>Parker v. Community First Bank</u>, 123 F.3d 1243, 1246 (9th Cir. 1997)(a contract claim is an intangible chose in action).

Faced with a situation in which Capital One thumbs its nose at California's Federal and State courts,[9] and resultantly injures his contractual rights, Plaintiff stepped forward to challenge Capital One's conduct. After paying the annual fee for the card in 2007 ($39.00) and hearing of the changes in the law concerning arbitration provisions, Plaintiff reviewed the provisions of the customer agreement and arbitration provision. Whether rightly or wrongly, Plaintiff believed that he had been the victim of fraud and that such claims were subject to mandatory arbitration. [10]

---

[8]     Drawing lines between "tangible" and "intangible" in the context of "injury" is, in reality, a creating a distinction without any difference. An "injury," as defined by <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), is "an invasion of a legally protected interest…" Both the "tangible" and "intangible" injuries discussed all arise from and revolve around the same "legally protected interest" – <u>i.e.</u>, a contract right arising from and created by the cardmember agreement, including its arbitration provision. In each instance, that "injury" is manifested by a financial loss (paying for unordered goods and for an unenforceable mandatory arbitration provision, respectively). <u>See</u> <u>Oscar v. University Students Coop Ass'n</u>, 965 F.2d 783, 785 (9th Cir. 1992).

[9]     It bears noting that the card issuer's arrogance is not restricted to just ignoring judicial precedents but also extends to its treatment of card holders. Pursuant to California Civil Code § 1782 Plaintiff wrote to Capital One requesting that it change its practice of including unconscionable provisions in its Arbitration Provision and card member agreement, respectively. Complaint, ¶ 63 (Ex. 10). Capital One's response was "If you are not satisfied with the terms of your Customer Agreement, please contact our Customer Service Department and request that you account be coded to close." Capital One Complaint, ¶ 63, (Ex. 11).

6

<u>David Lee vs. Capital One Bank, et al.</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

However, upon learning that the Arbitration Provision (as well as other terms in the cardmember agreement) were unconscionable and illegal under California law, Plaintiff realized that he could not request arbitration of those normally arbitrable claims (which he did want to do) because the only mechanism for his doing so – his contractual right to mandatory arbitration – was unconscionable and unenforceable.  Plaintiff then filed suit consistent with and under the explicit terms of the Arbitration Provision.  He filed in a judicial rather than arbitral forum because he was required to do so by the explicit terms of the Capital One Arbitration Provision ("the validity and enforcement of any class action waiver is a question for a court of competent jurisdiction, not an arbitrator, to decide" [Complaint, Ex. 9 at p. 79]), and by Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S. Ct. 1204, 1209, 163 L. Ed. 2d 1038 (2006)("Buckeye"), and Nagrampa, respectively, which definitively hold that only a court (and not an arbitrator) may decide an arbitration provision's unconscionability.

Plaintiff has suffered and alleged a specific injury that -- although basic to the concepts of contract law, the CLRA, and the UCL, and falling well within the definition of "claims" in the Arbitration Provision -- has not yet been explicitly recognized by the courts in the context of unconscionable arbitration provisions inserted in an adhesive credit card contract. That his injury is "new" in the sense that it is previously unrecognized and arose from the current state of the law most assuredly means neither that it does not exist nor that it should not be recognized. Neither does it mean that the injury is "contrived" nor "manufactured" from whole cloth. Rather, the existence and recognition of Plaintiff's injury is brought about by the remarkable sea

---

[10]    The merits (or lack thereof) of Plaintiff's fraud claim do not diminish or affect the duty to arbitrate under an enforceable arbitration provision.  See, e.g., Newpark Shipbuilding-Pelican island v. Reg Pan Producer, 21 F.Supp.2d 756, 759 (S.D.Tex. 2003); Bigge Crane & Rigging Co. v. Docutel Corp. 371 F.Supp. 240, 241 (E.D.N.Y. 1973).

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

change that has taken place since 2003 in California law relative to the unconscionability of arbitration provisions (including, notably, those of credit card issuers). Beginning with the Ninth Circuit's decision in <u>Ingle</u> (holding that a no-consolidation of claims term in an arbitration provision was unconscionable), California's unconscionability jurisprudence has mushroomed and evolved relative to terms similar to or identical to Capital One's. In its 2003 decision in <u>Ting v. AT&T</u>, <u>supra</u>, the Ninth Circuit concluded that class action bans in arbitration provisions are also unconscionable. In its 2005 decision in <u>Discover Bank</u> the California Supreme Court also held that the class action ban in a credit card arbitration provision identical to Capital One's was unconscionable. In 2007 it extended and clarified this holding in <u>Gentry</u>, thereby eliminating all "wiggle room" from the equation. So too did the Ninth Circuit follow suit in 2006 with <u>Nagrampa</u>, and in 2007 with <u>Shroyer</u> (adopting <u>Discover Bank</u>). The Supreme Court in <u>Buckeye</u> sealed the deal (later elaborated by <u>Nagrampa</u>), holding that challenges to the unconscionability of arbitration provisions are to be decided by the courts in a lawsuit rather than in arbitration by an arbitrator.

When this type of situation obtains, the courts' usual practice is to "step up" and exercise the spirit and genius of the law embodied in the evolving rules of decision developed by the courts in exercise of their power to adopt the law to new situations. Obviously included in that spirit is identifying previously judicially unrecognized injuries as sufficient to maintain a lawsuit in the federal courts.[11] Other notable examples of this, in addition to Plaintiff's injury, exist:

---

[11] Even in these times of judicial activism backlash and New Textualism, both the Federal and California courts recognize that the hallmark of American jurisprudence is the constant adoption of settled principles to previously unrecognized injuries. <u>See</u>, <u>e.g.</u>, <u>Metropolitan Water Dist. v. Superior Court</u>, 22 Cal.4th 491, 515, 9 Cal.Rptr.3d 857, 84 P.3d 966 (2004)("common

<u>**David Lee vs. Capital One Bank, et al.**</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

e.g., the revivification and extension of long standing legal principles pertaining to the trespass to chattels tort that has led to judicial recognition of actionable Internet abuse injuries,[12] and the recognition of "conversion" injuries to stem cells.[13]   The inclusion of a mandatory right to arbitration fits neatly into the universe of those things from which an injury does arise that provides standing when a contracting party does not get that for which he paid.  The need for "filling in" is particularly appropriate in the context of remedial consumer protection laws: e.g., the UCL "was intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable 'new schemes which the fertility of man's invention would contrive.'" Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 181, 83 Cal.Rptr.2d 548 (1996).

In that Plaintiff's "claims" are specifically authorized by the Arbitration Provision, it is as true here as it was in Morta v. Korea Ins. Co., 840 F.2d 1452, 1460 (9th Cir., 1989), that:

> "At root, this case is about the respect the law ought to accord agreements between private parties. Despite recent cynicism, **sanctity of contract remains**

---

law as an organic element of the law intended to adapt itself to new circumstances"); Richards v. Owens-Illinois, 14 Cal.4th 985, 993, 60 Cal.Rptr.2d 103, 928 P.2d 1181 (1997)(recognizing the evolution of tortious injuries).

