Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiff DAVID J. LEE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE, an individual and, on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC., Virginia corporations, DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: C-07-4599 - MHP <br><br> PLAINTIFF/APPELLANT'S SUPPLEMENTAL NOTICE OF INTENT TO DESIGNATE PORTIONS OF COURT TRANSCRIPT AND STATEMENT OF ISSUES |

1

<u>David J. Lee v. Capital One Bank, Inc. et al.,</u>
**Plaintiff/Appellant's Supplemental Notice of Intent to Designate
Portions of Court Transcript and Statement of Issues**

TO DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES, INC., AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT PLAINTIFF/APPELLANT DAVID J. LEE, has ordered copies of the court transcript from the December 10, 2007, Initial Case Management Hearing, and the March 3, 2008, hearing regarding the Defendants' motion to dismiss the Plaintiffs' complaint, and intend to use it in connection with their appeal.

In addition, Appellants will pursue the following issues on appeal:

1. Do Plaintiffs have standing under Article III of the United States' Constitution ("Art. III"), California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.)("CLRA"), and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.)("UCL") to maintain their action including

    a. Do Capital One Bank/Capital One Services Inc. credit card holders, respectively, challenging the unconscionability of terms of the Capital One Bank/Capital One Services Inc. arbitration agreement and/or cardmember agreement (excluding the arbitration provision), respectively, and that such unconscionability affects a violation of the CLRA and/or the UCL have to file or actually participate in an arbitration in order to have standing under Art. III, the UCL, and/or the CLRA when the Arbitration Provision explicitly provides 'Claim' [that are subject to mandatory arbitration under the Provision] "means any claim, controversy or dispute of any kind or nature between you and us" arising from "the Agreement and any of its terms … including the Arbitration Provision (including whether the claim is subject to arbitration)," except for **"the validity and enforcement of any class action waiver…"** or at all?

2

**David J. Lee v. Capital One Bank, Inc. et al.,**
**Plaintiff/Appellant's Supplemental Notice of Intent to Designate**
**Portions of Court Transcript and Statement of Issues**

  b. Is not getting the full value of his contract -- in this instance, an enforceable contractual right to mandatory arbitration contained in the Capital One/Capital One Services Inc. cardmember agreement for which Plaintiff paid an annual fee – an injury sufficient to establish standing under Art. III, the CLRA and/or the UCL?

  c. Does the violation of the statutory rights given by the CLRA to not have unconscionable terms inserted in his contract pursuant to Cal. Civ. Code § 1770(a)(19), and by Civil Code § 1670.5, respectively, provide Plaintiffs with standing under Art. III, the CLRA and/or UCL?

2. Do unusual circumstances exist requiring, upon reversal and/or remand to the United States District Court for the Northern District of California, reassignment of his action to a new District Court Judge?"

Dated: April 10, 2008



_____
Matthew S. Hale, Counsel
For Plaintiff/Appellant

3

David J. Lee v. Capital One Bank, Inc. et al.,
Plaintiff/Appellant's Supplemental Notice of Intent to Designate
Portions of Court Transcript and Statement of Issues