[12]    See, e.g., Thrifty_Tel, Inc. v. Brzenck, 46 Cal.App.4th 1559, 54 Cal.Rptr.2d 468 (1996)(extending trespass to teenagers hacking into long distance telephone provider's equipment); Oyster Software, Inc. v. Focus Processing, Inc., 2001 U.S.Dist.LEXIS 22520 (N.D.Cal. December 6, 2001)(extending trespass to appropriation of trademarked words on internet website); EBay, Inc. v. Bidder's Edge, 100 F.Supp.2d 1058 (N.D. Cal. 2000)(recognizing an injury arising from accessing computer system under trespass principles).

[13]    See, e.g., Miles, Inc. v. Scripps Clinic & Research Found., 810 F.Supp. 1051 (S.D.Cal. 1993)(extending conversion to stem cell lines by recognition that commercialization of cell line may be an injury); United States v. Arona, 860 F.Supp. 1091, 1099 (D.Md. 1994)(extending conversion to cell lines by finding them to be personal property subject to injury); Diamond v. Chakrabarty, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 1416 (1980)(extending patent law protection to genetically engineered organisms which thus allowed recognition of injury).

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

**an important civilizing concept**. *See, e.g.*, C. Fried, *Contract as Promise* 1, 132 (1981) ("these are indeed the laws of freedom"). **It embodies some very important ideas about the nature of human existence and about personal rights and responsibilities: that people have the right, within the scope of what is lawful, to fix their legal relationships by private agreement; that the future is inherently unknowable and that individuals have different visions of what it may bring; that people find it useful to resolve uncertainty by "mak[ing] their own agreement and thus designat[ing] the extent of the peace being purchased," *Bernstein*, 290 Md. at 459, 430 A.2d at 606; that courts will respect the agreements people reach and resolve disputes thereunder** according to objective principles that do not favor one class of litigant over another; and that enforcement of these agreements will not be held hostage to delay, uncertainty, the cost of litigation or the generosity of juries…."

(emphasis supplied). In light of this, the language of the Arbitration Provision, and the courts' never-ending duty to advance the law, it mocks logic and justice alike for a court to circumvent the basic public policy under girding the sanctity of contracts (particularly in the context of remedial statutes such as the CLRA and UCL) as well as the duty to expand the law by labeling Plaintiff's claims as being "manufactured" and unworthy of judicial consideration of their merits.

## II.    ARGUMENT

### A.    Plaintiff's Action Is Not, As A Matter Of Law, Collaterally Estopped By <u>American Express</u>

Capital One does not want this Court to independently determine that Plaintiff has standing by arguing this action must be dismissed since Plaintiff's claims are collaterally estopped by <u>American Express</u>. Capital One's argument has no merit. Its essential flaw is that jurisdiction in this action is based on diversity and, as a result, <u>American Express</u>'s collateral estoppel effect must be adjudged under California law. Under California law, <u>American Express</u> can have no collateral estoppel effect due to a Notice of Appeal[14] having been filed.[15]   <u>See</u>

---

[14]    Plaintiff, concurrent with the filing of the Opposition, has requested that judicial notice be taken of the Notice of Appeal filed in <u>American Express</u>.

<u>David Lee vs. Capital One Bank, et al.</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

_Semteck Intern. Inc. v. Lockheed Martin Corp._, 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)("the federally prescribed rule of decision, [is that] the law that would be applied by state courts in the State in which the federal diversity court sits.")[16]

   **B.    American Express Was Wrongly Decided And Is
            Inapposite: Plaintiff Has Suffered A Redressible Injury
            Caused By Capital One's Practices**

   Rather than providing a template for decision here, _American Express_, due to its manifest errors, insupportable conclusions, and patent failure to follow (or even cite) controlling Supreme Court and Ninth Circuit precedents, provides an apt platform upon which Plaintiff can establish, both in fact and law, his injury and standing under Art. III, the CLRA, and the UCL.

---

[15]    It is well-settled and controlling California law that the finality required to invoke collateral estoppel is not achieved until an appeal from the judgment has been exhausted or the time to appeal has expired.  _See, e.g., National Fire Ins. Co v. Stites Prof. Law Corp._, 235 Cal.App.3d 1718, 1726, 1 Cal.Rptr.2d 570 (1991)("When, as here, a judgment is still open to direct attack b appeal or otherwise, it is not final and the doctrines of collateral estoppel do not apply"); _Franklin & Franklin v. 7-Eleven owners for Fair Franchising_, 85 Cal.App.4[th] 1168, 102 Cal.Rptr. 2d 770 (2000);  _Abelson v. National Fire Ins. Co._, 28 Cal.App.4[th] 776, 787, 35 Cal.Rptr.2d 13 (1994); _Long Beach Unified School Dist. v. California_, 225 Cal.App.3d 155, 169 (1990)("A decision will not be given collateral estoppel effect is such appeal has not been taken…"); _Kay v. City of Rancho Palos Verdes_, 504 F.3d 803, 808 (9th Cir. 2007)("Unlike the federal rule and that of several states, in California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired"); _Dunn v. Noe_, 2007 U.S.Dist.LEXIS 86521 *21-22 (N.D.Cal. November 7, 2007).

[16]    The cases relied upon by Capital One are inapposite if for no other reason than their jurisdiction is predicated on federal question rather than diversity (and, hence, are not subject to California's collateral estoppel law). _See Cooper v. Prime Image, Inc._, 1999 U.S.Dist.LEXIS 14898 (N.D.Cal. May 14, 1988)(federal patent infringement non-diversity case); _W. Radio Servs. Co. v. Espy_, 1996 U.S.Dist.LEXIS 22901 (D.Or. February 2, 1996)(nondiversity case alleging rulemaking violation by U.S. Forestry Service); _Cutler v. Hayes_, 818 F.2d 879 (D.C. Cir. 1987)(nondiversity case alleging FDA regulation violation under APA); _Cal. Chamber of Commerce v. Simpson_, 601 F.Supp. 107 (C.D.Cal. 1985)(nondiversity case alleging ERISA preemption of California statute/regulations).

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

This case, as did <u>American Express</u>, presents three straightforward and unremarkable questions that when answered based upon controlling precedent consistent with the standards for adjudging motions to dismiss result in Plaintiff having standing to maintain this action:

> 1.    Is not getting that for which one paid -- in this instance, an enforceable contractual right to mandatory arbitration contained in Capital One's card member agreement for which Plaintiff paid an annual fee because the Capital One included unconscionable terms in it – an injury sufficient to establish standing under Art. III, the CLRA and/or the UCL?

> 2.    Does Plaintiff as a card holder challenging the unconscionability of the terms of Capital One's arbitration agreement and cardmember agreement, respectively, including whether a violation of the CLRA and/or UCL has resulted (but without seeking to rescind the cardmember agreement) have to first seek to or actually participate in an arbitration of those matters in order to have standing under Art. III, the UCL, and/or the CLRA? And,

> 3.    Does the violation of the statutory right given to California consumers by the CLRA to not have unconscionable terms inserted in their contracts pursuant to Cal. Civ. Code § 1770(a)(19), and of the same right for California residents pursuant to Civil Code § 1670.5, respectively, provide Plaintiff with standing under Art. III, the CLRA and/or UCL?

<u>American Express</u>, in order to find no standing existed, answered "no" to the first two issues and ignored the third.  However, as to the first question, it is settled, well-settled that, regardless of the nature of the thing involved, not getting that for which one paid does constitute an "injury" in fact.  <u>See</u>, <u>e.g.</u>, <u>Lozano v. AT&T Wireless Services</u>, 504 F.3d 718, 734 (9th Cir. 2007)("<u>Lozano</u>")(an injury occurred when the plaintiff "did not receive the full value of his contract" by not receiving all of his "any time" cell phone minutes).  As to the second question, <u>American Express</u> again answered "no" even though it was affirmatively answered in the express terms of the Arbitration Provision (that, like Capital One's, excluded plaintiff's claims from its definition of arbitratable claims) and, more importantly, in <u>Buckeye</u> and <u>Nagrampa</u>, respectively. While <u>American Express</u> ignored the third question, it is affirmatively answered in <u>Cantrell v.</u>

<u>**David Lee vs. Capital One Bank, et al.**</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

City of Long Beach, 241 F.3d 674, 684 (9th Cir. 2001)("the violation of a state-created legal right can, in itself, satisfy the injury in fact requirement for standing under Art. III"), in conjunction with the California Supreme Court's opinion in Kagan v. Gibraltar Savings & Loan Ass'n, 35 Cal.3d 582, 592, 200 Cal.Rptr. 38, 676 P.2d 1060 (1984)(" **We thus reject [the] effort to equate pecuniary loss with the statutory requirement that consumers 'suffer any damage.' As it is unlawful to engage in any of the deceptive business practices enumerated in section 1770, consumers have a corresponding legal right not to be subjected thereto"**).

> **1.      Not Receiving The Full Value Of The Cardmember Agreement And Thereby Not Receiving That For Which One Paid – In This Instance, An Enforceable Right To Mandatory Arbitration -- Is An Injury In Fact**

The aberrant decision in American Express notwithstanding, it has long been the law that a person suffers an injury and has standing when he loses "money" or "value" because he does "not receive the full value of his contract," [Lozano, 540 F.3d at 734], or otherwise does not get that for which he paid, or, for that matter, gets something that is unfit for the purpose. That rule is equally applicable regardless of whether the reason for not receiving "full value" sounds in deception, misrepresentation, or the simple delivery of non-conforming or inferior quality or defective things. It is, for instance, well settled that one suffers an injury-in-fact by receiving non-conforming or inferior quality goods (and, certainly, Plaintiffs' unenforceable arbitration provision is a direct analog to these).[17]  So too is the rule applicable when one receives less than

---

[17]      To the contrary, such matters are considered "injuries" supporting a lawsuit. See, e.g., Vallens v. Tillman, 103 Cal. 187, 37 P. 213 (1894)(failure to supply satisfactory cigars); C.W. Anderson Hosiety Co. v. Dixie Knitting Mills, 204 F.2d 503 (4th Cir. 1953) (unfinished nylon defective); Appliance Distributors, Inc. v. Mercury Electric Corp., 202 F.2d 651 (10th Cir. 1953)(awning fans defective and non-conforming); Willingham v. Hooven, Owens, Rentschler

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

what was paid for (such as <u>Lozano</u>'s "any time" cell phone minutes). Similarly, an injury

sufficient for standing under Art. III (as well as the CLRA and UCL) exists when one receives

something which is different from that which was paid for, a situation that often arises because

of deception or defect (including such "defects" as unconscionable terms in an arbitraton

provision).[18]   Indeed, as a cornerstone of contract and consumer protection law, that rule is

equally applicable regardless of the nature of the affected personal property.

Further Plaintiff's "injury" arose from something for which money was paid.   As

previosly noted, it appears that <u>American Express</u> was animated primarily by the belief that the

plaintiffs had not paid money for the Arbitration Provision or that it otherwise had no value that

could be "lost."  Just as that belief was unsupported in <u>American Express</u>, it is unsupported by

the law or facts here:  <u>i.e.</u>, the Complaint specifically alleges that an enforceable right to

mandatory arbitration has a pecuniary value, [Complaint, ¶¶ 28-29], which must be honored,[19]

---

<u>& Co.</u>, 74 Ga. 233, 249-50 (1894)(mill unfit for purpose for which purchased in that quality
inferior to that contracted for).

[18]     <u>See</u>, <u>e.g.</u>, <u>Daghlian v. DeVry Univ., Inc.</u>, 461 F.Supp. 1121, 1155-56 (N.D.Cal.
2006)(UCL/CLRA violation from possibly non-transferable college credits); <u>Chamberlain v.
Ford Motor Co.</u>, 369 F.Supp.2d 1138 (N.D.Cal. 2005)(CLRA/UCL violation when defective
engine intake manifold not what was purchased); <u>Falk v. General Motors Corp.</u>, 496 F.Supp.2d
1088 (N.D.Cal. 2007) (CLRA/UCL violation due to defective speedometers in GM trucks);
<u>Snow v. Ford Motor Co.</u>, 561 F.2d 787 (9th Cir. 1977)(CLRA violation due to incomplete trailer
equipment); <u>Hunter v. GMC</u>, 2007 Cap.App.Unpub. 9252 (November 19, 2007)(violation of
UCL due to purchasing an automobile with defective brakes rather than non-defective brakes
even though no car crash as a result of defect); <u>Colgan v. Leatherman Tool Group, Inc.</u>, 135
Cal.App.4[th] 663, 38 Cal.Rptr.3d 38 (2006)(CLRA violation because an American made hammer
was purchased that was made in China); <u>Benson v. Kwikset Corp.</u>, 152 Cal.App.4[th] 1254, 62
Cal.Rptr.3d 284 (2007)(CLRA violation because lockset made in China rather than in U.S.);
<u>Reveles v. Toyota By The Bay</u>, 57 Cal.App.4[th] 1139, 67 Cal.Rptr.2d 543 (1997)(CLRA/UCL
violation arising from damaged and hazardous used car purchased rather than one fit for use),
overruled on other grounds.

<u>David Lee vs. Capital One Bank, et al</u>.
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

and it is well-settled that the $39.00 annual fee paid by Plaintiff serves as consideration for all promises made in the agreement, including the right to mandatory arbitration.[20] See H.S.Crocker Co. v. McFaddin, 148 Cal.App.2d 639, 645, 307 P.2d 429 (1957)("A single consideration may support several counterpromises made by the other party to a transaction"); Kahn v. Lischner, 128 Cal.App.2d 480, 487, 275 P.2d 539 (1954)(same).[21]

---

[19]    See, e.g., Hood v. Bekins Van & Storage Co., 178 Cal. 150, 172 P. 594 (1918)(quoting Wigmore on Evidence, "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth…"); Fed.R.Ev. 701; Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354 (9th Cir. 1947)(owner is competent to give his opinion as to the value of his property).

[20]    Viewed from another perspective, the right to mandatory arbitration has a distinct monetary value to both the card issuers and the Courts. The most obvious value the money saved in litigation costs and earned by cardholders not making claims, both of which were recognized in Szetela v. Discover Bank, 97 Cal.App.4th 1094, 118 Cal.Rptr.2d 862 (2002):

> **The clause … serves as a disincentive for Discover to avoid the type of conduct that might lead to a class action litigation in the first place. By imposing this clause on its customers, Discover has essentially granted itself a license to push the boundaries of good business practices to their furthest limits, fully aware that relatively few, if any, customers will seek legal remedies, and that any remedies obtained will only pertain to that single customer without collateral estoppel effect.** … "

97 Cal.App.4th at 1101 (emphasis added). The California Supreme Court agreed in Discover Bank, 36 Cal.4th at 159, as did the Ninth Circuit in Shroyer. That mandatory arbitration has great value is also an underlying principle of the Federal Arbitration Act, 12 U.S.C. § 1 et seq. ("FAA") , and the court's policy of compelling such arbitration whenever allowed by law. See, e.g., Scherk v. Alberto-Culver Company, 417 U.S. 506, 94 S.Ct. 2449,, 41 L.Ed. 270 (1974)("the [FAA] was designed to allow parties to avoid the costliness and delays of litigation").

[21]    Judge Breyer was inexplicably of a mind that the plaintiffs obtained their cards in order to obtain an arbitration provision (although plaintiffs, as a practical businessmen, recognized the value of arbitration, albeit in a provision that is not unconscionable and, resultantly, unenforceable and illegal):  "… I hadn't thought that people go to credit card companies or buy anything because it has an arbitration clause in it, but I guess you did, or your clients do." November 30, 2007 Transcript, 5:22-6:6.  (Plaintiff has concurrently requested that the Court take judicial notice of that transcript.)  That is a strange statement in view of the pled fact that it

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

### 2.     Arbitration Is Not A Prerequisite For Plaintiff's Standing

Having thus established that Plaintiff here has a legally cognizable injury (overlooked in American Express), it is next necessary to determine if that injury is "speculative" or "unripe" because Plaintiff has neither sought to nor actually engaged in arbitration of his claims. American Express held that it was, a conclusion that is simply wrong as a matter of contract and of law. [22]   Addressing the contract aspect first, the American Express Arbitration Provision specifically excluded claims challenging the unconscionability of the Arbitration Provision or other term of the cardmember agreement from the definition of "claims" that had to be arbitrated:

> "As used in this Arbitration Provision, the term **'Claim' means any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement … and any other related or prior agreement that you may have had with us, or the relationships resulting from any of the above Agreements ('Agreements'), except for the validity, enforceability or scope of this Arbitration Provision or the Agreements….**"

---

one cannot obtain a credit card that is not subject to a similar unconscionable arbitration provision,[American Express Complaint, ¶ 55; an allegation also made here, Complaint, ¶ 33].

[22]     Although American Express literally ridiculed the relevance of Lozano has on the issue of standing when no arbitration has taken place in the setting of a challenge to the unconscionability of an Arbitration Provision, Lozano is nonethless informative that the Ninth Circuit does not believe arbitration of claims arising under a mandatory arbitration provision similar to Capital One's is necessary in order for standing to exist to bring either CLRA or UCL claims concerning its unconscionability.  Although a mandatory arbitration provision was present in the Lozano agreement, the Ninth Circuit recognized that the CLRA and UCL claims pertaining to violations of law arising from the provision's unconscionability could proceed without the Plaintiff first having arbitrate the matter.   In doing so, the Court was well aware that in an earlier decision by the District Court, AT&T's motion to compel arbitration had been granted, [Lozano v. AT&T Wireless Services, 216 F.Supp.2d 1071 (C.D.Cal. 2002)], that was later reversed by the District Court in light of Ingle and Ting v. AT&T.   Lozano v. AT&T Wireless Services, 2003 U.S.Dist.LEXIS 21794 (C.D.Cal. August 18, 2003).   Of course, American Express had to ignore this history in order to find Lozano to be of no assistance in establishing standing.

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

American Express Complaint, ¶ 62.  And yet, ignoring this clear language, <u>American Express</u> nonetheless found that the plaintiffs could arbitrate claims that the Provision itself excluded from arbitration.  In other words, the only thing <u>American Express</u> got right regarding the need for arbitration was the caption of the action.  Justice Breyer, writing in <u>First Options of Chicago, Inc.</u> <u>v. Kaplan</u>, 514 U.S. 938, 944-48,  115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), held that such language makes the matter categorically **not** arbitrable:  "a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration…"  Justice Breyer in <u>First Options</u>, but certainly not Judge Breyer in <u>American Express</u>, got it right:  arbitration of Plaintiff's claims cannot occur as a matter of contract and, hence, its absence can have no effect on Plaintiff's standing.  The same is true here.  The Capital One Arbitration Provision has a similar exclusion: "**the validity and enforcement of any class action waiver is a question for a court of competent jurisdiction, not an arbitrator, to decide.**" Complaint, Ex. 9, p. 79.    Accordingly, as a matter of contract, no arbitration is required for Plaintiff's standing to exist.

Addressing the legal aspect, it is clear that arbitration is not otherwise required.  Although <u>American Express</u> did not either cite or allude to them, <u>Buckeye</u> and <u>Nagrampa</u>, respectively, conclusively hold that Plaintiff's claims – the crux of which is undeniably a challenge to the arbitration provision's unconscionability – are not arbitratable:

> "**[W]hen the crux of the complaint challenges the validity or enforceability of the agreement containing the arbitration provision, then the question of whether the agreement, as a whole, is unconscionable must be referred to the arbitrator.** *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 126 S. Ct. 1204, 1209, 163 L. Ed. 2d 1038 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967). **When the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must decide whether the arbitration provision is invalid and unenforceable under 9 U.S.C. § 2 of the FAA.**" ….

17

<u>David Lee vs. Capital One Bank, et al</u>.
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

"In *Buckeye*, the United States Supreme Court recognized that challenges to arbitration agreements fall into two categories: (1) **those "challeng[ing] specifically the validity of the agreement to arbitrate;" and (2) those "challeng[ing] the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.**" 126 S. Ct. at 1208. **The Court held that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."** *Id.* at 1209. The complaint in *Buckeye*, unlike Nagrampa's complaint, did not contain claims that the arbitration provision alone was void and unenforceable, but rather alleged that the arbitration provision was unenforceable because it was contained in an illegal usurious , contract which was void *ab initio*. *Id.* at 1208. [¶] **While Nagrampa argues that the arbitration provision is procedurally unconscionable because it is contained in a contract of adhesion, nowhere in her complaint does she seek rescission or invalidation of the entire contract based on it being a contract of adhesion**."

Nagrampa, 469 F.3d at 1263-64.   In light of this and the fact that Nagrampa specifically

recognized causes of action identical to the ones brought by Plaintiff here, (see, id at 1264,

1266), it is indeed remarkable that the American Express court, premised on its completely

incorrect belief that somehow a direct challenge to an arbitration provision's unconscionability

can be considered by an arbitrator rather than a court, could actually state:

"But I still don't quite understand why you can't go to the arbitrator and say to the arbitrator, Here, this clause is unconscionable, that should be stricken, and the arbitrator says, Fine, that's out. Now, what's your next complaint? And your next complaint is what?  If he strikes the class action, so he says, Yeah, you want a class action, go right ahead?  I think that is unconscionable. It's out.  So then what's next?  You've gotten exactly what you've wanted, haven't you?  Fabulous, you've gotten a deal with American Express and you're going to be able to bring class actions against them and that's why you got their credit card."

Transcript, 6:7-18.  See also, id. at 3:3-11.

Further, American Express simply begs the question by basing its opinion on the judicial

conjecture that Plaintiffs might never seek arbitration. The American Express Complaint, as does

the Complaint here, specifically alleges that the Plaintiffs want to and would seek arbitration of

18

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

their arbitrable claims (the fraud claim, for instance) under an enforceable (and thus conscionable) arbitration provision but cannot do so under the patently unconscionable arbitration provisions under challenge: e.g., Plaintiff "is and has been willing to immediately invoke the Capital One Express arbitration provision so that his fraud claims against Capital One would be decided in the arbitral context by an arbitrator if the arbitration provision is conscionable, legal, and enforceable." Complaint, ¶ 35; American Express Complaint, ¶ 56. Under the standards applicable to motions to dismiss, such allegations must be deemed as true and cannot be cavalierly ignored by the courts.

The presence of "rescission" being a remedy sought in Buckeye but not in Nagrampa is of key importance in putting American Express in its proper, and woefully wrong, context. It appears that American Express sought to somehow shoehorn Plaintiffs' complaint into the exception recognized in Buckeye and Nagrampa (although it cited neither) as to the narrow circumstance when an arbitrator may decide the Provision's unconscionability: i.e., "[W]hen the **crux of the complaint challenges the validity or enforceability of the agreement containing the arbitration provision, then the question of whether the agreement, as a whole, is unconscionable must be referred to the arbitrator."** 469 F.3d at 1263. In doing so, American Express specifically states that the plaintiffs there sought "rescission" of the cardmember agreement. Slip op. at 2. That is misleading and results from the Court actually inventing and reading a remedy into the Complaint that was not sought in it (rescission being mentioned only in the context of providing an example of remedies rather than for specification of the relief being sought).[23]   Compare American Express Complaint at pp. 68-69 to the Capital One

---

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

---

Complaint at pp. 45-46.  Thus, the Court in American Express obviously again fell far short of the standards which the courts must observe in the motion to dismiss context in order to reach its conclusion.  Accordingly, the American Express "rescission" shoe simply does not fit in here.

American Express also overlooked three additional bases which establish, as here and as a matter of law, that Plaintiff's standing does not rest on first invoking the Arbitration Provision or actually engaging in arbitration.  First, arbitration is not required since Plaintiff's invoking it would waive all objections he has to the Provision or, for that matter, the right to challenge any arbitral findings on the basis of the arbitrator exceeding his authority in deciding the arbitration provision's unconscionability.   See PowerAgent v. Electronic Data Systems, 358 F.3d 1187, 1192 (9th Cir. 2004); Nagrampa, 469 F.3d at 1279-81.[24]  Second, it would be illegal and against

---

[23]    The only time "rescission" is mentioned in the American Express Complaint (¶ 5) or the Capital One Complaint (¶ 1) is as follows:

> "In the context of the fraud cause of action which is made only with regard to the agreement as a whole (excluding the arbitration provision), receiving less than that for which he paid is the requisite injury necessary to give rise to a right of rescission and restitution, in whole or part, of the fees paid." (Internal footnote deleted)

It is California law that a person who has been defrauded may elect to rescind the contract or to affirm it and claim damages, he cannot do both at the same time.  Kuhl v. Mott, 120 Cal. 668, 53 P. 304 (1898).  Thus, a plaintiff must elect which remedy to seek.  Both here and in American Express the plaintiffs elected to affirm the underlying card member agreement and seek restitution. At no point does Plaintiff seek to rescind the agreement.

[24]    Cf George Day Construction Co. v. Carpenters Local 354, 722 F.2d 1471, 1475 (9th Cir. 1984) (a party submitting an arbitration may preserve the arbitrability issues for judicial review by (1) "objecting to the arbitrator's authority, refusing to argue the arbitrability issue before him, and proceed[] to the merits of the grievance"; or (2) "making an objection as to jurisdiction and an express reservation of the question on the record."   Had Plaintiff done either of these, no issue remained for arbitration.  See  Bertero v. Superior Court, 216 Cal. App. 2d 213, 230 Cal. Rptr. 719 (1963) (parties improperly ordered to arbitrate "would be put to the unnecessary delay and expense of an arbitration, further court proceedings, and an appeal, after which they would

David Lee vs. Capital One Bank, et al.
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

public policy for Plaintiff to invoke the unconscionable and unenforceable arbitration provision. <u>See</u> Complaint, ¶ 37; fn. 6 <u>ante</u>.  Third, it would be futile for Plaintiff to have sought to arbitrate his Arbitration Provision claims.That futility, <u>American Express</u>'s unfounded contrary suppositions aside, is a matter of certainty since had Plaintiff filed for arbitration, his efforts would have been a waste of time and he would have ended up back in this Court with the same claims under all scenarios: either (1) the arbitrator would dismiss the arbitration for lack of jurisdiction under the commands of <u>Buckeye</u> and <u>Nagrampa</u>, or (2) the arbitrator, unruffled by <u>Nagrampa</u>, would rule on the unconscionability merits of the claims only to have it set aside when the victor files a 9 U.S.C. § 10 petition to confirm the arbitral award because the arbitrator acted in excess of his authority.  See <u>e.g.</u>, <u>Triple G Landfills, Inc. v. Board of Commissioners</u>, 977 F.2d 287, 291 (7th Cir. 1992)("The ripeness doctrine requires a live, focused case of real consequence to the parties. It does not require Triple G to jump through a series of hoops, the last of which it is certain to find obstructed by a brick wall.")

### 3. The Violation Of Plaintiff's California Statutory Right To Not Have Unconscionable Terms Inserted In His Contract Provides An Independent Injury And Source Of Standing

<u>American Express</u>, in determining that Plaintiffs lacked standing, completely ignored that their standing also arises from the violation of their right under California Civil Code §§ 1670.5 and 1770(a)(19), respectively, to not have an unconscionable term inserted in their credit card agreements. This Court should not do so. It is the controlling law of the Ninth Circuit that a

---

be required to start over"), <u>disapproved on other grounds</u> in <u>St. Agnes Medical Center v. PacifiCare of California,</u> 31 Cal.4th 1187, 1192, 8 Cal. Rptr. 3d 517, 82 P.3d 727 (2003).

<u>**David Lee vs. Capital One Bank, et al.**</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

violation of a California statutory right, without more, provides standing.  See  Cantrell v. City of Long Beach, supra, in which the Ninth Circuit held:

> "We agree with the Seventh Circuit [in FMC Corp. v. Boesky, 852 F.2d 981, 992 (7th Cir. 1988), which held that the violation of a state-created legal right can, in itself, satisfy the injury in fact requirement for standing under Article III], that state law can create interests that support standing in federal courts. If that were not so, there would not be Article III standing in most diversity cases, including run-of-the-mill contract and property disputes. State statutes constitute state law that can create such interests. For example, if § 526(a) had provided for monetary relief to a citizen suing under it, the requirements of Article III might well be met. *Cf. Vermont Agency of Natural Resources v. United States*, 146 L. Ed. 2d 836, 120 S. Ct. 1858, 1861 (2000) (federal qui tam statute meets Article III requirements because the private plaintiff is an assignee of the government's damages action for misuse of federal funds)."[25]

That such a statutory right exists is clear from Kagan v. Gibraltar Savings & Loan Ass'n, 35 Cal.3d at 592 ("**We thus reject [the] effort to equate pecuniary loss with the statutory requirement that consumers 'suffer any damage.' As it is unlawful to engage in any of the deceptive business practices enumerated in section 1770, consumers have a corresponding**

---

[25]  FMC v. Boesky, 852 F.2d 981, 995 (7th Cir. 1988), held:

> "[W]ould the invasion of a recognized state-law right in itself satisfy Article III's injury requirement, even though an injury separate and apart from the actual invasion is difficult to identify? As the Supreme Court has stated, standing "often turns on the nature and source of the claim asserted." *Warth*, 422 U.S. at 500. **For example, the "actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'"** *Id.* **The same must also be true of legal rights growing out of state law.** If not, federal courts sitting in diversity could not adjudicate some cases involving only state-law breach-of-fiduciary duty claims, which they often do, because some actions for breach of fiduciary duty do not require the plaintiff to show an injury. **In such a case, the actual or threatened injury required by Article III exists solely by virtue of the recognized state-law right, the invasion of which creates standing. Properly pleaded violations of state-created legal rights, therefore, must suffice to satisfy Article III's injury requirement**."  (emphasis supplied)

22

David Lee vs. Capital One Bank, et al.
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

**Case 3:07-cv-04599-MHP   Document 37   Filed 01/28/2008   Page 31 of 39**

**legal right not to be subjected thereto"**), and the explicit terms of Section 1670.5 (a violation of which may be used to state a cause of action under the UCL).[26]

Various California appellate courts have come to correctly recognize that <u>Kagan</u> means exactly what it says in terms of CLRA standing (which, of course, explicitly provides for an award of injunctive and restitutionary relief as does the UCL, for purposes of redressibility). For instance, <u>Freeman v. Mattress Gallery</u>, 2007 Cal.App.Unpub.App. 9102 (November 8, 2007),[27] while expressing its disagreement with <u>Kagan</u>, nonetheless held:

> **"Thus, our Supreme Court [in <u>Kagan</u>] has interpreted Civil Code section 1780 to state that the infringement of a legal right provided by Civil Code section 1770 that results from the violation of Civil Code section 1770 is damage enough to provide standing. In other words, in order to have standing to bring an action for violation of the CLRA, all a plaintiff need allege is that the defendant violated a provision of Civil Code section 1770."**

2007 Cal.App.Unpub. 9102 at *11-13 (emphasis supplied, internal footnote omitted). This Court is bound by <u>Kagan</u>. <u>Vestar Dev. II, LLC v. Gen. Dynamics Corp.</u>, 249 F3d 958 (9th Cir. 2001).

**C.   The CLRA, Even If It Does Not Cover "Credit," Nonetheless Covers Capital One's Credit Cards**

Chase is mistaken in its argument that "credit cards" are categorically excluded from the CLRA's coverage: it is not that the CLRA doesn't cover "credit cards" as such but, rather and at most, that "providing credit *separate and apart* from the sale or lease of any specific good or

---

[26]   <u>See California Grocer's Assn v. Bank of America</u>, 22 Cal.App.4th 205, 218, 27 Cal.RPtr.2d 396 (1994).

[27]   It should be noted that even though <u>Freeman</u> is an unpublished California appellate decision, the Ninth Circuit allows such unpublished cases to be cited to it and the district courts. <u>See</u>, <u>e.g.</u>, <u>Ortiz Sandoval v. Gomez</u>, 81 F.3d 891, 895 (9th 1996); <u>Cole v. Doe</u>, 387 F.Supp.2d 1084 (N.D. Cal. 2005).

23

**David Lee vs. Capital One Bank, et al.**
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

service falls outside the scope of section 1770." Berry v. American Express Publishing Co., 147 Cal.App.4[th] 224, 322, 54 Cal.Rptr.3d 91 (2007)(italics in original).[28] Since the annual fee Capital One card also provides a "convenience service" – a service that persuasive California and Federal precedents hold is covered by the CLRA regardless of the presence of a "credit" element – the Capital One card member agreement is a "contract" for "goods or services" subject to the CLRA.[29]

---

[28]    Berry has been criticized and rejected for being "unpersuasive" in its holding.  As Judge Henderson held in Jefferson v. Chase Home Finance LLC, 2007 U.S.Dist.LEXIS 36298 * 9-10 (N.D.Cal. May 3, 2007)("Jefferson"), in the context of whether home loans are covered by the CLRA:  "**[T]his Court does not find that case persuasive here because (a) the state court relied heavily on the legislature's consideration and rejection of including "credit" as part of the CLRA's definitions and (b) the court failed to consider whether, as the *Hitz* court concluded, a credit card agreement involves other services in addition to simply an extension of credit.**"  Judge Illston in Hernandez v. Hilltop Financial Mortgage, Inc., 2007 U.S.Dist.LEXIS 80867 *18 (N.D.Cal. October 27, 2007)("Hernandez"), also in the context of home loans services, agreed.  While Plaintiff believes that Berry was wrongly decided in that the CLRA does cover credit, whether it was or was not correctly decided is of no moment here since, under either scenario, the "convenience service" of the Capital One card recognized in Hitz v. First Interstate Bank, 38 Cal.App.4[th] 274 (1995) brings the card squarely within the coverage of the CLRA.

[29]    Hernandez, 2007 U.S.Dist.LEXIS 80867 at *15, succinctly states the CLRA's primary coverage provisions that, pursuant to California Civil Code § 1760, must be "liberally construed":

> "A plaintiff may bring a claim under the CLRA when "any person" uses a statutorily prohibited trade practice "in a transaction . . . which results in the sale or lease of goods or services to any consumer." *Id.* at § 1770. Section 1761(a) provides 'Goods' means tangible chattels bought or leased for use primarily for personal, family, or household purposes . . ." The CLRA defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* at § 1761(b). Finally, "'[c]onsumer' means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." *Id.* at § 1761(d)."

24

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

A credit card and its agreement do more than just extend credit: they "encompass[] *convenience services* in addition to extension of credit."  Hitz v. First Interstate Bank, 38 Cal.App.4th 274, 286, 44 Cal.Rptr.2d 890 (1995).  As the Court explained,

> "**Convenience use minimizes the need to carry cash, allows the user to defer payment for goods and services for a short time, and establishes a favorable payment record that is important in credit evaluations. Revolving credit users realize the same advantages plus one other**, namely, **they increase their ability to purchase goods and services and in so doing avoid the red tape involved in obtaining a personal loan**. …' [¶] … **The convenience feature of credit cards is surely a "service" …**, wholly apart from the credit feature. … A credit card user enjoys various benefits *other than borrowing*--primarily cashless and checkless purchasing--regardless of whether the credit feature is used. …"

Id. at 286-87 (internal citations omitted; emphasis supplied). This presence of this "service" is specifically alleged in the Complaint.  Complaint, ¶ 16.

Capital One, for at least two reasons, cannot seriously deny the existence of the "convenience service."  First, as set forth on its official Internet website, it markets this "convenience service" as an inducement for the purchase of its Platinum card (carrying an annual $39.00 fee) by persons "with limited credit history, or credit that needs some improvement":[30] e.g., as noted in Hitz, "[c]onvenience use … **establishes a favorable payment record that is important in credit evaluations**."  38 Cal.App.4th at 287.  Second, various courts (including three in this District) have specifically recognized the existence of the "convenience service" and that it brings the "credit" implement (be it a credit card or a home loan[31]) within the coverage of

---

[30]    Plaintiff has, concurrent herewith, requested that judicial notice be taken of the page of Capital One's official Internet website containing this information.

[31]    Regardless of the form "credit" takes, no distinction for CLRA purposes (or at all) can be drawn under California law between "credit" evinced by a credit card and "credit" evinced by a home loan.  After all, a "loan" as noted in American Financial Services Assn v. City of Oakland,

**David Lee vs. Capital One Bank, et al.**
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

the CLRA. <u>Hernandez</u>, for instance, after reviewing various federal precedents, concluded that "the California Supreme Court would find that the CLRA does apply to the mortgage loans in the present case." 2007 U.S.Dist.LEXIS 80867 at *19. <u>Jefferson</u> found to the same effect concerning a home loan: "the California Supreme Court and a district court in the Central District of California…have applied the CLRA to allegations involving financial services. … Similar to the court in <u>Hitz</u>, this Court concludes that the transactions between Chase and Jefferson involve more than the provision of a loan; they also include financial services." 2007 U.S.Dist.LEXIS 36298 at *9-10.

A third case, <u>Van Slyke v. Capital One Bank</u>, 503 F.Supp.2d 353 (N.D.Cal. 2007) upon which Capital One places primary reliance, also supports Plaintiff's position. Judge Alsup dismissed the CLRA claim involving allegations that that Capital One's repetitive issuance of sub-prime credit cards and a laying on of late fees involved "a predatory scheme" rather than an extension of credit. <u>Id.</u> at 359. The Court found that distinction hard to see:

> "plaintiffs still have not identified any good or service -- the challenge is to the extension of credit. Of course, plaintiffs bought goods and services with their credit cards. But not from defendants. **Plaintiffs do not allege that they were given or had purchased special rights or options under their agreement.** … **And, they do not allege that defendants sold them any services. In short, this case deals only with the extension of credit … not with the sale or lease of goods or services. plaintiffs still have not identified any good or service -- the challenge is to the extension of credit.**"

---

34 Cal.4th 1239, 23 Cal.Rptr.3d 453, 104 P.3d 813 (2005) (reflecting California Financial Code § 2970(b)(1)(A)) is "a consumer credit transaction that is secured by real property." <u>See also</u> <u>In re Berman</u>, 48 Cal.3d 517, 521, 256 Cal.Rptr. 802, 769 P.2d 984 (1990))("loans and other forms of credit"); <u>Marek v. Napa Community Redevelopment Agency</u>, 46 Cal.3d 1070, 1078, 251 Cal.Rptr. 778, 761 P.2d 701(1988)("obtaining loans and entering some other kind of credit transaction"). If the CLRA excludes "credit" it would also have to exclude "loans" (which it clearly does not). <u>See</u> California Civil Code § 1770(a)(23)(unlawful practice arising from solicitation of a loan).

<u>David Lee vs. Capital One Bank, et al.</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition**
**To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

Ibid. (emphasis supplied). Relying on <u>Berry</u>'s **actual** holding that "issuing a line of credit, apart from providing any other good or service, was not a transaction covered by the CLRA," [<u>id.</u> at 358], the Court thus concluded that dismissal was appropriate.  However, the absent thing that led to dismissal in <u>Van Slyke</u> -- an "identified good or service" -- is present and alleged here: the "convenience service."

The bottom line on all of this is that dismissal is not appropriate. This conclusion was recently reached, under circumstances similar to those existing here, in <u>In re Ameriquest Mortgage Co.</u>, 2007 U.S.Dist.LEXIS 29641 (N.D.Ill. April 23, 2007) (applying California law). Following a thorough analysis of the "convenience" service and the CLRA's non-coverage of credit except in the circumstances established by <u>Berry</u>, the District Court concluded:

> "it is not inconceivable that, consistent with the allegations of the complaint, plaintiffs could prove the existence of tangential "services" associated with their residential mortgages and establish that these transactions were covered by the CLRA." <u>Id.</u> at *5.

**D.    Plaintiff Has Standing Under The CLRA In That He Has Been "Damaged" By Capital One's Violation Of His Statutory Right To Not Have Unconscionable Terms Inserted In His Contracts**

Placing primary reliance on <u>Wilens v. T.D.Waterhouse</u>, 120 Cal.App.4th 746 (2003), Capital One argues that Plaintiff lacks CLRA standing since he has sustained no "damage." That argument, of course, ignores the alleged injury caused by the Arbitration Provision's unenforceability that caused Plaintiff to lose money (surely a "damage" by any sound definition of the word).  More importantly, it also ignores that Plaintiff's "damage" sufficient to create his CLRA standing is the alleged violation of his statutory right to not have unconscionable terms inserted in his card agreement, [Civ. Code § 1770(a)(19)]., and that <u>Kagan</u>, 35 Cal.3d at 592, made the violation of that statutory right, without more, sufficient "damage" to establish standing

27

<u>David Lee vs. Capital One Bank, et al.</u>
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

to raise a CLRA claim. Capital One's protestations to the contrary aside, <u>Wilens</u> does not and cannot support any conclusion inconsistent with <u>Kagan</u>'s clear holding.  As was recently stated in <u>Freeman v. Mattress Gallery</u>, in distinguishing <u>Wilens</u> vis-à-vis <u>Kagan</u>'s holding:

> **However, the issue in *Wilens* was not what *Kagan* stated about the requirement for "any damage" in order for an individual to have standing, but whether *Kagan* stated that each member of a purported class need not have suffered actual damages. (*Ibid*.) *Wilens* was simply not a standing case and did not distinguish the statement in *Kagan* that "the requirement of section 1780 that a consumer 'suffer[] any damage' . . . include[s] the infringement of any legal right as defined by section 1770."** (*Kagan*, *supra*, 35 Cal.3d at p. 593; *Wilens*, *supra*, 120 Cal.App.4th at p. 750.) …. **In other words, in order to have standing to bring an action for violation of the CLRA, all a plaintiff need allege is that the defendant violated a provision of Civil Code section 1770."**

2007 Cal.App.Unpub. 9102 at *11-13 (emphasis supplied, internal footnote omitted).

Further, the "any damage" required for CLRA standing is not, as Capital One apparently presupposes, the same as "damages."  "Any damage" means any "loss or injury to person or property," [Black's Law Dictionary (8th ed. 2004) at 416, including the infringement of a legal right.  "Damages" on the other hand connotes only money obtained by, or ordered to paid to, a pe3rson as compensation for loss or injury."  <u>Id.</u> at 418.  Since damages are not sought in the Complaint and restitution does not implicate "damages," [see <u>Colgan v. Leatherman Tool Group, Inc.</u>, 135 Cal.App.4[th] 663, 695, 38 Cal.Rptr.3d 38 (2006)(citing <u>Wilens</u>)], "damages" are simply irrelevant to Plaintiff's standing under the CLRA.

### E.    Capital One Services, Inc. Is A Proper Party-Defendant And Should Not Be Dismissed From The Action

Capital One requests the dismissal of Defendant Capital One Services, Inc. on the basis that no claim against it has been stated since, or so the Defendants state, it does not issue the Capital One credit card and "[t]he agreement does not involve Capital One Services, Inc.."

28

<u>David Lee vs. Capital One Bank, et al.</u>
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings**

Defendants' Memorandum at 18:16. That argument lacks merit. First, Capital One Services, Inc. is prominently named in both the customer agreement and the Arbitration Provision. In fact, it appears that both these documents were under its service mark. See Complaint, Ex. 8, p. 78; Ex. 9, p. 79. By comparison, the name "Capital One Bank" does not appear in either the customer agreement or the Arbitration Provision. Second, the Complaint alleges that Capital One Services, Inc. has "been or are, among other things, in the business of opening Capital One credit card accounts with individuals and/or business entities for which an annual fee is paid." Complaint, ¶ 8. Since, for purposes of Defendants' present motions, all well-pled facts of the Complaint must be deemed to be true, [Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998)], no basis exists for dismissal of Capital One Services, Inc.

**F.    Plaintiff's UCL Claims Do Not Fail As A Matter Of Law**

Plaintiff has, as set forth above, suffered an injury in fact as a result of the unconscionability of Capital One's Arbitration Provision and certain terms of its Customer Agreement and, indeed, has "lost" money as a result of that unconscionability. Ante at 3-4, 13-21. In spite of this, Capital One has sought to poison the well by making unsubstantiated allegations that Plaintiff obtained his card only for purposes of filing this action. That is indeed a strange and disingenuous argument for Capital One to make in view of the judicially noticeable fact that it has literally swamped the television airwaves, television cable channels, print media, and mailboxes with a tidal wave of "you are pre-approved" notifications or requests that persons sign up to become its card holders. Of course, the reason for this untoward argument is clear: Capital One seeks to convince that what Plaintiff seeks are "damages" which he cannot receive under the UCL (they not being specifically authorized by the statute), and which in any event he does not request as a remedy. Further, Capital One seeks to shoehorn Plaintiff's causes of action

David Lee vs. Capital One Bank, et al.
Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings

into the paradigm presented by <u>Buckland v. Threshold Enterprises, Inc.</u>, 155 Cal.App.4th 798, 66 Cal.RPtr.3d 543 (2007), where the plaintiff there admitted in a declaration offered in support of a motion for preliminary injunction that she had purchased a cosmetic product solely in order to file her misrepresentation claim as a individual rather than on a class basis and, resultantly, had no damages other than the price she paid for the cosmetic. <u>Id.</u> at 813-14. Lifting its argument almost wholesale from the <u>Buckland</u> opinion, Capital One seeks to convince that Plaintiff here did the same and that his "purchase" of the card by paying the annual fee cannot, perforce, serve as a predicate for his injury since its payment was "incurred solely to facilitate" the litigation. <u>Id.</u> at 816. While such a belief will not be borne out by the evidence to be adduced during discovery, it most certainly cannot serve as a basis for granting Capital One's motions since it is not a "fact" supported by the record (either in terms of the alleged facts or judicially noticed material) and, indeed, all inferences must be drawn in favor of Plaintiff and against Capital One. <u>See</u> <u>Pareto v. F.D.I.C.</u>, 139 F.3d at 699. It is only rank suspicion which, in view of the above-noted efforts of Capital One to have all credit-worthy Californians become its card holders, disserves not only Plaintiff but the Court as well.

G.    **The Complaint Meets The Specificity Requirements Of Fed.R. Civ.P. 9(b)**

A fair reading of Plaintiff's complaint, in all of its prolixity, creates a reasonable belief that, with regard to the fraud cause of action, it more than complies with the specificity requirement of Fed.R.Civ.P. 9(b): it cannot be seriously argued that Defendants are not on sufficiently put on notice of their specific misconduct and surrounding facts to mount a defense. <u>See</u> <u>Glenbrook Capital limited Partnership v. Mali Kuo</u>, 2007 U.S.Dist.LEXIS 68353 at * 11 (N.D. Cal. September 16, 2007). Further, Capital One argues that Plaintiff has not set forth

30

sufficient allegations pertaining to the element of reliance regarding its having committed fraud against Plaintiff by placing unconscionable terms in the customer agreement without disclosing either their unconscionability or illegality. A review of the Complaint lays false to that argument as well: see ¶¶ 21 ("In making the payments of the fees…, Plaintiff Lee relied upon the statements and misrepresentations made by Capital One…"), 22 ("In accepting the contractual terms presented … Plaintiff acted as a reasonable consumer who was unwary and trusting of Capital One") 23 ("Plaintiff relied upon the honesty of Capital One that it would not insert illegal, unconscionable and/or unenforceable terms and conditions… since, among other things, [he] had no duty to and did  not suspect the dishonesty of Capital One"), 24 ("Plaintiff, as a reasonable consumer, was unaware of the illegality or unconscionability at the time he entered into his agreement with Capital One and paid the fees requested from it.")

## III.    CONCLUSION

For the reasons stated above, in the Complaint, and judicially noticed documents, Defendants' Motions should be denied.


January 28, 2008                                          Respectfully submitted,




                                                    _**/s/**_____
                                                          Matthew S. Hale
                                                          Attorney for Plaintiff

31

__David Lee vs. Capital One Bank, et al.__
**Memorandum of Points And Authorities In Support of Plaintiffs' Opposition
To Defendants' Motion To Dismiss And For Judgment On The Pleadings**